VINCENT J. BELUSKO (CA SBN 100282)
VBelusko@mofo.com
ROMAN A. SWOOPES (CA SBN 274167)
RSwoopes@mofo.com
MORRISON & FOERSTER LLP
707 Wilshire Boulevard
Los Angeles, California  90017-3543
Telephone: 213.892.5200
Facsimile: 213.892.5454

JACK W. LONDEN (CA SBN 85776)
JLonden@mofo.com
SHAELYN K. DAWSON (CA SBN 288278)
Shaelyndawson@mofo.com
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, California  94105-2482
Telephone: 415.268.7000
Facsimile: 415.268.7522

Attorneys for Defendants
NIKON CORPORATION, SENDAI
NIKON CORPORATION, and NIKON
INC.

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### WESTERN DIVISION

| | |
|---|---|
| CARL ZEISS AG and ASML NETHERLANDS, B.V., <br><br> Plaintiffs, <br><br> v. <br><br> NIKON CORPORATION, SENDAI NIKON CORPORATION, and NIKON INC., <br><br> Defendants. | Case No. 2:17-cv-03221 RGK (MRWx) <br><br> **DEFENDANTS' MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS FIRST AMENDED COMPLAINT** <br><br> Date:          September 25, 2017 <br> Time:          9:00 a.m. <br> Courtroom:  850, 8th Floor <br><br> Hon. R. Gary Klausner |

# TABLE OF CONTENTS

**Page**

INTRODUCTION ................................................................................................. 1

STATEMENT OF FACTS .................................................................................... 2

SUMMARY OF THE ARGUMENT .................................................................... 4

ARGUMENT ........................................................................................................ 5

I.   THIS COURT LACKS PERSONAL JURISDICTION OVER
     SENDAI NIKON ........................................................................................ 5

     A.   California's Long-Arm Statute Does Not Permit Jurisdiction
          over Sendai Nikon .......................................................................... 6

     B.   Exercising Jurisdiction over Sendai Nikon Would be
          Inconsistent with Due Process ....................................................... 7

          1.   There is No General Jurisdiction Over Sendai Nikon in
               California. ............................................................................ 8

          2.   There is No Specific Jurisdiction Over Sendai Nikon in
               California ............................................................................. 9

     C.   Sendai Nikon is Not an "Alter Ego" of Nikon Corp. .................. 10

II.  PLAINTIFFS FAIL TO ADEQUATELY PLEAD INDUCED OR
     CONTRIBUTORY INFRINGEMENT AGAINST ANY
     DEFENDANT .......................................................................................... 14

     A.   Plaintiffs' Indirect Infringement Claims Fail Because Plaintiffs
          Do Not Allege Pre-Suit Knowledge of the Patents ..................... 14

          1.   Plaintiffs Fail to Allege Pre-Suit Knowledge .................... 15

          2.   Plaintiffs' Allegations Are Not Limited to Post-Litigation
               Conduct .............................................................................. 17

     B.   Plaintiffs Fail to Provide Adequate Notice of the Basis for Their
          Indirect Infringement Allegations ................................................ 18

CONCLUSION .................................................................................................. 20

# <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*AFTG-TG, LLC v. Nuvoton Tech. Corp.*,
   689 F.3d 1358 (Fed. Cir. 2012) .......................................................................9

*Aguirre v. Powerchute Sports, LLC*,
   No. SA-10-CV-0702 XR, 2011 WL 2471299 (W.D. Tex. June 17,
   2011) .............................................................................................................17

*Asahi Metal Indus. Co., Ltd. v. Super. Ct. of Cal., Solano Cty.*,
   480 U.S. 102 (1987) .......................................................................................10

*Ashcroft v. Iqbal*,
   556 U.S. 662 (2009) .......................................................................................15

*Bell Atl. Corp. v. Twombly*,
   550 U.S. 544 (2007) ...................................................................................5, 18

*Brandywine Comms. Techs., LLC v. T-Mobile USA, Inc.*,
   904 F. Supp. 2d 1260 (M.D. Fla. 2012) ..........................................................17

*Daimler AG v. Bauman*,
   134 S. Ct. 746 (2014) .......................................................................................8

*Doe v. Unocal Corp.*,
   248 F.3d 915 (9th Cir. 2001) ...........................................................................13

*DSU Med. Corp. v. JMS Co., Ltd.*,
   471 F.3d 1293 (Fed. Cir. 2006) .................................................................14, 19

*Execware, LLC v. Staples, Inc.*,
   No. 11-836-LPS-SRF, 2012 U.S. Dist. LEXIS 174885 (D. Del.
   Dec. 10, 2012) ...............................................................................................17

*Global-Tech Appliances, Inc. v. SEB S.A.*,
   563 U.S. 754 (2011) .......................................................................................14

*Goodyear Dunlop Tires Operations v. Brown*,
   564 U.S. 915 (2011) .....................................................................................1, 2

# TABLE OF AUTHORITIES
## (continued)

**Page(s)**

*Harris Rutsky & Co. Ins. Servs., Inc. v. Bell & Clements Ltd.*,
    328 F.3d 1122 (9th Cir. 2003) ............................................................ 6, 12, 13

*Inamed Corp. v. Kuzmak*,
    249 F.3d 1356 (Fed. Cir. 2001) ..................................................................... 7

*Int'l Shoe Co. v. Washington*,
    326 U.S. 310 (1945) ...................................................................................... 7

*Intellectual Ventures I LLC v. Nikon Corp.*,
    935 F. Supp. 2d 787 (D. Del. 2013) .............................................................. 2

*J. McIntyre Machinery, Ltd. v. Nicastro*,
    564 U.S. 873 (2011) ................................................................................ 1, 10

*Kirsopp v. Yamaha Motor Co., Ltd.*,
    No. SA CV 14-00496 BRO, 2014 WL 12577429 (C.D. Cal. Aug.
    27, 2014) ........................................................................................................ 8

*Lucent Techs., Inc. v. Gateway, Inc.*,
    580 F.3d 1301 (Fed. Cir. 2009) ................................................................... 15

*MyMedicalRecords, Inc. v. Jardogs, LLC*,
    1 F. Supp. 3d 1020 (C.D. Cal. Feb. 14, 2014) ............................................ 15

*Picot v. Weston*,
    780 F.3d 1206 (9th Cir. 2015) ............................................................. 5, 9, 10

*Pragmatus AV, LLC v. Yahoo! Inc.*,
    Civil Action No. 11-902-LPS-CJB, 2012 U.S. Dist. LEXIS 161874
    (D. Del. Nov. 13, 2012), *adopted by*, 2013 U.S. Dist. LEXIS 73636
    (D. Del. May 24, 2013)
    ...................................................................................................................... 18

