# EXHIBIT A

| | |
|---|---|
| 1 | Christopher S. Marchese (SBN 170239), marchese@fr.com |
| 2 | FISH & RICHARDSON P.C. |
|   | 633 West Fifth Street, 26th Floor |
| 3 | Los Angeles, CA 90071 |
| 4 | Tel: (213) 533-4240, Fax: (858) 678-5099 |
| 5 | Frank Scherkenbach (SBN 142549), scherkenbach@fr.com |
| 6 | Kurt L. Glitzenstein (Admitted *Pro Hac Vice*), glitzenstein@fr.com |
|   | FISH & RICHARDSON P.C. |
| 7 | One Marina Park Drive |
| 8 | Boston, MA 02210-1878 |
|   | Tel: (617) 542-5070, Fax: (617) 542-8906 |
| 9 | |
| 10 | Olga I. May (SBN 232012), omay@fr.com |
|    | FISH & RICHARDSON P.C. |
| 11 | 12390 El Camino Real |
|    | San Diego, CA 92130 |
| 12 | Tel: (858) 678-4745, Fax: (858) 678-5099 |
| 13 | |
| 14 | *[Additional Counsel listed on last page.]* |
| 15 | Attorneys for Plaintiffs, CARL ZEISS AG and ASML NETHERLANDS B.V. |

IN THE UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| CARL ZEISS AG and ASML NETHERLANDS B.V., | Case No. 2:17-cv-03221-RGK (MRWx) |
| Plaintiffs, | **PLAINTIFFS CARL ZEISS AG AND ASML NETHERLANDS B.V.'S RESPONSES AND OBJECTIONS TO DEFENDANTS' SECOND SET OF INTERROGATORIES** |
| v. | |
| NIKON CORPORATION, SENDAI NIKON CORPORATION, and NIKON INC., | **[SET NO. 2, NOS. 5-10]** |
| Defendants. | |

- To the extent it seeks information protected by the attorney-client privilege, the work product doctrine, common-interest privilege, or any other applicable privilege or immunity.
- To the extent it calls for information not within Plaintiffs' possession, custody, or control.
- It is overly broad, unduly burdensome, and seeking disclosure of information not relevant to any claim or defense of any party, and the burden outweighs its likely benefit.

Subject to and without waiving Plaintiffs' specific objections to this Interrogatory, General Objections, and Reservations, Plaintiffs respond as follows:

The Asserted Patents are entitled to priority dates no later than:

- U.S. Patent No. 6,972,792 (the '792 patent) – August 7, 1998, based on the Certificate of Correction issued on December 1, 2015;
- U.S. Patent No. 7,209,167 (the '167 patent) – January 15, 2003, based on the filing date of the application which issued as the '167 patent;
- U.S. Patent No. 8,149,312 (the '312 patent) – January 31, 2005, based on the foreign application priority date of Korean patent application 10-2005-0008654; and
- U.S. Patent No. 8,625,017 (the '017 patent) – January 31, 2005, based on the foreign application priority date of Korean patent application 10-2005-0008654.

Plaintiffs' investigation is ongoing. Plaintiffs reserve the right to amend their response as they receive additional information during discovery and in accordance with the procedural schedule in this case.

INTERROGATORY NO. 8:

*Fully describe all current and past systems, methods, and/or computer readable media that you believe are or were covered by or practice(d) one or more claims of each Asserted Patent,* including without limitation the make and model of any such respective systems, methods, and/or computer readable media, the date of the earliest sale or offer to sell, public disclosure and public use of any such system, method and/or computer readable medium, the persons most knowledgeable about any such

12
PLAINTIFFS' RESPONSES AND OBJECTIONS TO DEFENDANTS' INTERROGATORIES SET 2 (NOS. 5-10)
Case No. 2:17-cv-03221-RGK (MRWx)

*systems, methods, and/or computer readable media, and all documents relating to any such systems, methods, and/or computer readable media.*

**RESPONSE TO INTERROGATORY NO. 8:**

Plaintiffs incorporate by reference each of their General Objections and Reservations. Plaintiffs further object to this Interrogatory on the following grounds:

- It is vague, ambiguous, overly broad, and unduly burdensome, particularly in its use of the phrase(s): "[f]ully describe," "all current and past systems, methods, and/or computer readable media," and "all documents relating to any such systems, methods, and/or computer readable media."
- To the extent it seeks information protected by the attorney-client privilege, the work product doctrine, common-interest privilege, or any other applicable privilege or immunity.
- It is not limited to a reasonable and relevant time period.
- It is overly broad, unduly burdensome, and seeking disclosure of information not relevant to any claim or defense of any party, and the burden outweighs its likely benefit.
- It requests information about "all current and past systems, methods, and/or computer readable media that you believe are or were covered by or practice(d) one or more claims of each Asserted Patent," but is unbounded in terms of time, or of relevance to the claims and defenses in this matter, and is also therefore overly broad and unduly burdensome and not proportional to the needs of the case.
- It is not relevant to any claim or defense of this action to the extent the Plaintiffs do not and/or will not rely on embodying products; and to that extent is not proportional to the needs of the case.

