Christopher S. Marchese (170239)
marchese@fr.com
FISH & RICHARDSON P.C.
633 West Fifth Street, 26th Floor
Los Angeles, CA 90071
Tel: (213) 533-4240, Fax: (877) 417-2378

Frank Scherkenbach (SBN 142549)
scherkenbach@fr.com
Kurt L. Glitzenstein (Pro Hac Vice)
glitzenstein@fr.com
FISH & RICHARDSON P.C.
One Marina Park Drive
Boston, MA 02210-1878
Tel: (617) 542-5070; Fax: (617) 542-8906

Olga I. May (232012)
omay@fr.com
K. Nicole Williams (SBN 291900)
nwilliams@fr.com
FISH & RICHARDSON P.C.
12390 El Camino Real
San Diego, California 92130
Tel: (858) 678-4745; Fax: (858) 678-5099
*[Additional Counsel listed on last page.]*

Attorneys for Plaintiffs, CARL ZEISS AG
and ASML NETHERLANDS B.V.

Vincent J. Belusko (CA SBN 100282)
VBelusko@mofo.com
Jonathan M. Smith (CA SBN 292285)
JonathanSmith@mofo.com
MORRISON & FOERSTER LLP
707 Wilshire Boulevard Los Angeles,
California 90017
Tel: (213) 892-5200
Fax: (213) 892-5454

Jack W. Londen (CA SBN 85776)
JLonden@mofo.com
Diana Kruze (CA SBN 247605)
DKruze@mofo.com
Shaelyn K. Dawson (CA SBN 288278)
Shaelyndawson@mofo.com
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, California 94105
Tel: (415) 268-7000
Fax: (415) 268-7522

Attorneys for Defendants
NIKON CORPORATION, SENDAI
NIKON CORPORATION, and
NIKON INC.

# IN THE UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| CARL ZEISS AG and ASML NETHERLANDS B.V., <br><br> Plaintiffs, <br><br> v. <br><br> NIKON CORPORATION, SENDAI NIKON CORPORATION, and NIKON INC., <br><br> Defendants. | Case No. 2:17-cv-03221-RGK (MRWx) <br><br> **[PROPOSED] FINAL PRETRIAL CONFERENCE ORDER** <br> REDACTED VERSION <br><br> Date: June 11, 2018 <br> Time: 9:00 a.m. <br><br> Judge: Hon. R. Gary Klausner <br> Magistrate Judge: Hon. Michael R. Wilner |

1  Following pretrial proceedings, pursuant to Fed. R. Civ. P. 16 and L.R. 16, IT

2  IS ORDERED:

3      1.  The parties are:

4          (a)  Plaintiffs: Carl Zeiss AG ("Zeiss") and ASML Netherlands B.V.

5              ("ASML") (collectively, "Plaintiffs"); and

6          (b)  Defendants: Nikon Corporation and Nikon Inc. (collectively,

7              "Defendants" or "Nikon").

8      Each of these parties has been served and has appeared.  No other

9  parties were named in the pleadings, besides Sendai Nikon Corporation.[1]

10      The pleadings which raise the issues are:

11          (a)  Plaintiffs' First Amended Complaint for Patent Infringement

12              (Doc. No. 33);

13          (b)  Defendants' Answer to First Amended Complaint for Patent

14              Infringement (Doc. No. 52).

15      2.  Federal jurisdiction and venue are invoked upon the following grounds:

16  This is an action for patent infringement arising under the patent laws of the United

17  States, 35 U.S.C. § 271, et seq.  This Court has subject matter jurisdiction over this

18  action under 28 U.S.C. §§ 1331 and 1338.  Venue in this judicial district is proper

19  under 28 U.S.C. §§ 1391(b), 1391(c), and 1400(b).

20      3.  Plaintiffs estimate the trial to take 6 trial days.  Defendants estimate the

21  trial to take 8 trial days.

22      4.  The trial is to be a jury trial.

23      Per the Court's Order for Jury Trial (Doc. No. 53), at least 16 days prior

24  to the trial date, the parties shall file with the Court a joint set of proposed jury

25

26      [1] Plaintiffs no longer assert any claims against Sendai Nikon Corporation and will

27  be filing a notice of dismissal with prejudice with respect to Sendai Nikon Corporation forthwith.

28

instructions on which there is agreement.  Defendant's counsel has the burden of preparing the joint set of jury instructions.  At the same time, each party shall file and serve its proposed jury instructions that are objected to by any other party, accompanied by points and authorities in support of those instructions.  Pursuant to the Court's Order for Jury Trial (Doc. No. 53), the parties will file with the Court any proposed voir dire questions 7 days before the Pretrial Conference.

   5.   The following facts are admitted and require no proof:

   (a)   The listed inventors of the '792 patent are James C. Dow, Dan L. Dalton, Michael L. Rudd, Karin C. Ruffatto, Daniel Formosa, Sandra Nieves, Paul Hamburger, Michael J. DeVries, and Nancy Shepard.

   (b)   The listed inventors of the '167 patent are Norman C. Pyle and Miles K. Thorland.

   (c)   The '167 patent has a priority date of January 15, 2003.

   (d)   Plaintiff Carl Zeiss AG ("Zeiss") is a German corporation with a principal place of business at Carl-Zeiss-Straße 22, Oberkochen, Germany 73447.

   (e)   Plaintiff ASML Netherlands B.V. ("ASML") is a Dutch entity with a principal place of business at De Run 6501, 5504 DR, Veldhoven, Netherlands.

   (f)   Defendant Nikon Corporation is a corporation organized under the laws of Japan having a principal place of business at Shinagawa Intercity Tower C, 2-15-3, Konan, Minato-ku, Tokyo 108-6290, Japan.

   (g)   Defendant Nikon Inc. is a corporation organized under the laws of New York having a principal place of business at 1300 Walt Whitman Road, Melville, NY 11747-3064.

2

[PROPOSED] FINAL PRETRIAL CONFERENCE ORDER
Case 2:17-CV-03221-RGK (MRWx)

(h)   This is an action for patent infringement arising under the patent laws of the United States, 35 U.S.C. § 271, et seq.

(i)   This Court has subject matter jurisdiction over this action under 28 U.S.C. §§ 1331 and 1338.

(j)   This Court has personal jurisdiction over Nikon Inc.

(k)   Nikon Corporation first became aware of the existence and contents of the '792 patent in or around December 2012.

(l)   Nikon Corporation first became aware of the existence and contents of the '167 patent in or around November 2009.

(m)   Hewlett-Packard Development Company, L.P and Hewlett-Packard Company sold the following 14 patents and patent applications to Tarsium B.V. for ███████: U.S. Pat. 6,714,241; U.S. Pat. 7,414,650; U.S. Pat. 7,234,106; U.S. Pat. 6,992,707; U.S. Pat. 7,209,167; U.S. Pat. 6,463,163; U.S. Pat. 6,972,792; U.S. Pat. 6,301,020; U.S. Pat. 6,834,128; U.S. Pat. 7,352,390; PCT/US2002/011289; EP 2725602.3; JP P2002-586627; JP 2004-007445.

(n)   The accused Nikon 1 AW1, J1, J2, J3, S1, V1, and V2 cameras do not record ambient sound in Motion Snapshot mode.