*Proxyconn Inc. v. Microsoft Corp.*,
    No. SACV 11-1681 DOC (ANx), 2012 U.S. Dist. LEXIS 70614
    (C.D. Cal. May 16, 2012) ...................................................................... 16, 17

**TABLE OF AUTHORITIES**
(continued)

Page(s)

*Radware, Ltd. v. A10 Networks, Inc.*,
   No. C-13-02021-RMW, 2013 U.S. Dist. LEXIS 136942 (N.D. Cal.
   Sep. 24, 2013) ................................................................................................ 18

*Ranza v. Nike, Inc.*,
   793 F.3d 1059 (9th Cir. 2015), *cert. denied*, 136 S. Ct. 915 (2016) ............ *passim*

*Sample v. O'Hara*,
   481 F. App'x 319 (9th Cir. 2012) ....................................................................... 1

*Secured Mail Solutions, LLC v. Advanced Image Direct LLC*,
   No. SACV 12-01090-DOC, 2013 WL 8596579 (C.D. Cal. Jan. 30,
   2013) ................................................................................................... 15, 16, 17

*SoftView LLC v. Apple Inc.*,
   No. 10-389-LPS, 2012 U.S. Dist. LEXIS 104677 (D. Del. July 26,
   2012) ................................................................................................................ 17

*SSL Americas, Inc. v. Mizuho Medy Co., Ltd.*,
   358 F. App'x 839 (9th Cir. 2009) ....................................................................... 8

*Stillman v. Novartis Consumer Health, Inc.*,
   No. CV 11–05603–RGK, 2011 WL 11745708 (C.D. Cal. Nov. 29,
   2011) ......................................................................................... 15, 16, 17, 18

*Stillman v. Novartis Consumer Health, Inc.*,
   No. CV11-05603 RGK, 2012 WL 10906608 (C.D. Cal. Feb. 6,
   2012) ................................................................................................................ 16

*Tech. Dev. Assocs. v. Victor Co. of Japan, Ltd.*,
   No. C-93-1336 MHP ARB, 1993 WL 266651 (N.D. Cal. July 14,
   1993) ................................................................................................................ 10

*Walker & Zanger (West Coast) Ltd. v. Stone Design, S.A.*,
   4 F. Supp. 2d 931 (C.D. Cal. 1997), *aff'd*, 142 F.3d 447 (9th Cir.
   1998) ................................................................................................................ 10

*Williams v. Yamaha Motor Co.*,
   851 F.3d 1015 (9th Cir. 2017) ............................................................ 7, 8, 9, 12

# TABLE OF AUTHORITIES
## (continued)

Page(s)

*World-Wide Volkswagen Corp. v. Woodson*,
   444 U.S. 286 (1980) ....................................................................... 7

**Statutes**

35 U.S.C.
   § 271(b) ................................................................................ 14
   § 271(c) ................................................................................ 15

Cal. Civ. Proc. Code
   § 410.10 .................................................................................. 7

**Other Authorities**

Fed. R. Civ. P.
   Rule 8(b)(3) ............................................................................ 1
   Rule 12 ................................................................................... 1
   Rule 12(a)(4) .......................................................................... 1
   Rule 12(b) ............................................................................... 1
   Rule 12(b)(2) .......................................................................... 1
   Rule 12(b)(6) ................................................................. 1, 2, 14

1  Defendant Sendai Nikon Corp. respectfully submits this brief in support of its
2  motion to dismiss Plaintiffs Carl Zeiss AG and ASML Netherlands, B.V.
3  ("Plaintiffs'") First Amended Complaint ("FAC," D.I. 33) for lack of personal
4  jurisdiction.

5  Defendants Nikon Corp., Sendai Nikon Corp., and Nikon Inc. submit this
6  brief in support of their motion to dismiss Plaintiffs' inducement and contributory
7  infringement claims for failure to state a claim upon which relief can be granted.[1]

8  **INTRODUCTION**

9  Defendant Sendai Nikon Corporation ("Sendai Nikon") moves to dismiss the
10  First Amended Complaint brought by Plaintiffs Carl Zeiss AG and ASML
11  Netherlands, B.V. ("Plaintiffs") for lack of personal jurisdiction pursuant to Federal
12  Rule of Civil Procedure 12(b)(2).  Plaintiffs' First Amended Complaint did not, and
13  cannot, cure the undisputed fact that Sendai Nikon has no contacts with California
14  or the United States.  Therefore the exercise of personal jurisdiction over it would
15  violate California's long-arm statute and the U.S. Constitution's Due Process
16  Clause.  Specifically, according to Supreme Court's decisions in *J. McIntyre*
17  *Machinery, Ltd. v. Nicastro*, 564 U.S. 873 (2011) and *Goodyear Dunlop Tires*

18
19

20  [1] Under Fed. R. Civ. P. 12(a)(4), Defendants understand that they may bring
21  this Rule 12(b)(6) Motion to Dismiss in lieu of an Answer and therefore do not
   need to respond to the other allegations in the FAC at this time.  *See Sample v.*
22  *O'Hara*, 481 F. App'x 319, 320 (9th Cir. 2012) ("Although Federal Rule of Civil
   Procedure 12 prescribes a time period within which a defendant must file an answer
23  to a complaint, the filing of a motion pursuant to Rule 12(b) tolls the answering
   deadline until the district court rules on the motion.")  Should the Court reach a
24  different conclusion regarding tolling, Defendants hereby generally deny all
   allegations of the FAC (*see* Fed. R. Civ. P. 8(b)(3)) to avoid any perceived waiver,
25  while at the same time reserve the right to file an amended responsive pleading at
   an appropriate juncture in which Defendants will specifically deny certain
26  allegations and assert certain additional defenses that support Defendants' baseline
   position that they do not infringe any valid claim of the Patents in Suit (willfully or
27  otherwise).

28

1  *Operations v. Brown*, 564 U.S. 915 (2011), Plaintiffs' First Amended Complaint

2  against Sendai Nikon should be dismissed for lack of personal jurisdiction.[2]

3        Separately, Defendants Nikon Corp., Sendai Nikon and Nikon Inc.

4  (collectively, "Defendants") move pursuant to Rule 12(b)(6) to dismiss Plaintiffs'

5  inducement and contributory patent infringement claims in their First Amended

6  Complaint.[3]  Plaintiffs' cursory averments fail to sufficiently explain which of

7  Defendants' acts constitute inducement or contributory infringement and therefore

8  fail to fairly put each Defendant on notice of which activities Plaintiffs are

9  complaining about.  Separately, Plaintiffs aver that Defendants had knowledge of

10  the patents-in-suit, but only as of the day the Original Complaint was filed.