Subject to and without waiving Plaintiffs' specific objections to this Interrogatory, General Objections, and Reservations, Plaintiffs respond as follows:

Upon information and belief, numerous Accused Products infringe the Asserted Patents at least by being used, sold, and/or imported in and into the United States since the filing of the Asserted Patents. Plaintiffs are not aware of the earliest sale, offer to sell, public disclosure, or public use of the Accused Products. Plaintiffs are not presently aware of any other commercially available current or past systems, methods,

EXHIBIT A
PAGE 5

13
PLAINTIFFS' RESPONSES AND OBJECTIONS TO DEFENDANTS' INTERROGATORIES SET 2 (NOS. 5-10)
Case No. 2:17-cv-03221-RGK (MRWx)

==highlight==or computer readable media that practice or have practiced one or more claims of the Asserted Patents.==/highlight==

INTERROGATORY NO. 9:

*Describe with particularity all facts that you contend support any allegation by Plaintiffs that Defendants' alleged infringement has been willful or deliberate or that this is an exceptional case entitling Plaintiffs to recover enhanced damages, attorneys' fees, and/or litigation costs, identifying all supporting documents and other evidence and all persons knowledgeable about such facts, documents, or other evidence.*

RESPONSE TO INTERROGATORY NO. 9:

Plaintiffs incorporate by reference each of their General Objections and Reservations. Plaintiffs further object to this Interrogatory on the following grounds:

- It is vague, ambiguous, overly broad, and unduly burdensome, particularly in its use of the phrase(s): "all facts that you content support any allegation," "all supporting documents and other evidence," and "all persons knowledgeable about such facts, documents, or other evidence."
- To the extent it seeks information protected by the attorney-client privilege, the work product doctrine, common-interest privilege, or any other applicable privilege or immunity.
- It seeks information that is already in Defendants' possession, a matter of public record, or equally available to Defendants.
- To the extent it calls for information not within Plaintiffs' possession, custody, or control.

Subject to and without waiving Plaintiffs' specific objections to this Interrogatory, General Objections, and Reservations, Plaintiffs respond as follows:

Upon information and belief, Defendants design, manufacture, use, tests, market, take part in importation, sell, and offer to sell in, into, and for the United States digital cameras, components thereof, and related software that have infringed, and continue to infringe, at least one claim of each of the Asserted Patents, either literally or under the doctrine of equivalents, and under 35 U.S.C. §§ 271(a), (b), (c). Defendants had actual notice of the Asserted Patents at least upon the filing or service of the original complaint in this case and have continued to make, use, offer to sell,

14
PLAINTIFFS' RESPONSES AND OBJECTIONS TO DEFENDANTS' INTERROGATORIES SET 2 (NOS. 5-10)
Case No. 2:17-cv-03221-RGK (MRWx)

EXHIBIT A
PAGE 6

| | | |
|---|---|---|
| 1 | Dated: October 27, 2017 | FISH & RICHARDSON P.C. |
| 2 | | |
| 3 | | By: */s/ Christopher S. Marchese* |
| | | Christopher S. Marchese |
| 4 | | |
| 5 | | Christopher S. Marchese (SBN 170239) |
| | | marchese@fr.com |
| 6 | | FISH & RICHARDSON P.C. |
| 7 | | 633 West Fifth Street, 26th Floor |
| | | Los Angeles, CA 90071 |
| 8 | | Tel: (213) 533-4240 |
| 9 | | Fax: (858) 678-5099 |
| 10 | | Frank Scherkenbach (SBN 142549) |
| | | scherkenbach@fr.com |
| 11 | | Kurt L. Glitzenstein (Admitted Pro Hac Vice) |
| 12 | | glitzenstein@fr.com |
| | | FISH & RICHARDSON P.C. |
| 13 | | One Marina Park Drive |
| 14 | | Boston, MA 02210-1878 |
| | | Tel: (617) 542-5070 |
| 15 | | Fax: (617) 542-8906 |
| 16 | | |
| 17 | | Olga I. May (SBN 232012) |
| | | omay@fr.com |
| 18 | | FISH & RICHARDSON P.C. |
| 19 | | 12390 El Camino Real |
| | | San Diego, CA 92130 |
| 20 | | Tel: (858) 678-4745 |
| 21 | | Fax: (858) 678-5099 |

17
PLAINTIFFS' RESPONSES AND OBJECTIONS TO
DEFENDANTS' INTERROGATORIES SET 2 (NOS. 5-10)
Case No. 2:17-cv-03221-RGK (MRWx)

EXHIBIT A
PAGE 7