6.   The following facts, though stipulated, shall be without prejudice to an evidentiary objection: None.

7.   Claims and defenses:

<u>Plaintiffs</u>:

     (a)     Plaintiffs plan to pursue the following claims and requests against Defendants:[2]

         (1)     Defendants have infringed claims 6, 14, 19, and 28 of Plaintiffs' U.S. Patent No. 6,972,792 ("the '792 patent")[3] directly under 35 U.S.C. § 271(a), literally and/or under the Doctrine of Equivalents;

         (2)     Defendants have induced infringement of claims 6, 14, 19, and 28 of the '792 patent under 35 U.S.C. § 271(b), literally and/or under the Doctrine of Equivalents;

         (3)     Defendants have contributorily infringed claims 6, 14, 19, and 28 of the '792 patent under 35 U.S.C. § 271(c), literally and/or under the Doctrine of Equivalents;

         (4)     Defendants have infringed claims 15, 20, and 23 of Plaintiffs' U.S. Patent No. 7,209,167 ("the '167 patent")[4]

---

[2] In light of the Court's Order regarding Defendants' Motion for Partial Summary Judgment (Doc. No. 249) holding that the U.S. Patent Nos. 8,149,312 and 8,625,017 are not infringed as a matter of law, and dismissing Count III and Count IV of the First Amended Complaint, Plaintiffs have not listed claims related to those patents. But for the Court's ruling and/or if the Court reconsiders it, Plaintiffs would pursue claims that Defendants have infringed claims 1-3, 6-9, and 11-16 of the '312 patent and claims 1-3, 6-8, and 10-16 of the '017 patent, literally and/or under the Doctrine of Equivalents.

[3] Plaintiffs have reduced the asserted claims for the '792 patent from the list they submitted in their Memorandum of Contentions of Fact and Law (Doc. No. 260). In addition to the claims listed above, in the Memorandum, Plaintiffs also asserted claims 1, 2, 4, 5, 10, and 22 of the '792 patent, but have now reduced the asserted claims to claims 6, 14, 19, and 28.

[4] Plaintiffs have reduced the asserted claims for the '167 patent from the list they submitted in their Memorandum of Contentions of Fact and Law (Doc. No. 260). In addition to the claims listed above, in the Memorandum, Plaintiffs also asserted claims 1, 6, 9, 11, 12, 16, 25, and 26 of the '167 patent, but have now reduced the asserted claims to claims 15, 20, and 23.

directly under 35 U.S.C. § 271(a), literally and/or under
the Doctrine of Equivalents;

(5)   Defendants have induced infringement of claims 15, 20,
and 23 of the '167 patent under 35 U.S.C. § 271(b),
literally and/or under the Doctrine of Equivalents;

(6)   Defendants have contributorily infringed claims 15, 20,
and 23 of the '167 patent under 35 U.S.C. § 271(c),
literally and/or under the Doctrine of Equivalents;

(7)   Plaintiffs are entitled to damages under 35 U.S.C. § 284 in
the amount of ███████ in reasonable royalty damages
from Defendants, jointly and severally, including the
potential addition of pre- and post-judgment interest and
costs;[5]

(8)   Plaintiffs are entitled to a permanent injunction under 35
U.S.C. § 283 against each of the Defendants to prevent on-
going infringement of the '792 and '167 patents; and

(9)   This is an exceptional case under 35 U.S.C. § 285,
entitling Plaintiffs to reasonable attorneys' fees.

(b)   The elements required to establish Plaintiffs' claims are:

(1)   The '792 patent:

a.  By a preponderance of the evidence, Plaintiffs own the
'792 patent; and

b.  By a preponderance of the evidence, Defendants:

---

[5] But for the Court's ruling on partial summary judgment and/or if the Court
reconsiders it, Plaintiffs would seek ███████ in reasonable royalty damages
from Defendants.

[PROPOSED] FINAL PRETRIAL CONFERENCE ORDER
Case 2:17-CV-03221-RGK (MRWx)

i.    Directly infringe one or more of asserted claims 6, 14, 19, and 28 of the '792 patent by making, using, offering for sale, or selling the patented invention within the United States or importing into the United States any patented invention during the term of the '792 patent, literally or under the Doctrine of Equivalents; and/or

ii.    Induced infringement because (i) Defendants knew of or were willfully blind[6] to the existence of the '792 patent; (ii) Defendants actively encouraged or instructed others to use the accused products in a way that infringes one or more of asserted claims 6, 14, 19, and 28 of the '792 patent; (iii) such others infringed one or more of the asserted claims of the '792 patent; (iv) Defendants knew or were willfully blind to the fact that their encouragement or instructions would result in infringement of the '792 patent; and/or

iii.    Contributed to infringement because (i) Defendants knew of or were willfully blind[7] to

---

[6] To establish willful blindness, Plaintiffs must show by a preponderance of the evidence that (i) Defendants subjectively believed that there was a high probability that the fact existed and (ii) Defendants took deliberate actions to avoid learning of that fact. *Global-Tech Appliances, Inc. v. SEB S.A.*, 563 U.S. 754, 769 (2011).

[7] Defendants disagree with Plaintiffs' formulation for the elements of contributory infringement, specifically with respect to the "willfully blind" language, as the statute specifically requires knowledge. 35 U.S.C. § 271(c).

1            the existence of the '792 patent; (ii) Defendants

2            supplied the accused products and/or components

3            thereof to others for use in practicing one or

4            more of asserted claims 6, 14, 19, and 28 of the

5            '792 patent; (iii) such others directly infringed

6            one or more of the asserted claims of the '792

7            patent; and (iv) Defendants knew or were

8            willfully blind to the fact that the accused

9            products and/or components are especially made

10            or especially adapted for use in infringement of

11            the asserted claims of the '792 patent, and not a

12            staple article or commodity of commerce suitable

13            for substantial noninfringing use.

14        (2)    The '167 patent:

15            a.   By a preponderance of the evidence, Plaintiffs own the

16               '167 patent; and

17            b.   By a preponderance of the evidence, Defendants:

18               i.    Directly infringe one or more of asserted claims

19               15, 20, and 23 of the '167 patent by making,

20               using, offering for sale, or selling the patented

21               invention within the United States or importing

22               into the United States any patented invention

23               during the term of the '167 patent, literally or

24               under the Doctrine of Equivalents; and/or

25               ii.   Induced infringement because (i) Defendants

26               knew of or were willfully blind to the existence

27               of the '167 patent; (ii) Defendants actively

28

[PROPOSED] FINAL PRETRIAL CONFERENCE ORDER
Case 2:17-CV-03221-RGK (MRWx)

encouraged or instructed others to use the accused products in a way that infringes one or more of asserted claims 15, 20, and 23 of the '167 patent; (iii) such others infringed one or more of the asserted claims of the '167 patent; (iv) Defendants knew or were willfully blind to the fact that their encouragement or instructions would result in infringement of the '167 patent.

      iii.   Contributed to infringement because (i) Defendants knew of or were willfully blind to the existence of the '167 patent; (ii) Defendants supplied the accused products and/or components thereof to others for use in practicing one or more of asserted claims 15, 20, and 23 of the '167 patent; (iii) such others directly infringed one or more of the asserted claims of the '167 patent; and (iv) Defendants knew or were willfully blind to the fact that the accused products and/or components are especially made or especially adapted for use in infringement of the asserted claims of the '167 patent, and not a staple article or commodity of commerce suitable for substantial noninfringing use.

    (3)   Damages:  By a preponderance of the evidence, Defendants' infringement has caused Plaintiffs ██████ ██████ in reasonable royalty damages.

8

[PROPOSED] FINAL PRETRIAL CONFERENCE ORDER
Case 2:17-CV-03221-RGK (MRWx)

(4)   Injunction:  (i) Plaintiffs have suffered an irreparable injury; (ii) remedies available at law, such as monetary damages, are inadequate to compensate for that injury; (iii) considering the balance of hardships between Plaintiffs and Defendants, a remedy in equity is warranted; and (iv) the public interest would not be disserved by a permanent injunction.

(5)   Exceptional case:  This case stands out from others with respect to the substantive strength of a Defendants' litigating position or the unreasonable manner in which Defendants litigated the case.

(c)   Defendants contend that Plaintiffs' formulations of the elements for induced infringement and contributory infringement are improper.[8]  Defendants restate the proper formulations as follows:

  a.   Induced infringement requires the following elements[9]:

    i.   That end-users or some other direct infringers identified by Plaintiffs actually carry out acts that directly infringe at least one claim of the '792 and '167 Patents;

    ii.   That Defendants took actions during the time the '792 and '167 Patents were in force intending to cause the infringing acts by the end-users or other direct infringers identified by Plaintiffs;

---

[8] Defendants also contend that Plaintiffs' formulations for all of the asserted claims are erroneous because they fail to treat Defendants separately.  Each defendant is a separate entity, and Plaintiffs have failed to provide any proof that there is any alter ego relationship among them.