11  **STATEMENT OF FACTS**

12        On April 28, 2017, Plaintiffs filed their complaint against Nikon Corp.,

13  Sendai Nikon, and Nikon, Inc., alleging that each Defendant infringed Plaintiffs'

14  patents-in-suit, U.S. Patent Nos. 6,972,792; 7,209,167; 8,149,312; and 8,625,017.

15  (D.I. 1 ("Original Complaint") ¶¶ 24-47.)  Plaintiff ASML recorded a purported

16  assignment of the patents-in-suit on April 28, 2017, the day the Original Complaint

17  was filed.  Plaintiff Zeiss recorded a purported assignment of the four patents-in-

18  suit on May 9, nearly two weeks after the Original Complaint was filed.  On July

19  17, 2017, Defendants filed a motion to dismiss the Original Complaint.  (D.I. 25.)

20  Specifically, Defendants moved to dismiss all claims against Sendai Nikon for lack

21  of personal jurisdiction and moved to dismiss Plaintiffs' inducement and

22

23      [2]  In 2011, Intellectual Ventures filed a complaint again Sendai Nikon in the

24  District of Delaware and Sendai Nikon moved to dismiss based on lack of personal jurisdiction.  That court granted Sendai Nikon's motion, noting that Sendai is a "Japanese corporation doing business solely in Japan with its parent, Nikon

25  Corporation" and also denied further jurisdictional discovery.  *Intellectual Ventures I LLC v. Nikon Corp.*, 935 F. Supp. 2d 787, 794 (D. Del. 2013).  As was the case

26  then, Sendai Nikon continues to have *no contacts* with the United States.

27      [3]  Sendai Nikon alternatively joins this motion if it is not dismissed for lack

28  of personal jurisdiction.

1  contributory infringement claims for failure to state a claim upon which relief can

2  be granted.  In response to Defendants' motion to dismiss, on August 7, 2017,

3  Plaintiffs filed a First Amended Complaint. (D.I. 33.)

4       As explained in its first motion to dismiss, Sendai Nikon is a Japanese

5  corporation with its principal place of business in Miyagi, Japan.  (7/17/2017

6  Muraishi Decl. ¶ 5, D.I. 25-2.)  Sendai Nikon has no contact with California or its

7  residents and does not conduct business in California or anywhere else in the

8  United States.  Additionally, Sendai Nikon is not registered to conduct business in

9  California, or anywhere else in the United States, and does not in fact conduct any

10  business in the United States.  (*Id.* ¶ 6.)  It has no employees, agents, offices,

11  facilities, distributors, or representatives in California, or in the United States.  (*Id.*)

12  Sendai Nikon also does not have any bank account or other financial instrument in

13  California, or elsewhere in the United States.  (*Id.* ¶ 7.)

14       Sendai Nikon does not sell or offer to sell its cameras to customers in

15  California or the United States, nor does it sell any product to individual end

16  consumers.  (*Id.* ¶ 11.)  Sendai Nikon does not ship or otherwise import any product

17  into California or the United States.  (*Id.* ¶ 12.)  Additionally, Sendai Nikon has no

18  dealings with Nikon Inc., the only U.S.-based Nikon defendant in this suit. (*Id.* ¶ 9.)

19       Plaintiffs also allege that Sendai Nikon is "alter ego" of Nikon Corp. "and

20  therefore engages in the same activities as Nikon Corporation with respect to

21  designing, manufacturing, using, testing, marketing, taking part in importation,

22  selling, and offering to sell in, into, and for the United States digital cameras,

23  components thereof, and related software that infringe" the asserted patents.  (FAC

24  ¶ 44.)

25       Separately, in the FAC, Plaintiffs allege that the Nikon Defendants had actual

26  notice of the patents-in-suit "as least upon the filing or service of the original

27  Complaint in this case."  (*See, e.g.*, FAC ¶¶ 47, 49, 51.)

28

1   As explained below, these averments are insufficient as a matter of law to

2   plead inducement or contributory infringement, and therefore, they should be

3   dismissed.

4   **SUMMARY OF THE ARGUMENT**

5   The Court lacks personal jurisdiction over Sendai Nikon because it has no

6   contact with California or its residents and does not conduct business in California,

7   or anywhere else in the United States.  (7/17/2017 Muraishi Decl. ¶ 6.)  Plaintiffs

8   allege that the Court has personal jurisdiction over Sendai Nikon because "Sendai

9   Nikon and Nikon Inc. are alter egos of Nikon Corporation."  (FAC ¶ 13.)  As in the

10  Original Complaint, however, Plaintiffs' FAC fails to aver that Sendai Nikon has

11  *any* contacts in California or the United States, or that Sendai Nikon sells into the

12  United States or has in any other respect purposefully targeted its activities at this

13  forum.

14  Instead, Plaintiffs provide a newly minted, vague, and unsupported alter ego

15  theory that is contrary to the sworn testimony of Sendai Nikon's President,

16  Nobuyuki Muraishi.  Though Plaintiffs include multiple conclusory allegations that

17  Nikon Corp. controls Sendai Nikon, the two are separate corporations with separate

18  corporate formalities, and Nikon Corp. does not control the day-to-day activities of

19  Sendai Nikon. (*See* 8/21/2017 Muraishi Decl. ¶¶ 5, 16-27.)  Accordingly, Plaintiffs'

20  new alter-ego theory is unfounded and should be summarily rejected by the Court.

21  While Sendai Nikon manufactures cameras for Nikon Corp. in Japan, Sendai

22  Nikon has no contacts at all with the United States, and has no role in the design or

23  development of the cameras.  (*Id.* ¶¶ 7-15.)  Indeed, Plaintiffs do not—and cannot–

24  offer *any* evidence that Sendai Nikon has any contacts with California or the United

25  States because Sendai Nikon's activities take place solely in Japan.  (*Id.* ¶¶ 6, 9, 11,

26  21).

27  Accordingly, the exercise of jurisdiction over Sendai Nikon is not authorized

28  by California's long-arm statute.  Sendai Nikon has zero contacts with California or

the United States, and therefore it would violate Sendai Nikon's due process rights to force Sendai Nikon to participate in this lawsuit.

Regarding indirect infringement, Plaintiffs allege no specific facts to support an inference that any Nikon Defendant had pre-suit knowledge of the patents-in-suit or knowledge that one or more of Defendants' activities allegedly induced or contributed to infringement.