[9] Taken from Federal Circuit Bar Association Model Jury Instructions, B.3.2.

[PROPOSED] FINAL PRETRIAL CONFERENCE ORDER
Case 2:17-CV-03221-RGK (MRWx)

iii.  That Defendants were aware of the '792 and '167 Patents at the time the end-users or some other direct infringers carried out acts that directly infringe at least one claim of the '792 and '167 Patents, and knew that the acts, if taken, would constitute infringement of those patents, or that Defendants believed there was a high probability that the acts by end-users or other direct infringers identified by Plaintiffs would infringe a patent by Plaintiffs and Defendants took deliberate steps to avoid learning of that infringement.[10]

b.  Contributory infringement requires the following elements[11]:

i.  Defendants sell, offer to sell, or import within the United States a component of a product, or apparatus for use in a process, during the time that the '792 and '167 Patents are in force;

ii.  The component or apparatus has no substantial, noninfringing use;

iii.  The component or apparatus constitutes a material part of the invention;

---

[10] Plaintiffs object to Defendants' formulation of the elements to establish induced infringement.  Specifically, Plaintiffs object to Defendants' formulation to the extent that it requires a direct link between the inducing acts and the specific direct infringers.  The Federal Circuit has held that induced infringement can be found "based on circumstantial evidence of inducement (e.g., advertisements, user manuals) directed to a class of direct infringers (e.g., customers, end users) without requiring hard proof that any individual third-party direct infringer was actually persuaded to infringe by that material." *Power Integrations, Inc. v. Fairchild Semiconductor Int'l, Inc.*, 843 F.3d 1315, 1335 (Fed. Cir. 2016).

[11] Taken from Federal Circuit Bar Association Model Jury Instructions, B.3.3.

iv. Defendants are aware of the '792 and '167 Patents and know that the products or processes for which the component or apparatus has no other substantial use may be covered by a claim of the '792 and '167 Patents or may satisfy a claim of the '792 and '167 Patents under the doctrine of equivalents; and

v. That use directly infringes the claims.

(d) In brief, the key evidence Plaintiffs rely on for each of the claims is:

(1) The '792 patent; documents demonstrating Plaintiffs' ownership of the '792 patent; documents, source code, and factual testimony concerning the design and operation of the accused digital cameras (specifically the Easy Panorama mode and the Animated Error Correction mode); testimony of Plaintiffs' expert Dr. John Kelly; and cross-examination of Defendants' experts Dr. Richard Goodin and Dr. Irfan Essa.

(2) Documents and testimony showing that Defendants were first aware of the '792 patent in or around December 2012 as part of a freedom to operate analysis; documents and testimony concerning Defendants' active encouragement or instruction to third parties and each other to make, sell, offer for sale, use, or test the infringing products, including providing manuals and promotional materials that encouraged and instructed customers to use the infringing products and features; documents and testimony concerning direct infringement by those induced by

11

[PROPOSED] FINAL PRETRIAL CONFERENCE ORDER
Case 2:17-CV-03221-RGK (MRWx)

Defendants; and documents and testimony that Defendants knew or were willfully blind to the fact that they were inducing acts of infringement.

(3)  Documents and testimony showing that Defendants were first aware of the '792 patent in or around December 2012 as part of a freedom to operate analysis; documents and testimony related to Defendants' supply of accused cameras and/or their components (including the software and hardware that implements the infringing Easy Panorama and Animated Error Correction functionalities) to downstream distributors, retailers, and customers; documents and testimony concerning direct infringement by those induced by Defendants; documents and testimony showing Defendants knew or were willfully blind to the fact that the cameras and components were especially made or adapted for use in a way that infringes the asserted claims; and documents and testimony showing that the infringing Easy Panorama and Animated Error Correction functionalities are not a staple of commerce suitable for substantial noninfringing uses.

(4)  The '167 patent; documents demonstrating Plaintiffs' ownership of the '167 patent; documents, source code, and factual testimony concerning the design and operation of the accused digital cameras (specifically the Movie Live View mode, including the Live Frame Grab mode, and the Motion Snapshot mode); testimony of Plaintiffs' expert

[PROPOSED] FINAL PRETRIAL CONFERENCE ORDER
Case 2:17-CV-03221-RGK (MRWx)

Dr. John Kelly; and cross-examination of Defendants'
experts Dr. Richard Goodin and Dr. Irfan Essa.

(5)   Documents and testimony showing that Defendants were
first aware of the '167 patent in or around November 2009
as part of a freedom to operate analysis; documents and
testimony concerning Defendants' active encouragement
or instruction to third parties and each other to make, sell,
offer for sale, use, or test the infringing products, including
providing manuals and promotional materials that
encouraged and instructed customers to use the infringing
products and features; documents and testimony
concerning direct infringement by those induced by
Defendants; and documents and testimony that Defendants
knew or were willfully blind to the fact that they were
inducing acts of infringement.

(6)   Documents and testimony showing that Defendants were
first aware of the '167 patent in or around November 2009
as part of a freedom to operate analysis; documents and
testimony related to Defendants' supply of accused
cameras and/or their components (including the software
and hardware that implements the infringing Motion
Snapshot, Movie Live View, and Live Frame Grab
functionalities) to downstream distributors, retailers, and
customers; documents and testimony concerning direct
infringement by those induced by Defendants; documents
and testimony showing Defendants knew or were willfully
blind to the fact that the cameras and components were

[PROPOSED] FINAL PRETRIAL CONFERENCE ORDER
Case 2:17-CV-03221-RGK (MRWx)

especially made or adapted for use in a way that infringes the asserted claims; and documents and testimony showing that the infringing Motion Snapshot, Movie Live View, and Live Frame Grab functionalities are not a staple of commerce suitable for substantial noninfringing uses.

(7)   Documents and testimony concerning Defendants' revenue and profits from digital cameras accused of infringing the '792 and '167 patents; documents and testimony concerning apportionment of the incremental value of the infringing features relative to the accused cameras; survey evidence produced by Defendants concerning their customers' preferences for and/or usage of the patented features; documents and testimony concerning convoyed lens sales; testimony of Plaintiffs' expert Dr. DeForest McDuff; and cross-examination of Defendants' experts Ms. Julie Davis and Dr. Lorin Hitt.

(8)   Documents and testimony evidencing that Plaintiff has suffered an irreparable injury █████████████████ ████████████████████████████████████ ██████████████████████████, that remedies available at law such as monetary damages are inadequate to compensate Plaintiff for that injury, that the balance of hardships weighs in favor of awarding Plaintiff a permanent injunction, and that no public interest would be disserved by permanently enjoining the Defendants.  If an injunction is not available, Plaintiffs will present

14

[PROPOSED] FINAL PRETRIAL CONFERENCE ORDER
Case 2:17-CV-03221-RGK (MRWx)

documents, factual testimony, and expert testimony concerning an appropriate ongoing royalty.

(9) Documents and testimony showing that Defendants were first aware of the '792 and '167 patents in or around December 2012 and November 2009, respectively, as part of freedom to operate analyses; documents and testimony demonstrating Defendants' infringement of the '792 and '167 patents; documents concerning Defendants' production of marking information and supporting documents, and discovery responses and documents produced after the close of fact discovery.