Plaintiffs also fail to allege with any specificity what actions or which specific Nikon entity (i.e. Nikon Corp., Sendai Nikon, or Nikon, Inc.) is accused of which elements of inducement and contributory infringement.  Though the Complaint refers to the elements of those causes of action, it is insufficient as a matter of law to merely recite the elements of a cause of action.  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

Plaintiff's vague allegations of indirect infringement are not limited "to post-litigation conduct," but they should be to the extent that Plaintiffs have plead no allegations regarding Defendants' knowledge except at the time of the Original Complaint.

Finally, Plaintiffs' "alter ego" theory and their refusal to dismiss Sendai Nikon—despite a sworn declaration that Sendai Nikon does not do *any* business in the United States—make it difficult to know who is allegedly performing which infringing acts.  In sum, without the requisite factual allegations to put each Defendant on notice of what it is accused of, Plaintiffs' claims for induced and contributory infringement fail as a matter of law.

## ARGUMENT

## I.   THIS COURT LACKS PERSONAL JURISDICTION OVER SENDAI NIKON

Plaintiffs "bear[] the burden of demonstrating that jurisdiction is appropriate."  *Picot v. Weston*, 780 F.3d 1206, 1211 (9th Cir. 2015) (citation omitted).  To make a *prima facie* showing to establish personal jurisdiction,

plaintiff must "demonstrate facts that if true would support jurisdiction over the defendant." *Harris Rutsky & Co. Ins. Servs., Inc. v. Bell & Clements Ltd.*, 328 F.3d 1122, 1129 (9th Cir. 2003) (quoting *Ballard v. Savage*, 65 F.3d 1495, 1498 (9th Cir. 1995)).  When confronted with sworn statements, a plaintiff alleging personal jurisdiction "may not simply rest on the bare allegations of [the] complaint." *Ranza v. Nike, Inc.*, 793 F.3d 1059, 1068 (9th Cir. 2015) (alterations in original) (internal quotation marks and citation omitted), *cert. denied*, 136 S. Ct. 915 (2016).

In its Original Complaint, the only jurisdictional allegation that Plaintiffs included was that "[o]n information and belief," Sendai Nikon "produce[s] digital cameras and related software outside the United States that they offer for sale and sell either directly to customers in the United States, including the State of California, or provide directly and/or indirectly to Defendant Nikon Inc., for importation into the United States." (Complaint ¶ 10; *see id.* ¶ 22.)  Besides being incorrect, this allegation was plainly insufficient to confer jurisdiction over Sendai Nikon.  In the FAC, Plaintiffs add allegations that Sendai Nikon is "a subsidiary of Nikon Corporation, and is a Nikon Group Company."  (FAC ¶ 5.)  Plaintiffs also add a new theory that "Sendai Nikon and Nikon Inc. are alter egos of Nikon Corporation, and Sendai Nikon is subject to personal jurisdiction in this judicial district based at least on its alter-ego status."  (FAC ¶ 13.)

As explained below and in the declaration of Nobuyuki Muraishi, Sendai Nikon is not an "alter ego" of Nikon Corp.  (*See* 8/21/2017 Muraishi Decl. ¶¶ 16-27.) Moreover, even though some products made by Sendai Nikon in Japan eventually make it into the United States, that fact alone is insufficient as a matter of law to establish personal jurisdiction over Sendai Nikon.

## A.    California's Long-Arm Statute Does Not Permit Jurisdiction over Sendai Nikon

California's "long-arm" statute provides that a court "may exercise jurisdiction on any basis not inconsistent with the Constitution of this state or of the

1   United States."  Cal. Civ. Proc. Code § 410.10.

2   If a defendant is found to be within the reach of the long-arm statute, the

3   court then must analyze whether the exercise of personal jurisdiction comports with

4   due process, that is, whether plaintiff has demonstrated that defendant

5   "purposefully avail[ed] itself of the privilege of conducting activities within the

6   forum State," so that it should "reasonably anticipate being haled into court there."

7   *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297 (1980) (citations

8   omitted).  "However, because California's long-arm statute is coextensive with the

9   limits of due process, the two inquiries collapse into a single inquiry: whether

10  jurisdiction comports with due process."  *Inamed Corp. v. Kuzmak*, 249 F.3d 1356,

11  1360 (Fed. Cir. 2001).  As explained below, in this case, it does not.

12
## B.   Exercising Jurisdiction over Sendai Nikon Would be Inconsistent with Due Process
13

14  Constitutional due process concerns are satisfied when a nonresident

15  defendant has "certain minimum contacts with [the forum state] such that the

16  maintenance of the suit does not offend traditional notions of fair play and

17  substantial justice."  *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945)

18  (internal quotation marks and citation omitted).

19  Applying the "minimum contacts" analysis, a court may obtain either general

20  or specific jurisdiction over a defendant.  *See, e.g.*, *Williams v. Yamaha Motor Co.*,

21  851 F.3d 1015, 1020 (9th Cir. 2017).  General jurisdiction exists where contacts are

22  so "'continuous and systematic' as to render [it] essentially at home in the forum

23  State."  *Id.* (alterations in original) (citation omitted).

24  In order to exercise specific jurisdiction over a defendant, "the defendant's

25  suit-related conduct must create a substantial connection with the forum State."  *Id.*

26  at 1022–23 (citing *Walden v. Fiore*, 134 S. Ct. 1115, 1121 (2014)).  The

27  relationship between the defendant and California "must arise out of contacts that

28  the 'defendant [itself]' creates with the forum State."  *Id.* at 1023 (alteration in

1   original) (citations omitted).  Additionally, the requisite "'minimum contacts' must

2   be '*with the forum State itself*, not . . . with persons who reside there.'"  *Id.*

3   (emphasis added) (citation omitted).

### 1.    There is No General Jurisdiction Over Sendai Nikon in California.

6        In *Daimler AG v. Bauman*, 134 S. Ct. 746 (2014), which reversed a Ninth

7   Circuit finding of general personal jurisdiction based on agency principles, the

8   Supreme Court held that general personal jurisdiction exists only where a

9   corporation is "essentially at home."  *Id.* at 761–62.  The Court identified two

10  "paradigm bases" for asserting general personal jurisdiction over a corporation: its

11  place of incorporation and its principal place of business, as "[t]hose affiliations

12  have the virtue of being unique—that is, each ordinarily indicates only one place—

13  as well as easily ascertainable."  *Id.* at 760.