<u>Defendants</u>:

**(a)** Defendants plan to pursue the following defenses and requests**:**

    i. **Noninfringement**—Plaintiffs have failed to show that Defendants have infringed any of the asserted patents under any provision of 35 U.S.C. § 271.

    ii. **Invalidity of the asserted patents**—The asserted claims of the patents-in-suit are invalid under 35 U.S.C. § 112, ¶ 1 (lack of written description), ¶ 2 (indefiniteness), ¶ 6 (indefiniteness).  The asserted claims of the patents-in-suit are invalid also under 35 U.S.C. §§ 102 (anticipation) and 103 (obviousness).

    iii. **Prosecution History Estoppel**—Plaintiffs are estopped from asserting doctrine of equivalents due to prosecution history estoppel.

    iv. **Marking**—Plaintiffs failed to plead and prove compliance with 35 U.S.C. § 287's marking requirement, and failed to

15

[PROPOSED] FINAL PRETRIAL CONFERENCE ORDER
Case 2:17-CV-03221-RGK (MRWx)

mark products covered by the asserted patents and therefore cannot recover damages for alleged acts of infringement that occurred before Plaintiffs gave notice of infringement.

   v. **Limitation on Recovery of Costs, 35 U.S.C. § 288**—Plaintiffs are precluded from recovering of costs in this action because they failed to enter a disclaimer of invalid claims at the United States Patent and Trademark Office before commencement of this suit, as required by 35 U.S.C. § 288.

   vi. **No Entitlement to Injunctive Relief**—Plaintiffs have failed to show that they are entitled to injunctive relief.

   vii. **No Damages.**  Plaintiffs have failed to show that they are entitled to any damages.

   viii. **No Enhanced Damages Award**—Plaintiffs have failed to show that they are entitled to enhanced damages.

   ix. **Attorneys' Fees**—Defendants are entitled to attorneys' fees under 35 U.S.C. § 285.

(b) The elements required to establish Defendants' defenses and requests are:

   i. **Noninfringement**

      1. Defendants do not have any burden with respect to this defense, and therefore there are no elements to prove.  Plaintiffs always bear the burden of proving infringement for each and every accused product. Defendants will, however, show that Plaintiffs failed to meet that burden.

16

[PROPOSED] FINAL PRETRIAL CONFERENCE ORDER

Case 2:17-CV-03221-RGK (MRWx)

ii. **Invalidity**

1. **Invalidity Under § 112, ¶ 1—Written Description**

   a. By clear and convincing evidence, a person having ordinary skill reading the original patent application would not have recognized that it describes the full scope of the asserted claims of the patents-in-suit; or

   b. By clear and convincing evidence, a person having ordinary skill reading the original patent application would not have recognized that the named inventor actually possessed that full scope by the filing date of the original application. Federal Circuit Bar Association Model Jury Instructions, B.4.2a.

2. **Invalidity Under 35 U.S.C. § 112, ¶ 2 Indefiniteness**

   a. By clear and convincing evidence, when viewed in light of the specification and prosecution history, one or more of the asserted claims do not inform a person of skill in the art about the claimed subject matter with reasonable certainty. *Nautilus, Inc. v. Biosig Instruments, Inc.*, 134 S. Ct. 2120, 2128–30 (2014).

3. **Invalidity Under 35 U.S.C. § 112, ¶¶ 2, 6 Indefiniteness**

a. By clear and convincing evidence, the claim includes at least one term that is not understood by a person having ordinary skill in the art to have a sufficiently definite meaning as the name for structure, *Williamson v. Citrix Online, LLC*, 792 F.3d 1339, 1348 (Fed. Cir. 2015); *Apple Inc. v. Motorola, Inc.*, 757 F.3d 1286, 1298 (Fed. Cir. 2014); and

b. The specification does not disclose adequate corresponding structure for the claim term. *Williamson*, 792 F.3d at 1352, 1354; 35 U.S.C. § 112, ¶ 2.

**4. Invalidity Under 35 U.S.C. § 102—Anticipation**

a. By clear and convincing evidence, the claimed subject matter of one or more of the asserted claims has been made, used, or disclosed before. Anticipation must be determined on a claim-by-claim basis. Federal Circuit Bar Association Model Jury Instructions, B.4.3b-1.

**5. Invalidity Under 35 U.S.C. § 103—Obviousness**

a. By clear and convincing evidence, the subject matter of one or more of the asserted claims would have been obvious to a person having ordinary skill in the art at the time of invention; or

18

      b.  A person having ordinary skill in the art would have been motivated to combine the teachings of prior art references to achieve the subject matter of one or more of the asserted claims, and would have had a reasonable expectation of success in doing so. *Ivera Med. Corp. v. Hospira, Inc.*, 801 F.3d 1336, 1344 (Fed. Cir. 2015); Federal Circuit Bar Association Model Jury Instructions, B.4.3c.

    iii.  **Prosecution History Estoppel[12]**

      1.  The applicant of the asserted patents amended a claim during prosecution;

      2.  The amendment was made to avoid prior art;

      3.  The prior art that the applicant sought to avoid through amendment contains the equivalent that

---

[12] Plaintiffs object to Defendants' formulation of the elements to establish prosecution history estoppel. The elements are as follows: (1) the applicant of the asserted patent made a narrowing amendment during prosecution, which is presumed to surrender all subject matter between the original claim scope and the amended claim scope; (2) the narrowing amendment was made for reasons related to patentability; (3) the alleged equivalent is within the scope of the surrendered subject matter; and (4) the patentee fails to rebut the presumption of surrender by showing that: i) the equivalent was unforeseeable at the time of the application, ii) the rationale underlying the amendment bears no more than a tangential relation to the equivalent in question; or iii) other reasons suggesting that the patentee could not reasonably be expected to have described the insubstantial substitute in question. *Festo Corp. v. Shoketsu Kinzoku Kogyo Kabushiki Co., Ltd.*, 535 U.S. 722, 740-41 (2002) (Festo); *Festo Corp. v. Shoketsu Kinzoku Kogyo Kabushiki Co.*, 344 F.3d 1359, 1366-67 (Fed. Cir. 2003) (*en banc*) (Festo remand). The accused infringer bears the initial burden of proof to show that the limitation asserted to be met by an equivalent was narrowly amended. *Festo remand*, 344 F.3d at 1366.

Plaintiffs now assert is present in the accused
products. *Festo Corp.*, 344 F.3d at 1369.

### iv.  Marking

1.  Defendants do not have any burden with respect to
this defense, and therefore there are no elements to
prove.[13]  "The patentee bears the burden of *pleading
and proving* he complied with § 287(a)'s marking
requirement."  *Arctic Cat Inc. v. Bombardier Rec.
Prods.*, 876 F.3d 1350, 1366 (Fed. Cir. 2017)
(emphasis added).  "The ***burden*** of proving
compliance with marking ***is and at all times
remains on the patentee*.*"  Id.* at 1367 (emphasis
added).  Defendants will, however, show that
Plaintiffs failed to satisfy that burden.

### v.  Limitation on Recovery of Costs Under 35 U.S.C. § 288

1.  At least one asserted claim of the '792 and '167
Patents is invalid;

2.  No disclaimer was filed with the Patent and
Trademark Office before the commencement of this
lawsuit.  35 U.S.C. § 288.

### vi.  No Entitlement to Injunctive Relief

---

[13] Plaintiffs object to Defendants' description of the burden with respect to their marking defense.  The Federal Circuit held that "an alleged infringer who challenges the patentee's compliance with § 287 bears an initial burden of production to articulate the products it believes are unmarked 'patented articles' subject to § 287." *Arctic Cat Inc. v. Bombardier Recreational Prod. Inc.*, 876 F.3d 1350, 1368 (Fed. Cir. 2017).

[PROPOSED] FINAL PRETRIAL CONFERENCE ORDER
Case 2:17-CV-03221-RGK (MRWx)

1                         1. Defendants do not have any burden with respect to

2                           this defense, and therefore there are no elements to

3                           prove.  Plaintiffs bear the burden of proving

4                           entitlement to injunctive relief.  *eBay Inc. v.*

5                           *MercExchange, L.L.C.*, 547 U.S. 388, 391 (2006).

6                           Defendants will, however, show that Plaintiffs failed

7                           to satisfy that burden.