14       Sendai Nikon is incorporated in Japan with its principal place of business in

15  Miyagi, Japan.  It has no contacts with California, much less contacts that would

16  render it "at home" there.  Thus, general personal jurisdiction is clearly lacking over

17  Sendai Nikon.  *See Ranza*, 793 F.3d at 1069-70 (finding no general jurisdiction in

18  Oregon where company was a Dutch-registered LLC and its principal place of

19  business was "outside the United States"); *SSL Americas, Inc. v. Mizuho Medy Co.,*

20  *Ltd.*, 358 F. App'x 839, 841 (9th Cir. 2009) (no general jurisdiction over Japanese

21  firm that did not "have the 'continuous and systematic' contacts that 'approximate

22  physical presence'") (citation omitted); *Kirsopp v. Yamaha Motor Co., Ltd.*, No. SA

23  CV 14-00496 BRO (VBKx), 2014 WL 12577429, at *4 (C.D. Cal. Aug. 27, 2014)

24  (no general personal jurisdiction in California over Japanese corporation based in

25  Japan).

26       Moreover, even imputing Nikon Corp.'s or Nikon Inc.'s contacts with the

27  United States to Sendai Nikon would not confer jurisdiction.  *Williams*, 851 F.3d at

28  1022 ("[E]ven assuming that YMUS's contacts could be imputed to YMC, this

1   does not, on its own, suffice to establish general jurisdiction. In *Daimler*, the Court

2   assumed that the subsidiary's in-state contacts could be imputed to the foreign

3   parent, but nevertheless found the exercise of general jurisdiction inappropriate.")

### 2.   There is No Specific Jurisdiction Over Sendai Nikon in California

6   Specific jurisdiction exists only if the defendant (1) "purposefully avails"

7   himself of the privileges of conducting activities in the forum, (2) the claim "arises

8   out of" the forum-related activities, and (3) the exercise of jurisdiction is

9   "reasonable." *Williams*, 851 F.3d at 1023 (citation omitted). Plaintiffs do not

10   allege, and in fact, cannot allege, that they can meet any of these three

11   requirements, let alone all three.

12   Plaintiffs theorize that "Sendai Nikon intentionally directs products that it

13   manufactures . . . into the stream of commerce such that the accused products are

14   imported into, marketed, offered for sale, sold, and serviced in United States and

15   more specifically the State of California." (FAC ¶ 22.) As explained in Sendai

16   Nikon's first motion to dismiss, Sendai Nikon does not place the accused cameras

17   into the stream of commerce or intend for them to be sold in California. (*See*

18   8/21/2017 Muraishi Decl. ¶ 21.) Instead, Nikon Sendai sells the accused cameras to

19   Nikon Corporation in Japan. (*Id.* ¶ 9.)

20   Even assuming that the cameras Sendai Nikon manufactures in Japan

21   eventually wind up in California, this attenuated connection with California is not

22   enough to confer personal jurisdiction over Sendai Nikon. *AFTG-TG, LLC v.*

23   *Nuvoton Tech. Corp.*, 689 F.3d 1358, 1361 (Fed. Cir. 2012) (finding AFTG's

24   "stream-of-commerce" theory insufficient to establish personal jurisdiction because

25   it was a "'bare formulaic accusation,' which simply parroted the statutory

26   language.") Rather, there must be "actions by the defendant *himself* that create a

27   'substantial connection' with the forum State." *Picot*, 780 F.3d at 1212 (citation

28   omitted). Merely "random, fortuitous, or attenuated" contacts are not sufficient. *Id.*

(citation omitted).  A defendant must have "performed some type of affirmative conduct which allows or promotes the transaction of business within the forum state." *Id.* (citation omitted).  Plaintiffs fail to allege, because they cannot allege, any such facts as to Sendai Nikon.

Likewise, Plaintiffs' allegation that "Sendai Nikon is aware that Nikon Corporation sells its cameras to Nikon Inc." does not confer jurisdiction over Sendai Nikon, even if true. (FAC ¶ 28.)  Multiple Supreme Court opinions stand for the proposition that awareness alone does confer personal jurisdiction.  *J. McIntyre Machinery, Ltd.*, 564 U.S. at 882 (opinion of Kennedy, J.) ("[I]t is not enough that the defendant might have predicted that its goods will reach the forum State."). *Asahi Metal Indus. Co., Ltd. v. Super. Ct. of Cal., Solano Cty.*, 480 U.S. 102 , 112 (1987) (plurality opinion) ("[A] defendant's awareness that the stream of commerce may or will sweep the product into the forum State does not convert the mere act of placing the product into the stream into an act purposefully directed toward the forum State.").

Finally, Plaintiffs must satisfy a more stringent test of reasonableness when the defendant is a foreign company.  *See, e.g.*, *Walker & Zanger (West Coast) Ltd. v. Stone Design, S.A.*, 4 F. Supp. 2d 931, 940 (C.D. Cal. 1997) ("Because Stone Design is a foreign national, the reasonableness standard is somewhat more stringent"), *aff'd*, 142 F.3d 447 (9th Cir. 1998); *Tech. Dev. Assocs. v. Victor Co. of Japan, Ltd.*, No. C-93-1336 MHP ARB, 1993 WL 266651, at *8 (N.D. Cal. July 14, 1993) ("Litigation involving a nonresident defendant from a foreign nation creates a higher jurisdictional barrier for a finding that personal jurisdiction is reasonable").  Here, the exercise of personal jurisdiction over Sendai Nikon would not be reasonable.

### C.  Sendai Nikon is Not an "Alter Ego" of Nikon Corp.

The only new jurisdictional allegation in the FAC is that Sendai Nikon is an alter ego of Nikon Corp.  Plaintiffs point to the fact that Sendai Nikon is a

subsidiary of Nikon Corp. (FAC ¶ 23) and also allege the existence of corporate governance structures that purportedly control "Nikon Group," including Sendai Nikon.  For example, Plaintiffs allege that "Nikon Corporation and the Nikon Group Companies have a single 'President and Representative Director'" (*Id.* ¶ 17); "Nikon Corporation and the Nikon Group Companies have a single 'Internal Audit Department' that audits each of the Nikon Group Companies" (*Id.* ¶ 18); and "Nikon Corporation and the Nikon Group Companies share the same Board of Directors" (*Id.* ¶ 16).  These allegations are false.  (*See* 8/21/2017 Muraishi Decl. ¶¶ 19, 23-25 (discussing Sendai Nikon's officers, director, and auditor).

Even if they were true (which they are not), these allegations alone are insufficient to support Plaintiffs' alter ego theory. The Ninth Circuit has held that "[t]o satisfy the alter ego test, a plaintiff ʹmust make out a prima facie case "(1) that there is such unity of interest and ownership that the separate personalities [of the two entities] no longer exist and (2) that failure to disregard [their separate identities] would result in fraud or injustice.'"  *Ranza*, 793 F.3d at 1073 (alterations in original).  The "unity of interest and ownership" prong of this test requires "a showing that the parent controls the subsidiary to such a degree as to render the latter the mere instrumentality of the former." *Id.* (citation omitted).  This test envisions pervasive control over the subsidiary, such as when a parent corporation "dictates every facet of the subsidiary's business — from broad policy decisions to routine matters of day-to-day operation." *Id.* (citation omitted).