8               **vii.  No Damages**

9                         **1.** Defendants do not have any burden with respect to

10                         damages, and therefore there are no elements to

11                         prove.  Plaintiffs have the burden of proving

12                         entitlement to damages, and have failed to do so.

13             **viii.  No Enhanced Damages**

14                         1. Defendants do not have any burden with respect to

15                         this defense, and therefore there are no elements to

16                         prove.  Plaintiffs have the burden of proving

17                         entitlement to enhanced damages.  Moreover,

18                         Plaintiffs did not plead enhanced damages.

19                         Defendants will, however, show that Plaintiffs have

20                         failed to satisfy that burden, as enhanced damages

21                         are limited "to egregious cases of misconduct

22                         beyond typical infringement."  *Halo Elecs., Inc. v.*

23                         *Pulse Elecs.*, 136 S. Ct. 1923, 1935 (2016).

24              **ix.  Lack of Personal Jurisdiction**

25                         1.  Defendants do not have any burden with respect to

26                         this defense, and therefore there are no elements to

27                         prove.  Plaintiffs "bear[] the burden of

28

demonstrating that jurisdiction is appropriate." *Picot v. Weston*, 780 F.3d 1206, 1211 (9th Cir. 2015) (citation omitted).  Defendants will, however, show that Plaintiffs have failed to satisfy that burden.

**x.  Attorneys' Fees, 35 U.S.C. § 285**

1.  This case stands out from others with respect to the lack of substantive strength of Plaintiffs' litigation positions and the unreasonable manner in which Plaintiffs have litigated in this case.

(c)  In brief, the key evidence Defendants rely on for each defense is:

i.  **Noninfringement**—The '792 and '167 Patents, and respective file wrappers; testimony and evidence concerning the design, functionality, operation of, and differences between, the accused cameras; testimony and evidence concerning prior art; expert testimony from Defendants' experts Dr. Irfan Essa and Richard Goodin; testimony and evidence concerning claim constructions; cross-examination testimony of Plaintiffs' expert witnesses; testimony and evidence concerning Nikon Corporation's business, and Nikon Inc.'s marketing and sales activities; testimony and evidence showing that Plaintiffs failed to identify instances of users practicing the asserted method claims of the '792 and '167 Patents in the U.S.; testimony and evidence concerning the timing and circumstances of Nikon Corporation's and Nikon Inc.'s

knowledge of the '792 and '167 Patents; testimony and evidence that Nikon had a good faith belief of non-infringement and invalidity of the asserted patents; testimony and evidence concerning substantial non-infringing uses for the '792 and '167 Patents; testimony and evidence concerning the relationship among Nikon Corporation and Nikon Inc., including Plaintiffs' failure to prove any alter ego relationship; other evidence as discussed in Defendants' Memorandum of Contentions of Fact and Law (ECF No. 262).

ii. **Invalidity**—The '792 and '167 Patents, and respective file wrappers, and the patents and patent applications cited therein; testimony from Defendants' expert witnesses Dr. Irfan Essa and Richard Goodin; testimony and evidence concerning claim construction; prior art documents and physical exhibits; testimony and evidence concerning lack of secondary considerations; other evidence as discussed in the expert reports of Defendants' expert witnesses Dr. Irfan Essa and Richard Goodin; cross-examination testimony of Plaintiffs' expert witnesses; other evidence as discussed in Defendants' Memorandum of Contentions of Fact and Law (ECF No. 262).

iii. **Prosecution History Estoppel**—The '167 Patent, respective file wrapper; prior art considered by patent examiner; testimony and evidence from Defendants' expert witnesses Dr. Irfan Essa and Richard Goodin; cross-examination testimony of Plaintiffs' expert witnesses

iv. **Failure to Mark**—The '792 and '167 Patents, respective
file wrappers; testimony and evidence concerning claim
construction; testimony and evidence concerning failure of
Plaintiffs,  predecessors-in-interest, ███████ to mark
products covered by the '792 and '167 Patents; testimony,
documentary evidence, and physical exhibits concerning
unmarked articles; testimony from Defendants' expert
witnesses Richard Goodin and Julie Davis; cross-
examination testimony of Plaintiffs' expert witnesses.

v. **Limitation on Recovery of Costs, 35 U.S.C. § 288**—
Court's order granting Defendants' motion for judgment
on the pleadings finding claims 23–27 of the '792 Patent
invalid (ECF No. 123); Court's order granting in part
Defendants' motion for partial summary judgment finding
claim 14 of the '167 Patent invalid (ECF No. 249);
testimony and evidence of Plaintiffs' failure to file a
disclaimer with United States Patent and Trademark Office
prior to filing action; Court's order granting Defendants'
motion for partial summary judgment holding that certain
claims of the '792 and '167 Patents are invalid and that the
accused products do not infringe the asserted claims of the
'312 and '017 Patents (ECF No. 249).

vi. **No Entitlement to Injunctive Relief**—All evidence
demonstrating that Defendants have not infringed and do
not infringe the asserted patents, as described above; all
evidence that all the asserted patents are invalid, as
described above; testimony and evidence that Plaintiffs do

not currently, and do not plan to, sell in the United States consumer products that compete with the accused products; testimony and evidence regarding Plaintiffs' acquisition of, and their motive for acquiring, the asserted patents; ███████████████████████ ████████████████ expert testimony and evidence concerning the adequacy of Plaintiffs' remedies at law, and the lack of any irreparable injury; testimony and evidence concerning the balance of hardships between the parties.

vii. **No Entitlement to Enhanced Damages**—Testimony and evidence showing that Nikon does not infringe the asserted patents, as described above; testimony and evidence concerning Nikon's good faith belief that the accused products did not and do not infringe any of the asserted claims and that the asserted patents were invalid; testimony and evidence showing that Plaintiffs failed to meet their burden to show that this is an "egregious case[] of misconduct beyond typical infringement"; and testimony and evidence showing that Defendants were not willful or willfully blind to infringement.

viii. **Attorneys' Fees**

1. Evidence showing the unreasonableness of Plaintiffs' litigation tactics; evidence concerning the weaknesses in Plaintiffs' substantive positions; evidence concerning the invalidity of claims of the asserted patents; evidence concerning the weakness of Plaintiffs' infringement positions with respect to

25

[PROPOSED] FINAL PRETRIAL CONFERENCE ORDER
Case 2:17-CV-03221-RGK (MRWx)

the '312 and '017 Patents and the Court's order granting summary judgment of noninfringement of the '312 and '017 Patents (ECF No. 249).

Third Party Plaintiffs and Defendants: N/A.

8.      In view of the admitted facts and the elements required to establish the claims, counterclaims and affirmative defenses, the following issues remain to be tried:

(a)   Whether Defendants have infringed claims 6, 14, 19, and 28 of the '792 patent under 35 U.S.C. § 271(a).

(b)   Whether Defendants have induced others to infringe claims 6, 14, 19, and 28 of the '792 patent under 35 U.S.C. § 271(b).

(c)   Whether Defendants have contributorily infringed claims 6, 14, 19, and 28 of the '792 patent under 35 U.S.C. § 271(c).

(d)   Whether Defendants have infringed claims 15, 20, and 23 of the '167 patent under 35 U.S.C. § 271(a).

(e)   Whether Defendants have induced others to infringe claims 15, 20, and 23 of the '167 patent under 35 U.S.C. § 271(b).

(f)   Whether Defendants have contributorily infringed claims 15, 20, and 23 of the '167 patent under 35 U.S.C. § 271(c).

(g)   Whether Plaintiffs are entitled to an injunction under 35 U.S.C. § 283.

(h)   The amount of damages to which Plaintiffs are entitled for Defendants' infringement under 35 U.S.C. § 284.

(i)   Whether this is an exceptional case entitling Plaintiffs to attorney fees under 35 U.S.C. § 285.

(j)   Whether this is an exceptional case entitling Defendants to attorney fees under 35 U.S.C. § 285.