The FAC does not (because it cannot) make any averments that would support the idea that Nikon Corporation "dictates every facet" of Sendai Nikon's business.  On the contrary, the facts in *Ranza* are analogous to the instant case.  There, the Ninth Circuit affirmed the dismissal of Nike's foreign subsidiary NEON because NEON was not Nike's alter ego.  Specifically, the court found that:

> Nike is heavily involved in NEON's operations.  Nike exercises control over NEON's overall budget and has approval authority for large purchases; establishes general

human resource policies for both entities and is involved in some hiring decisions; operates information tracking systems all of its subsidiaries utilize; ensures the Nike brand is marketed consistently throughout the world; and requires some NEON employees to report to Nike supervisors on a "dotted-line" basis.

793 F.3d at 1074.  Despite these facts, the court found that NEON was <u>not</u> the alter ego of Nike.  In other words, the court lacked personal jurisdiction over NEON because NEON maintained some separateness.  For example, NEON "sets its own prices for its licensed Nike products, takes and fulfills orders for its licensed products using its own inventory, negotiates its own contracts and licenses, makes routine purchasing decisions without Nike's consultation and has its own human resources division that handles day-to-day employment issues, including hiring and firing decisions." *Id.*

Like NEON, Sendai Nikon makes its own day-to-day business decisions. For example, Sendai Nikon makes its own human resources decisions except for those relating to certain high-ranking managers, officers, and directors.  (8/21/2017 Muraishi Decl. ¶ 20.)  Sendai Nikon makes its decisions on where to purchase tools and machinery and on how cameras are manufactured.  (*Id.*)  Sendai Nikon makes its own decisions on how many employees it needs for each production line, who should work on each shift, how many supervisors are required, and the working hours for each shift.  (*Id.*)  Regarding Sendai Nikon's subsidiary status, Plaintiffs ignore that: "[i]t is well-established that a parent-subsidiary relationship alone is insufficient to attribute the contacts of the subsidiary to the parent for jurisdictional purposes." *Harris*, 328 F.3d at 1134; *see also Ranza*, 793 F.3d at 1059.  Recently, in *Williams*, the Ninth Circuit affirmed the dismissal of a foreign parent corporation for lack of personal jurisdiction.  The *Williams* court "made clear [] that the parent-subsidiary relationship does not on its own establish two entities as 'alter egos,' and thus does not indicate that general jurisdiction over one gives rise to general jurisdiction over the other."  851 F.3d at 1021 (citation omitted).  Moreover, that

1    Nikon Corp. has stock ownership of Sendai Nikon does not confer alter ego status:

2    even "100% control through stock ownership does not by itself make a subsidiary

3    the alter ego of the parent." *Harris*, 328 F.3d at 1135.

4          Moreover, that one Sendai Nikon board member is a Nikon Corp. employee

5    does not make Sendai Nikon an alter ego of Nikon Corp.  In *Ranza*, the Court held

6    that that "[t]otal ownership and shared management personnel are alone insufficient

7    to establish the requisite level of control."  *Ranza*, 793 F.3d at 1073.  Here, unlike

8    in *Ranza*, the Sendai Nikon board member who is employed by Nikon Corp. is not

9    even a Nikon Corp. board member.  (*See* 8/21/2017 Muraishi Decl. ¶ 24.)

10         The *Ranza* court also explained that a "plaintiff does not meet the 'unity of

11   interest and ownership' prong when the evidence shows only an active parent

12   corporation involved directly in decision-making about its subsidiaries' holdings,

13   but each entity observe[s] all of the corporate formalities necessary to maintain

14   corporate separateness."  793 F.3d at 1073 (citation omitted).  Just as in *Ranza*,

15   Sendai Nikon and Nikon Corp. each observe the corporate formalities to maintain

16   separateness.  (*See* 8/21/2017 Muraishi Decl. ¶¶ 16-27.)  For example, Sendai

17   Nikon has its own articles of incorporation, bank account, facility, and annual

18   shareholder meeting.  (*Id.* ¶ 25.)  Additionally, Sendai Nikon keeps its own

19   business records and negotiates and enters into contracts on its own with suppliers,

20   tool manufacturers, utility companies, and others.  (*Id.*)  Sendai Nikon also pays its

21   own taxes.  (*Id.*)

22         Finally, Plaintiffs allege that Nikon Corp. "files a single consolidated

23   financial statement that includes at least some of the Nikon Group Companies,

24   including Sendai Nikon and Nikon Inc."  (FAC ¶ 14.)  Again, Plaintiffs ignore that

25   "references in the parent's annual report to subsidiaries or chains of subsidiaries as

26   divisions of the parent company do not establish the existence of an alter ego

27   relationship."  *Doe v. Unocal Corp.*, 248 F.3d 915, 928 (9th Cir. 2001).

28

1       In sum, Nikon Corp. does not control every facet of Sendai Nikon's business,

2   which is required to show alter ego status under *Ranza*.  Plaintiffs have not met

3   their burden to show there is general or specific jurisdiction over Sendai Nikon

4   under their alter ego theory.

5       In the alternative, if the Court does determine that Plaintiffs have met their

6   burden of showing that the Court has personal jurisdiction over Sendai Nikon

7   (which Sendai Nikon submits is highly unlikely), then Plaintiffs' claims against

8   Sendai Nikon for induced and contributory infringement should be dismissed for

9   failure to state a claim upon which relief can be granted pursuant to Fed. R. Civ. P.

10  12(b)(6), as explained below.

11  **II.      PLAINTIFFS FAIL TO ADEQUATELY PLEAD INDUCED OR
         CONTRIBUTORY INFRINGEMENT AGAINST ANY**

12  **DEFENDANT**

13      Plaintiffs' allegations of induced and contributory infringement fail to state a

14  claim because Plaintiffs have failed to plead the essential element of pre-suit

15  knowledge of each of the four patents-in-suit.  Moreover, the FAC fails to meet the

16  minimum pleading standards articulated by the Supreme Court and decisions of this

17  Court, and does not fairly put Nikon Corp., Sendai Nikon, or Nikon Inc. on notice

18  of what Plaintiffs' claims are or the grounds for those claims.