(k)     Whether the asserted claims of the '792 and '167 Patents are invalid under 35 U.S.C. §§ 102, 103, and 112.

(l)     Whether Plaintiffs are estopped from asserting infringement under doctrine of equivalents.

(m)     Whether Plaintiffs failed to satisfy their burden with respect to the marking requirement under 35 U.S.C. § 287.

(n)     Whether Plaintiffs failed to satisfy their burden with respect to obtaining injunction relief.

(o)     Whether Plaintiffs are barred from recovering costs pursuant to 35 U.S.C. § 288.

9.     All discovery is complete.

10.     All disclosures under Fed. R. Civ. P. 26(a)(3) have been made.

The joint exhibit list of the parties has been filed under separate cover as required by L.R. 16-6.1. Unless all parties agree that an exhibit shall be withdrawn, all exhibits will be admitted without objection at trial, except those exhibits listed below:

Plaintiffs object to Exhibit Nos. JTX-0034–JTX-0036, JTX-0039–JTX-0042, JTX-0114, JTX-0122, JTX-0171, JTX-0177, JTX-0180–JTX-0181, JTX-0187, JTX-0190, JTX-0358, JTX-0375, JTX-0504–JTX-0525, JTX-0528, JTX-0530–JTX-0531, JTX-0544–JTX-0557, JTX-0671–JTX-0688, JTX-0691–JTX-0693, JTX-1348, JTX-1351, JTX-1355–JTX-1356, JTX-1439–JTX-1450, JTX-1452–JTX-1459, JTX-1473, JTX-1475, JTX-1477–JTX-1478, JTX-1480–JTX-1482, JTX-1488–JTX-1492, JTX-1497–JTX-1499, JTX-1503, JTX-1506–JTX-1508, JTX-1519–JTX-1520, JTX-1522–JTX-1527, JTX-1530, JTX-1532–JTX-1553, JTX-1556–JTX-1559, JTX-1561–JTX-1632, JTX-1634–JTX-1637, JTX-1640, JTX-1643–JTX-1647, JTX-1649, JTX-1652–JTX-1746, JTX-1749–JTX-1851, JTX-1853–JTX-1885, JTX-1887–JTX-1888, JTX-1891–JTX-1900, JTX-

1  1902–JTX-1944.  The grounds for Plaintiffs' objections are separately listed in the

2  Joint Proposed Exhibit List with Objections (filed herewith as Attachment A).

3         Defendants object to Exhibit Nos. JTX-0022–JTX-0024; JTX-0032–

4  JTX-0033; JTX-0037; JTX-0042–JTX-0053; JTX-0055; JTX-0057–JTX-0091;

5  JTX-0093; JTX-0101–JTX-0114; JTX-0117–JTX-0132; JTX-0135–JTX-1438.  The

6  grounds for Defendants' objections are separately listed in the Joint Proposed

7  Exhibit List with Objections (filed herewith as Attachment A).

8         11.   Witness lists of the parties have been filed with the Court.

9         Only the witnesses identified in the lists will be permitted to testify

10  (other than solely for impeachment).

11         Each party intending to present evidence by way of deposition

12  testimony has marked such depositions in accordance with L.R. 16-2.7. For this

13  purpose, the following depositions shall be lodged with the Clerk as required by

14  L.R. 32-1:

15         • Maki Hashimoto

16         • Nobuyuki Kato

17         • Akihiko Kawai

18         • Naoki Kitaoka

19         • Yukio Kubota

20         • David Lee

21         • Greg McBride

22         • Nobuyuki Muraishi

23         • Dermot Murphy

24         • Akio Nishizawa

25         • Kazunari Orii

26         • Gaku Shimura

27         • Nobuki Takahashi

28

- Bryan Vannatter
- Katsutoshi Watanabe
- Jerry Drube
- Michael Kaschke
- Robert Pressman
- Wolfgang Singer

Plaintiffs object to Defendants' presentation of testimony by deposition of the following witnesses:  depositions taken in the 7083 case (including witnesses for Hewlett Packard), depositions taken in the ITC case, any of Defendants' employees or experts who will be appearing live at trial, and any of Defendants' employees that were deposed in this action.  Plaintiffs' specific objections to deposition testimony designated by Defendants are listed in the Joint Deposition Designations with Objections (filed herewith as Attachment B).

Defendants object to Plaintiffs' presentation of testimony by deposition of any of Plaintiffs' employees or experts who will be appearing live at trial and any of Plaintiffs' employees who were deposed in this action because it would violate the rule against hearsay, Federal Rule of Evidence 802, except for counter-designations of testimony pursuant to the doctrine of completeness as provided in Federal Rule of Evidence 106 and Federal Rule of Civil Procedure 32(a)(6) that Plaintiffs identified in the parties' Joint Witness List.  Defendants' specific objections to deposition testimony designated by Plaintiffs are listed in the Joint Deposition Designations with Objections (filed herewith as Attachment B).

12.   The following law and motion matters and motions in *limine*, and no others, are pending or contemplated:

(a)    Plaintiffs' Motion for Partial Reconsideration of the Court's Order of May 17, 2018 (Doc. No. 249) (Doc. No. 297).[14]

(b)    Defendants' Motion for Partial Reconsideration of the Court's Order of May 17, 2018 (to be filed soon).

(c)    Plaintiffs' Motions *in Limine*:

        (1)    Motion *in Limine* No. 1 to Preclude Nikon Defendants from Asking Questions that Drew Privilege Objections at Deposition (Doc. Nos. 229, 230)

        (2)    Motion *in Limine* No. 2 to Preclude Irrelevant and Prejudicial Matters (Doc. Nos. 237, 239)

        (3)    Motion *in Limine* No. 3 to Preclude Admissions about Each Patent (Doc. Nos. 212, 213)

        (4)    Motion *in Limine* No. 4 to Preclude Information in Expert Report of Julie Davis that was not Disclosed in Discovery (Doc. Nos. 238, 240)

        (5)    Motion *in Limine* No. 5 to Preclude Admission of, Use of, or Testimony Regarding Documents and Information Not Produced During Discovery (Doc. Nos. 226, 227)

        (6)    Motion *in Limine* No. 6 to Preclude Expert Testimony Regarding Matters Not Contained in their Expert Reports (Doc. No. 210)

        (7)    Motion *in Limine* No. 7 to Preclude Discussion of or Reference to Nikon Defendants' Marking Defense and/or

---

[14] Plaintiffs are also contemplating motions to sever the '312 and '017 patents from this case and to consolidate them into the co-pending 7083 case, and a motion to certify the Court's summary judgment ruling of no infringement on the '312 and '017 patents for immediate appeal under Fed. R. Civ. P. 54(b).

Any Alleged Failure by Any Party to Mark Products with the Patents-in-Suit (Doc. Nos. 233, 234)

(8)     Motion *in Limine* No. 8 to Exclude Invalidity Opinion Testimony from Richard Goodin (Doc. No. 222)

(9)     Motion *in Limine* No. 9 to Preclude Expert Testimony Regarding Alleged Non-infringing Alternatives (Doc. Nos. 216, 217)

(10)    Motion *in Limine* No. 10 Requesting Confidential Treatment of Certain of Plaintiffs' Information (Doc. Nos. 221, 223)

(d)     Defendants' Motions *in Limine*

(1)     Motion *in Limine* No. 1 to Exclude Opinions of Plaintiffs' Damages Expert, Dr. Deforest McDuff (Doc. Nos. 201, 220-1)

(2)     Motion *in Limine* No. 2 to Exclude Evidence Relating to Plaintiffs' Entitlement to Pre-Suit Damages or Compliance with Marking (Doc. Nos. 202, 220-2)

(3)     Motion *in Limine* No. 3 to Exclude Opinion of Plaintiffs' Expert John P.J. Kelly (Doc. Nos. 203, 220-3)

(4)     Motion *in Limine* No. 4 to Exclude Evidence of Willful Infringement and Willful Blindness (Doc. No. 204)

(5)     Motion *in Limine* No. 5 to Exclude Evidence of Infringement by Sendai Nikon Corporation (Doc. No. 205). Plaintiffs do not intend to oppose this motion.