19          **A.      Plaintiffs' Indirect Infringement Claims Fail Because
         Plaintiffs Do Not Allege Pre-Suit Knowledge of the Patents**

20

21      To properly plead inducement of infringement under 35 U.S.C. § 271(b), the

22  patentee must set forth, first, that there has been direct infringement and, second,

23  that the alleged infringer had "knowledge that the induced acts constitute patent

24  infringement."  *Global-Tech Appliances, Inc. v. SEB S.A.*, 563 U.S. 754, 766

25  (2011).  "[I]nducement requires evidence of culpable conduct, directed to

26  encouraging another's infringement, not merely that the inducer had knowledge of

27  the direct infringer's activities."  *DSU Med. Corp. v. JMS Co., Ltd.*, 471 F.3d 1293,

28  1306 (Fed. Cir. 2006) (*en banc* in relevant part).   Similarly, a plaintiff asserting a

claim for contributory infringement under 35 U.S.C. § 271(c) must allege an act of direct infringement and "that defendant knew that the combination for which its components were especially made was both patented and infringing and that defendant's components have no substantial non-infringing uses." *Lucent Techs., Inc. v. Gateway, Inc.*, 580 F.3d 1301, 1320 (Fed. Cir. 2009).

Thus, absent actual knowledge of a patent, there can be no indirect infringement of either type. *See, e.g.*, *id*. Although the case law in this district is divided on the issue of whether pre-suit knowledge is required to sufficiently state a claim for indirect infringement, this Court has previously held that knowledge of the patent at the time of service of the Complaint is insufficient as a matter of law to state a claim for induced or contributory infringement. *Compare, e.g.*, *Secured Mail Solutions, LLC v. Advanced Image Direct LLC*, No. SACV 12-01090-DOC (MLGx), 2013 WL 8596579, at *4 (C.D. Cal. Jan. 30, 2013) and *Stillman v. Novartis Consumer Health, Inc.*, No. CV 11–05603–RGK (CWx), 2011 WL 11745708 (C.D. Cal. Nov. 29, 2011) *with MyMedicalRecords, Inc. v. Jardogs, LLC*, 1 F. Supp. 3d 1020 (C.D. Cal. Feb. 14, 2014). However, the absence of pre-lawsuit knowledge at least disposes of any claim for indirect infringement *before* the Original Complaint was filed. Moreover, the lack of alleged pre-suit knowledge is not the only basis for the instant motion, as explained below.

### 1.    Plaintiffs Fail to Allege Pre-Suit Knowledge

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted). This Court has previously held that knowledge of the patent at the time of service of the Complaint is insufficient as a matter of law to state a claim for indirect infringement.

This Court's decision in *Stillman*, 2011 WL 11745708 is instructive on this point. There, the defendant moved to dismiss the inducement and contributory infringement claims in the plaintiffs' first amended complaint. The Court found the

plaintiff's allegation that the defendant had knowledge of the asserted patent "at least as early as July 18, 2011"—eleven days after the original complaint was filed—was insufficient to support indirect infringement claims in the plaintiff's first amended complaint. *Id.* The Court dismissed the first amended complaint, holding that "[p]laintiff's addition of the July 18, 2011, date, without more, does not add sufficient factual matter to allege any basis for Plaintiff's claims." *Id.* In response, the plaintiff again amended her complaint and repeated the July 18, 2011 date but added that "Plaintiff provided Defendants with notice and knowledge." *Stillman v. Novartis Consumer Health, Inc.*, No. CV11-05603 RGK (CWx), 2012 WL 10906608, at *3 (C.D. Cal. Feb. 6, 2012). The Court dismissed the indirect infringement claims, explaining, "knowledge after filing of the present action is not sufficient for pleading the requisite knowledge for indirect infringement." *Id.* at *3 n.2 (citation omitted).

   *Proxyconn Inc. v. Microsoft Corp.*, No. SACV 11-1681 DOC (ANx), 2012 U.S. Dist. LEXIS 70614, at *18-19. (C.D. Cal. May 16, 2012) also supports the Nikon Defendants' motion. There, the court ruled:

> [A] complaint fails to state a claim for indirect patent infringement where the *only* allegation that purports to establish the knowledge element is the allegation that the complaint itself or previous complaints in the *same* lawsuit establish the defendant's knowledge of the patent. *Thus, Plaintiff fails to state a claim for indirect infringement when it merely alleges that [s]ince at least the filing of the complaint, [Defendant] has had knowledge of the [] patent.*

*Id.* (last emphasis added) (internal quotations omitted).

   Further, the court in *Secured Mail Solutions, LLC*, followed *Proxyconn* and dismissed "the plaintiff's indirect infringement claims with prejudice because the only allegation of knowledge of the alleged patents was based on the filing of the original complaint in that lawsuit." 2013 WL 8596579, at *8. The facts of *Secured Mail* are analogous to the instant case. There, plaintiff filed an amended complaint after the court consolidated multiple actions. The defendants moved to dismiss the

plaintiff's indirect infringement claims because the plaintiff failed to plead pre-suit knowledge. Finding the complaint insufficient, the court explained: "[i]nsofar as Plaintiff alleges knowledge of the Patents in Suit based on the filing of the original Complaint in this lawsuit, the holding in *Proxyconn* controls and Plaintiff has not pled sufficient facts to state a plausible claim for indirect patent infringement." *Id.*

Plaintiffs' allegations here regarding Defendants' knowledge suffer from the exact same deficiencies as those in *Stillman, Proxyconn*, and *Secured Mail*, along with many other cases from Delaware and other districts around the country.[4] Plaintiffs' failure to show that any Nikon Defendant had knowledge of the asserted patents prior to the filing of the Original Complaint, or to support any such allegation with facts, warrant dismissal of the indirect infringement claims.

### 2.    Plaintiffs' Allegations Are Not Limited to Post-Litigation Conduct

Plaintiff's vague allegations of indirect infringement do not appear to be limited "to post-litigation conduct," but they should be to the extent that Plaintiffs have pled no allegations regarding Defendants' knowledge except at the time of the Original Complaint. Plaintiffs allege that Nikon Corp. had actual notice of the patents-in-suit "at least upon the filing or service of the original Complaint in this case." (FAC ¶¶ 47, 49, 51.) Plaintiffs, however, never disavow pre-suit damages. Plaintiffs use the word "at least" which suggests that they intend to seek damages from before the filing of the Original Complaint. Additionally, Plaintiffs allege that

---

[4] There is also a split in the District of Delaware. *Execware, LLC v. Staples, Inc.*, No. 11-836-LPS-SRF, 2012 U.S. Dist. LEXIS 174885, at *13 (D. Del. Dec. 10, 2012) ("[t]he case law in this district is divided on the issue of whether pre-suit knowledge is required to sufficiently state a claim for indirect infringement." (citing *SoftView LLC v. Apple Inc.*, No. 10-389-LPS, 2012 U.S. Dist. LEXIS 104677 (D. Del. July 26, 2012))); *see also Brandywine Comms. Techs., LLC v. T-Mobile USA, Inc.*, 904 F. Supp. 2d 1260, 1267-69 (M.D. Fla. 2012); *Aguirre v. Powerchute Sports, LLC*, No. SA-10-CV-0702 XR, 2011 WL 2471299, at *3 (W.D. Tex. June 17, 2011).