(6)     Motion *in Limine* No. 6 to Exclude Evidence Relating to Any Agreement or Proposal Regarding Representative Products (Doc. No. 206)

31
[PROPOSED] FINAL PRETRIAL CONFERENCE ORDER
Case 2:17-CV-03221-RGK (MRWx)

(7)  Motion *in Limine* No. 7 to Preclude Plaintiffs from Referring to Accused Functionality as Animated Error Correction Mode (Doc. Nos. 207, 214)

(8)  Motion *in Limine* No. 8 to Exclude Evidence Relating to Nikon's Size, Overall Revenue, Profits, Sales, or Wealth (Doc. No. 208)

(9)  Motion *in Limine* No. 9 to Exclude Evidence Relating to Negotiations (Doc. Nos. 209, 220-4)

13.  Bifurcation of the following issues for trial is ordered:

(1)  The issue of whether Plaintiffs are entitled to an injunction is an issue for the Court and not the jury;

(2)  All other remaining issues to be tried shall be the subject of a jury trial.

14.  Order of Proof at Trial

a.  Plaintiffs will present first at trial on the issues of infringement and damages (and all issue related thereto) as part of their case-in-chief.

b.  Defendants will then present first at trial on the issue of invalidity as part of their case-in-chief.

c.  Plaintiffs will then present their rebuttal case.

d.  Defendants will then present their rebuttal case on invalidity.[15]

15.  Miscellaneous provisions the parties have agreed to:

(a)  Stipulations concerning trial exhibits

---

[15] Plaintiffs disagree that Defendants are entitled to a rebuttal case on invalidity.

[PROPOSED] FINAL PRETRIAL CONFERENCE ORDER
Case 2:17-CV-03221-RGK (MRWx)

(1)     The parties agree that documents are *prima facie* genuine and authentic and have been prepared in the ordinary course of business on or about the dates that are reflected on the document if they are (a) a document produced in this case from a party's files that on its face appears to have been authored by an employee, officer, or agent of that party;[16] (b) source code produced by a party in this action relating to its products; or (c) a United States or foreign patent office publication. The parties reserve the right with respect to individual documents to adduce proof to the contrary or to require that the offering party provide authenticating evidence or evidence the document is not a business record if the opposing party has a reasonable basis to believe the document is not authentic or not a business record if an appropriate objection was made by the opposing party on the exhibit lists attached to this Order. This stipulation shall not be deemed or interpreted to be a waiver of any other objections a party may have or a stipulation that any document is admissible in evidence.

(2)     Legible and complete copies of United States and foreign patents, patent applications, and publications thereof, and the contents of associated file histories may be offered and received in evidence in lieu of certified copies thereof,

---

[16] As indicated below at § 16(f), Defendants do not believe that documents produced in this case by a third party pursuant to a subpoena should be treated differently than documents produced by parties pursuant to requests for production.

1    subject to all other objections that might be made to the

2    admissibility of certified copies.

3    (3)   Legible copies of printed publications (with agreed-upon

4          English translations) may be offered and received in

5          evidence in lieu of the original publication.

6    (4)   Unless a genuine question is raised as to the authenticity of

7          the original, or in the circumstances it would be unfair to

8          admit the copy in lieu of the original, a duplicate of any

9          document or photograph may be marked for identification,

10         and, if otherwise admissible, offered and received into

11         evidence with the same force and effect as the original,

12         subject to any and all objections as could be made to the

13         original, and on condition that the original of any such

14         duplicate, if within the custody or control of the offering

15         party, be available for inspection at the trial by 7:00 pm

16         two calendar days before such duplicate is first used.

17   (5)   Any party may use an exhibit that is listed on the other

18         party's exhibit list to the same effect as though it were on

19         its own exhibit list, subject to all evidentiary objections.

20         Any exhibit, once admitted at trial, may be used equally by

21         each party for any proper purpose in accordance with the

22         Federal Rules of Evidence. The listing of a document on a

23         party's exhibit list is not an admission that such document

24         is relevant or admissible when offered by the opposing

25         party. The fact that an exhibit is listed on a party's exhibit

26         list does not mean that the party believes the exhibit would

27         be admissible if offered by the other party. If a party

28

34

[PROPOSED] FINAL PRETRIAL CONFERENCE ORDER

Case 2:17-CV-03221-RGK (MRWx)

1   attempts to introduce an exhibit listed only on the other

2   party's exhibit list, the listing party reserves the right to

3   object to such introduction, and need not list objections to

4   its own exhibits as part of the Pretrial Order. In addition,

5   each party reserves the right to make objections under

6   Federal Rules of Evidence 104, 105, 401, 402, and 403 to

7   any evidence offered by the other party, at the time such

8   evidence is offered, in view of the specific context in

9   which such evidence is offered.

10   (6)   Any document not identified by the above procedures may

11   be used at trial for purposes of impeachment.

12   (b)   Disclosure procedures concerning physical trial exhibits

13   (1)   Each party will make available for inspection any physical

14   exhibits they intend to use at trial no later than 7:00 pm

15   three calendar days before such physical exhibits are first

16   used. Objections to physical exhibits, if any, shall be due

17   by 11:00 a.m. two calendar days before their intended use.

18   The parties will meet and confer by 8:00 p.m. two calendar

19   days before their intended use.

20   (c)   Procedures concerning sealing the courtroom, testimony, and

21   exhibits

22   (1)   The parties request that the trial be open to the public and

23   not sealed unless a party requests that a particularly

24   sensitive portion be sealed and not open. If a party makes

25   such a request, subject to the Court's approval, and for

26   good cause shown, the courtroom should be cleared of

27   those individuals not qualified under the Protective Order

28

35

[PROPOSED] FINAL PRETRIAL CONFERENCE ORDER
Case 2:17-CV-03221-RGK (MRWx)

1  entered in this case, including any corporate

2  representatives of the party not making the request.

3      (2)    Transcripts of any sealed testimony, and exhibits entered

4  while the courtroom is sealed, shall remain under seal until

5  thirty (30) days after the conclusion of the trial. Prior to

6  that time, the parties may designate, by page and line, the

7  portions of the transcript they seek to have filed under seal

8  and the exhibits they seek to have placed under seal,

9  subject to the Court's approval. Counsel for the parties

10  shall be responsible for supplying the envelopes and labels

11  necessary for any materials placed under seal.

12    16.  Miscellaneous provisions the parties disagree on:

13      (a)    Transition statements to the jury

14          (1)    <u>Plaintiffs' position</u>: As an aid to the jury, Plaintiffs request

15  that they be permitted to offer brief transition statements to

16  introduce witnesses and identify the issues on which the

17  witness is expected to testify. With the exception of

18  closing arguments, none of the parties will be allowed at

19  any time to argue or comment on the evidence.

20          (2)    <u>Defendants' position</u>: Defendants oppose the use of

21  transition statements to introduce witnesses, as it opens the

22  door for attorneys to improperly characterize the subject

23  matter of a witness's testimony.  Moreover, Defendants

24  disagree that a provision of this nature is proper for

25  inclusion in the Final Pretrial Conference Order.

26      (b)    Witnesses

27

28

(1)   <u>Plaintiffs' position</u>: With the exception of expert witnesses and a corporate <u>representative</u> for each party, witnesses should be prevented from hearing the testimony of other witnesses pursuant to Federal Rule of Evidence 615. The parties will exchange the names of their respective corporate representative prior to trial.

(2)   <u>Defendants' position</u>: Defendants intend to invoke Federal Rule of Evidence 615 at trial.  Nevertheless, Defendants disagree that a provision of this nature is necessary or proper for inclusion in the Final Pretrial Conference Order.

(c)   Witness disclosure procedures

(1)   <u>Plaintiffs' position</u>:

(A)   The parties agree to identify by June 6 the witnesses that each side intends to call live versus by deposition.