1    "[Nikon Defendant] *has induced, and continues to induce . . . .*"  (FAC ¶¶ 46, 48,

2    50) (emphasis added).  In *Radware, Ltd. v. A10 Networks, Inc.*, No. C-13-02021-

3    RMW, 2013 U.S. Dist. LEXIS 136942, at *6-12 (N.D. Cal. Sep. 24, 2013), as in

4    this case, the plaintiff had alleged knowledge of the patents-in-suit "*at least* as of

5    the filing date of the lawsuit," and the court dismissed all claims of indirect

6    infringement based on activities before the suit had been filed.  *Id.* (emphasis

7    added); *see also Pragmatus AV, LLC v. Yahoo! Inc.*, No. 11-902-LPS-CJB, 2012

8    U.S. Dist. LEXIS 161874, at *40-43 n.7 (D. Del. Nov. 13, 2012), *adopted by*, 2013

9    U.S. Dist. LEXIS 73636 (D. Del. May 24, 2013).

10        To the extent the court allows the indirect infringement claims based  on

11   Plaintiffs' pleading that Defendants have knowledge due to the Original Complaint,

12   Defendants request that Plaintiffs' damages be limited to prospective relief.

13   **B.    Plaintiffs Fail to Provide Adequate Notice of the Basis for Their Indirect Infringement Allegations**

14

15        It is well-settled that a complaint must include sufficient allegations "to ʻgive

16   the defendant fair notice of what the . . . claim is and the grounds upon which it

17   rests[.]'"  *Twombly*, 550 U.S. at 554 (citations omitted).  "[T]he court need not

18   accept as true conclusory legal allegations cast in the form of factual allegations."

19   *Stillman*, 2011 WL 11745708, at *1 (citing *W. Mining Council v. Watt*, 643 F.2d

20   618, 624 (9th Cir. 1981)).  Though the Complaint refers to the elements of indirect

21   infringement, it is insufficient to merely recite the elements of the claim.  *Twombly*,

22   550 U.S. at 555 (The complaint must set forth "more than labels and conclusions,

23   and a formulaic recitation of the elements of a cause of action will not do.").

24        Defendants moved to dismiss the Original Complaint in part because

25   Plaintiffs failed to allege which Nikon entity (i.e. Nikon Corp., Sendai Nikon, or

26   Nikon, Inc.) was accused of what element of the induced and contributory

27   infringement claims.  In their FAC, Plaintiffs added detail, alleging that each Nikon

28   entity is separately accused of inducement and contributory infringement.

However, as described above, Plaintiffs now allege that Sendai Nikon is an "alter ego" of Nikon Corp., contrary to the declaration of Sendai Nikon's president Nobuyuki Muraishi, attached to the original motion to dismiss. (D.I. 25-2.)[5]

Plaintiffs' "alter ego" theory and their refusal to dismiss Sendai Nikon—despite a sworn declaration that Sendai Nikon does not do business in the United States—make it impossible to determine who is allegedly responsible for each predicate act of direct infringement that supports Plaintiff's indirect infringement allegations.[6]  For example, Paragraph 64 of the FAC states, in relevant part:

> Nikon Corporation has induced, and continues to induce, infringement of at least one claim of the '167 Patent under 35 U.S.C. § 271(b) by, among other things, actively and knowingly aiding and abetting others who make, use, test, sell, license, offer to sell within the United States and import into the United States infringing digital cameras (including Nikon Inc., Sendai Nikon, authorized dealers and repair service providers, retailers, consumers, and end users) . . . .

(FAC ¶ 64; *see also* ¶ 72.)  This allegation fails to fairly put Defendants on notice of Plaintiffs' inducement theory.  Do Plaintiffs have an undisclosed factual basis to suggest, contrary to Mr. Muraishi's Declaration, that Sendai Nikon makes, uses, tests, sells, offers to sell, licenses, or imports the accused products in the United States?  Are Plaintiffs' inducement allegations based solely on their "alter ego" theory?  If so, Plaintiffs seem to allege that Nikon Corporation is inducing its own infringement.  Without additional facts to explain their arguments, Plaintiffs' allegations with respect to Sendai Nikon are insufficient.

Moreover, Plaintiffs do not even allege that Nikon Inc. (or dealers, repair service providers, consumers, or users) "make" the accused cameras.  Yet

---

[5] Plaintiffs also incorrectly claim that Nikon Inc. is an alter ego of Nikon Corporation.  (FAC ¶ 13.)

[6] "The patentee always has the burden to show direct infringement for each instance of indirect infringement." *DSU*, 471 F.3d at 1303.

1  Plaintiffs' inducement claim is apparently based on the idea that Nikon Corporation

2  induces others to "make" infringing devices.  Finally, Paragraphs 64 and 72 of the

3  FAC completely fail to explain how Nikon Corporation induces others to infringe

4  by "knowingly aiding and abetting others."   In light of the contradictions on the

5  face of the Complaint and the conclusory nature of these averments, Plaintiffs'

6  indirect infringement arguments are simply not plausible and fail to provide

7  Defendants with notice of which acts are at issue.

8       Combining these deficient pleadings with Plaintiffs' failure to plead pre-suit

9  knowledge warrants dismissal of Plaintiffs' indirect infringement claims.

10                              **CONCLUSION**

11      For the foregoing reasons, Sendai Nikon requests that all claims against it be

12  dismissed for lack of personal jurisdiction.  Sendai Nikon, Nikon Corp. and Nikon

13  Inc. request that the Court dismiss Plaintiffs' claims of induced and contributory

14  infringement for failure to state a claim on which relief can be granted.

15  Dated:    August 21, 2017           Respectfully submitted,

16                                      VINCENT J. BELUSKO
                                        JACK W. LONDEN
17                                      ROMAN A. SWOOPES
                                        SHAELYN K. DAWSON
18                                      MORRISON & FOERSTER LLP

19

20                                      By: /s/ *Vincent J. Belusko*
                                        Vincent J. Belusko
21

22                                      Attorneys for Defendants
                                        NIKON CORPORATION, SENDAI
23                                      NIKON CORPORATION, AND
                                        NIKON INC.

24

25

26

27

28