(B)   Unless otherwise agreed, each party will provide to the other party the names and order of witnesses it intends to call on direct examination (whether live or by deposition) no later than 7:00 p.m. two calendar days before calling that witness. For witnesses to be presented "live," including adverse witnesses the party intends to call on direct examination, the presenting party shall also include at the time of disclosure a list of exhibits to be used with each witness. Any objections shall be provided by 7:00 p.m. one calendar day before the witness is to be called.

[PROPOSED] FINAL PRETRIAL CONFERENCE ORDER
Case 2:17-CV-03221-RGK (MRWx)

(C)    A party shall indicate its intention to rest by 7:00 p.m. two calendar days before it intends to rest. The other party shall then identify the witnesses, if any, that it intends to call in its opposing case in chief or rebuttal case (as the case may be) by 9:00 p.m. the same day.

(2)    <u>Defendants' position</u>: As Defendants have discussed with Plaintiffs, Defendants are willing to discuss and stipulate to a mutually agreeable schedule for identifying in advance the witnesses and exhibits to be used. Nevertheless, Defendants do not believe a provision of this nature is necessary or appropriate for inclusion in the Final Pretrial Conference Order.

(d)    Designated testimony disclosure procedures

(1)    <u>Plaintiffs' position</u>:

(A)    Unless otherwise agreed during trial, each party will provide the other party a list of deposition designations that it intends to introduce by 7:00 p.m. three days before the designations are intended to be used in court. The other party will provide counter-designations and objections by 6:00 p.m. two days before the designations are intended to be used in court. The originally designating party will provide any rebuttal designations and objections to the counter-designations by 9:00 p.m. two days before the designations are intended to be used in court. The parties will meet and confer on any objections

1                           by 7:00 p.m. one day before the designations are

2                           intended to be used in court and will present any

3                           unresolved issues to the Court the morning of the

4                           proposed use of the disputed testimony.

5               (B)     All designated testimony (original, counter, and

6                           rebuttal) will be read to the jury as one consecutive

7                           segment. Upon a showing of good cause, a party

8                           may present deposition testimony by video in lieu of

9                           reading.   Irrelevant   and   redundant   materials,

10                          including colloquy between counsel and objections,

11                          will be eliminated unless such colloquy or objection

12                          is necessary to give context to the testimony or is

13                          impossible to eliminate; in such case, such colloquy

14                          or objections will be minimized. Time will be

15                          apportioned by the parties with original testimony

16                          charged against the offeror and counter testimony

17                          charged against the other party.

18         (2)     <u>Defendants' position</u>: As Defendants have discussed with

19                 Plaintiffs, Defendants are willing to discuss and stipulate

20                 to a schedule for identifying in advance the designations

21                 the parties intend to use in court.  In particular, Defendants

22                 disagree with Plaintiffs' attempt to require good cause for

23                 playing deposition video instead of reading the transcript.

24                 Nevertheless, Defendants do not believe a provision of this

25                 nature is necessary or appropriate for inclusion in the Final

26                 Pretrial Conference Order.

27

28

(e)  Procedures concerning impeachment with prior sworn testimony, documents, or other materials

   (1)  Plaintiffs' position: Prior statements made under oath, such as prior testimony or sworn statements in declarations, expert reports and the like, can be used to impeach a testifying witness and those sworn statements can be read, played, or shown to the jury during the impeachment unless an objection is sustained by the Court. To effect this, during a cross examination, the examining counsel will announce to the Court that they would like to offer the testimony (for example) and identify the testimony before it is read or shown. Counsel presenting the witness will then be permitted to object that the proposed testimony is not proper impeachment or seek to have additional testimony included in the reading and the Court will rule on any such objection prior to use or publication of the testimony to the jury. Impeachment material (e.g., a document or prior sworn testimony or other materials) may be shown to the witness and the jury at the time of impeachment.

   (2)  Defendants' position: As Defendants have discussed with Plaintiffs, Defendants are willing to discuss and stipulate to a mutually agreeable procedure concerning impeachment with prior sworn testimony, documents, or other materials.  Nevertheless, Defendants do not believe a provision of this nature is necessary or appropriate for inclusion in the Final Pretrial Conference Order.

1   Moreover, Plaintiffs' proposal of allowing impeachment

2   material to "be shown to the . . . jury at the time of

3   impeachment" is improper.

4       (f)    Stipulations concerning trial exhibits

5           (1)    <u>Defendants' position</u>: The following category of

6   documents should also be included in § 15(a)(1) above:

7   "(d) a document produced in this case from a third party's

8   files pursuant to a subpoena that on its face appears to have

9   been authored by an employee, officer, or agent of the

10   third party."

11           (2)    <u>Plaintiffs' position</u>: Third party documents should not be

12   admitted without proper authentication and foundation as

13   having been prepared in the ordinary course of business.

14       (g)    Disclosure procedures concerning demonstratives

15           (1)    <u>Plaintiffs' position</u>: The parties agree to waive the

16   requirements of L.R. 16-3 to the extent it requires the

17   exchange of demonstratives "at least eleven (11) days

18   before trial." The parties are discussing a mutually-

19   agreeable schedule for the exchange of demonstratives to

20   be used at trial.

21           (2)    <u>Defendants' position</u>: The parties agree to waive the

22   requirements of L.R. 16-3, subject to a mutually agreeable

23   schedule for the exchange of demonstratives to be used at

24   trial, to the extent L.R. 16-3 requires the exchange of

25   demonstratives "at least eleven (11) days before trial."

26       17.    The foregoing admissions having been made by the parties, and the

27   parties having specified the foregoing issues remaining to be litigated, this Final

28

Pretrial Conference Order shall supersede the pleadings and govern the course of the trial of this cause, unless modified to prevent manifest injustice.

Dated: _____, 2018

_____
UNITED STATES DISTRICT JUDGE
HON. R. GARY KLAUSNER

Approved as to form and content.


_____
Attorney for Plaintiffs


_____
Attorney for Defendants

42

[PROPOSED] FINAL PRETRIAL CONFERENCE ORDER
Case 2:17-CV-03221-RGK (MRWx)

1    Dated:  May 31, 2018            FISH & RICHARDSON P.C.

2

3                                   By: */s/ Christopher S. Marchese*

4                                      Christopher S. Marchese

5                                      marchese@fr.com

6                              Attorneys for Plaintiffs, CARL ZEISS AG and ASML NETHERLANDS B.V.

7

8

9    Dated:  May 31, 2018            MORRISON & FOERSTER LLP

10

11                                     By: */s/ Vincent J. Belusko*

12                                      Vincent J. Belusko

13                                      vbelusko@mofo.com

14                              Attorneys for Defendants NIKON CORPORATION, SENDAI NIKON

15                              CORPORATION, and NIKON INC.

16

17

18

19

20

21

22

23

24

25

26

27

28

[PROPOSED] FINAL PRETRIAL CONFERENCE ORDER
Case 2:17-CV-03221-RGK (MRWx)

## FILER'S ATTESTATION

Pursuant to Section 5-4.3.4 of the Local Rules of the United States District Court of the Central District of California, I hereby certify that authorization for the filing of the parties' [PROPOSED] FINAL PRETRIAL CONFERENCE ORDER has been obtained from each of the other signatories shown above and that all signatories have authorized placement of their electronic signature on this document.

Dated:  May 31, 2018

*/s/ Christopher S. Marchese*
Christopher S. Marchese
marchese@fr.com

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the above and foregoing document has been served on May 31, 2018 to all counsel of record who are deemed to have consented to electronic service via the Court's CM/ECF system. Any other counsel of record will be served by electronic mail and regular mail.

*s/ Christopher S. Marchese*
Christopher S. Marchese
marchese@fr.com

[PROPOSED] FINAL PRETRIAL CONFERENCE ORDER
Case 2:17-cv-03221-RGK (MRWx)