Christopher S. Marchese (SBN 170239), marchese@fr.com
FISH & RICHARDSON P.C.
633 West Fifth Street, 26th Floor
Los Angeles, CA 90071
Tel: (213) 533-4240, Fax: (858) 678-5099

Frank Scherkenbach (SBN 142549), scherkenbach@fr.com
Kurt L. Glitzenstein (Admitted Pro Hac Vice), glitzenstein@fr.com
FISH & RICHARDSON P.C.
One Marina Park Drive
Boston, MA 02210-1878
Tel: (617) 542-5070, Fax: (617) 542-8906

Olga I. May (SBN 232012), omay@fr.com
FISH & RICHARDSON P.C.
12390 El Camino Real
San Diego, CA 92130
Tel: (858) 678-5070, Fax: (858) 678-5099
[Additional Counsel listed on last page.]

Attorneys for Plaintiffs, CARL ZEISS AG and ASML NETHERLANDS B.V.

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| CARL ZEISS AG and ASML NETHERLANDS B.V.,<br><br>Plaintiffs,<br><br>v.<br><br>NIKON CORPORATION and NIKON INC.,<br><br>Defendants. | Case No. 2:17-cv-03221-RGK (MRWx)<br><br>**PLAINTIFFS' OPPOSITION TO NIKON DEFENDANTS' MOTION *IN LIMINE* NO. 10 TO EXCLUDE EVIDENCE RELATING TO THE '792 PATENT *INTER PARTES* REVIEW DECISION**<br><br>Trial Date: June 26, 2018, 9:00 a.m.<br>Courtroom: 850<br>Judge: Hon. R. Gary Klausner |

Plaintiffs Carl Zeiss AG and ASML Netherlands B.V. (collectively, "Plaintiffs") hereby submit the following response to Nikon Corporation and Nikon Inc.'s (collectively, "Nikon" or "Defendants") Motion *in Limine* No. 10 to Exclude Evidence Relating to the '792 Patent *Inter Partes* Review Decision (Doc. No. 377; hereinafter "Motion" or "Mot.").

I. **INTRODUCTION**

"[A] decision by the USPTO on whether to institute an IPR is relevant to whether the petitioner (Nikon in this case) will show invalidity of the claims at issue." Those were Nikon's words—before its IPR petition was denied. (*See* Nikon's Opposition to Plainitffs' Motion *in Limine* No. 2 (Doc. No. 348) at 5-6.) Nikon continued, "not only [is an IPR decision] relevant; its probative value outweighs any potential prejudice." (*Id.* at 5.) Nikon was clear and unequivocal in its argument. Yet, here, Nikon seeks to exclude the PTO's IPR decision on the '792 patent, while at the same time saying nothing about excluding the IPR on the '167 patent.

Plaintiffs had moved *in limine* to preclude discussion of the IPR petition because it had not yet been decided and because, if granted, that would only kick-off an administrative process and was not in itself indicative of the validity of the patent. (Doc. No. 247-1 at 12-13.) Now, however, the parties have a final decision from the Patent Office's Patent Trial and Appeal Board ("Board"). The Board has determined not to institute an IPR proceeding. Unlike a grant of a petition for review which simply begins the IPR process, and has an uncertain coutcome, the denial of a petition constitutes a final outcome to the proceedings. As such, it has probative value to a jury considering the validity of the '792 patent.

Nikon's prior opposition had been banking on a favorable outcome for Nikon—a grant of institution—but its statements were not limited, instead contending that an IPR decision, period, is admissible. Now, however, when the outcome is reversed, Nikon argues that the Board's ***final*** decision is inadmissible. Nikon has it exactly

1  backwards here—whereas a preliminary decision to institute would be followed by
2  other proceedings and thus is not the final word of the Board, a decision not to institute
3  does finally resolve the proceeding and is thus appropriate for consideration by the
4  jury.

5  Nikon also indicated at the Pretrial Conference that it was amenable to the IPR
6  decision being admissible as long as the entire record of the IPR proceeding, including
7  Nikon's petition, was also admissible:

> As the IPR issue, Your Honor, I should note that you tentatively, I think,
> granted their motion to exclude IPR stuff today. Now they want IPR stuff
> in. ***So if it all comes in***, ***including***, you know, anything that's part of that,
> well, I guess I'll call it ***file history of the IPRs***, ***so be it***. ***But it's not just
> the decisions, it's everything that went into the that, the petitions, et
> cetera***.

(Ex. 2, Pretrial Conf. Tr. at 30:14-20 (emphasis added).)[1]

Nikon's motion should be denied, and the jury should be allowed to hear that Nikon tried, and failed, to invalidate the '792 patent befor the PTO. Indeed, the jury should be allowed to here that Nikon hired the same expert testifying at trial (Dr. Essa) supported the IPR petition that the Board denied. At a minimum, the jury should be informed of the Board's decision in an institution or stipulation crafted for the jury.

## II.   RELEVANT BACKGROUND

This motion concerns the Board's decision denying Nikon's petition for *inter partes* review of the '792 patent. The Board denied institution on June 4, 2018, thus concluding proceedings before it concerning the '792 patent. (*See generally* Doc. No. 377-4.) In light of this new evidence, Plaintiffs notified Nikon that it would be amending the joint exhibit list to include the denial of institution for the '792 patent (and the denial of institution for the '167 patent—which Nikon does not seek to

---

[1] *But see* Mot. at 1 ("The '792 IPR file history has no relevance to this case at all").

1  exclude) on June 8, 2018.  (*See* Doc. No. 377-2.)  Plaintiffs filed an amendment to the
2  exhibit list with the Court, making clear that the new exhibit list reflected only
3  "Plaintiffs' Amendment," both in the title of the filing and in the cover sheet of the
4  filing which explained that "[p]laintiffs are deleting a number of exhibits relating to
5  the '312 and '017 patents and are adding the IPR decisions issued on June 4, 2018 by
6  the PTAB for the '792 and '167 patents."  (Doc. No. 356.)  Contrary to Nikon's
7  characterization, this was not a joint filing nor did it purport to be.

8       Plaintiffs' previously sought to exclude evidence about the IPR should the
9  Board institute.  As is generally accepted, evidence of ***pending*** Board proceedings
10 should be excluded as being irrelevant, non-probative, and prejudicial as these
11 proceedings are non-final and do not reflect any decision or outcome as to the validity
12 of a patent.  (*See* 247-1, at 1213); *see also, e.g., Dexcowin Glob., Inc. v. Aribex, Inc.*,
13 No. CV 16-143-GW(AGRX), 2017 WL 3478492, at *3 (C.D. Cal. June 29, 2017).  As
14 Plaintiffs explained, a decision to institute is merely a "starting point for a detailed
15 proceeding where Plaintiffs will have a full and fair opportunity to defend the validity
16 of their patents, something they did not have a chance to do at the petition stage."
17 (Doc. No. 2471.)  Nikon opposed, arguing that a Board decision on "whether to
18 institute an IPR" (either greant or deny) would be relevant and non-prejudicial.  (*See*
19 Doc. No. 348, at 56.)

20       The Board denied institution of the IPR.  Consistent with its statutory mandate,
21 the Board found that Nikon "ha[d] not established a reasonable likelihood that it would
22 prevail" in the IPR.  *See* 35 U.S.C. § 314(a); (Doc. No. 377-4, at 1.)  As the Board's
23 decision makes clear, Nikon's own arguments defeated its petition.  As part of
24 establishing its right to IPR, Nikon had the burden of establishing that the claims were
25 amenable to construction, thus allowing the Board to evaluate whether the cited prior
26 art renders the challenged claims unpatentable.  Nikon argued that the claims were not
27 amenable to construction—even though the Board has no statutory power to evaluate
28

1 whether claims are indefinite and though the Board uses a different standard for claim
2 construction.  (*See, e.g.*, Doc. No. 377-4, at 7¬8.)  Plaintiffs recognized the inherent
3 problem with Nikon's argument and made no argument to the contrary.  (*See id.* at
4 1011".)  The Board then denied institution not because it found the claims indefinite
5 but because it accepted the "unconstested testimony" from petitioner's expert (Dr.
6 Essa) and found that "[b]ecause Petitioner's arguments and evidence are directed to
7 the contrary position, Petitioner does not establish that these three terms are capable
8 of being construed," as was its burden in IPR.  (*See id.* at 11, 16.)

9 Now that the Board has denied its petition, Nikon complains that introducing
10 the decision denying institution—which (unlike a decision to institute) does finally
11 resolve the proceedings before the PTO—would be irrelevant and prejudicial.  As will
12 be discussed below, Nikon is wrong—the Board's decision contains an extensive
13 discussion of the '792 patent, providing an independent third-party description of the
14 patented subject matter, and includes detailed recitations of the positions Nikon took
15 before the Board, which would allow the jury to evaluate whether Nikon has been
16 consistent in its description of the patented subject matter.  (*See id.*, at 3-7; 1017.)
17 Moreover, the decision is relevant to show whether Dr. Essa's validity testimony at
18 trial is credible.  Even further, the decision denying institution is relevant to the issue
19 of ownership (which Nikon has not agreed to stipulate to), as it shows that Nikon
20 represented to the Board that Plaintiffs' were the "real parties in interest," meaning
21 the proper owners of the patents.  (*Id.* at 1.)

## III.   ARGUMENT

### A.   The PTAB's Decision *Denying* Institution Is Relevant and Non-Prejudicial

#### 1.   Final Determinations by the PTO Should Generally Be Admissible as Relevant and Non-Prejudicial

As Plaintiffs' explained in their Motion *in Limine* No. 2, decisions to institute
IPR are generally inadmissible becase they are irrelevant, non-probative, and

prejudicial as these proceedings are non-final and do not reflect any decision or outcome as to the validity of a patent. *See Dexcowin Glob., Inc. v. Aribex, Inc.*, No. CV 16-143-GW(AGRX), 2017 WL 3478492, at *3 (C.D. Cal. June 29, 2017). However, as this Court has previously recognized, decisions ***not*** to institute are different. Unlike a decision to institute, which will be followed by subsequent proceedings, a decision not to institute is a final determination of the PTO concerning a patent, and thus should be generally admissible. *See, e.g., Univ. Elecs., Inc. v. Univ. Remote Control, Inc.*, No. 12-00329, 2014 WL 8096334, at *7 (C.D. Cal. Apr. 21, 2014); *Univ. Elecs., Inc. v. Univ. Remote Control, Inc.*, IPR2013-00152, Paper 8 (PTAB Aug. 19, 2014) (denying institution); *see also StoneEagle Servs., Inc. v. Pay-Plus Sols., Inc.*, No. 8:13-CV-2240-T-33MAP, 2015 WL 3824208, at *8 (M.D. Fla. June 19, 2015) (similarly allowing introduction of a denial of institution decision).

This is consistent with courts' treatment of other completed PTO proceedings. For example, in *Halo Elecs., Inc. v. Pulse Elecs., Inc.*, 2013 U.S. Dist. LEXIS 117190, at *34-44 (D. Nev. Aug. 16, 2013), the district court admitted evidence of a completed reexamination proceeding. During opening statements, the plaintiff was allowed to state that the patents were reexamined. *Id.*, at *38-39. The plaintiff's witness was also allowed to testify regarding his understanding of the reexamination process and results. *Id.*, at *39-40. Finally, the plaintiff's counsel was allowed to argue during closings the significance of the reexamination. *Id.*, at *42. The court concluded that any potential prejudice was cured by the court's instructions to the jury on the import of the reexamination evidence. *Id.* at *42-44.

Moreover, as Nikon acknowledges, once an IPR has concluded, the decision denying institution of that IPR becomes part of the file history of the patent. (*See, e.g.*, Mot. at 2 ("One of the exhibits that Plaintiffs unilaterally added to the joint exhibit list pertains to the *inter partes* review ("IPR") file history for the '792 Patent"); *see also* Ex. 1 (printout from the PTO showing the contents of the file history, including

the "Request for Trial Denied" from Nikon's IPR).)  As the Supreme Court has explained, "[w]hen warranted, the jury may be instructed to consider that it has heard evidence that the PTO had no opportunity to evaluate before granting the patent." *Microsoft Corp. v. I4I Ltd. P'ship*, 564 U.S. 91, 111, 131 S. Ct. 2238, 2251, 180 L. Ed. 2d 131 (2011).  The converse of this statement should also be true—where the PTO has heard evidence, and has had the opportunity to evaluate evidence, the jury should similarly be allowed to hear about it.

### a. The Board's Decision Denying Institution in this Case Is Relevant and Non-Prejudicial

Here, Nikon seeks exclusion of the decision denying institution under Federal Rule of Evidence 403.  Under Rule 403, a court may only exclude evidence where its probative value is "substantially outweighed" by a danger of prejudice or jury confusion.  *See* Fed. R. Evid. 403.  Rule 403 is a liberal rule under which relevant evidence generally is admitted" and district courts have wide latitude in determining whether evience should be admitted under this rule.  *See, e.g., Jacques v. Clean-Up Grp., Inc.*, 96 F.3d 506, 516 (1st Cir. 1996).

Here, the Board's decision denying Nikon's petition for IPR of the '792 patent is relevant.  For example, the jury may benefit from the Board's description of the invention and Nikon's contentions.  The jury also is entitled to know if Nikon has taken inconsistent positions between what it said to the Board and what it may tell the jury[2]—a position that Nikon advocated before its petition was denied. (*See* Doc. No. 348 at 6 ("any inconsistencies between the IPR proceedings and this district court proceeding would be relevant to the jury's evaluation of validity."); *see also Magna Elecs., Inc. v. TRW Auto. Holdings Corp.*, No. 1:12-cv-654, 2016 U.S. Dist. LEXIS 156779, at *8 (W.D. Mich. Jan. 28, 2016) (cited by Nikon for this position and

---

[2] Nikon used the same expert for the IPR petition that it intends to use at trial.

allowing introduction of evidence from IPRs to show inconsistencies in party's position).)

In addition, the Board's decision denying institution is relevant to the issue of ownership. Nikon has refused to stipulate to Plaintiffs' ownership of the patents-in-suit. Nikon has not, however, previously questioned Plaintiffs' ownership despite the fact that these very same patents have been involved in the proceedings before the PTO. Other patents that were transferred by HP to the Plaintiffs in the same transaction were also involved in an ITC hearing earlier this year, and Nikon did not context ownership there. If Nikon insists on wasting time in this trial on an issue that it has acceded to in other forums, the jury should be entitled to know it. The Board's decision goes directly to this question, as it shows that Nikon properly identified Plaintiffs' as the owners of the patents-in-suit by identifying them as "real parties in interest" to proceedings about the patent. This relevance far outweighs any prejudice that might result from the introduction of the decision denying institution.

Nikon's arguments that introducing the '792 IPR proceeding would confuse the jury are unavailing. (Mot. at 4-6.) First, Nikon again contradicts itself, having previously argued that any such confusion could easily be avoided with an appropriate jury instruction. (*Compare* Mot. at 6 ("This is not the case where a jury instruction could cure the prejudice or confusion the jury may have.") *with* Doc. No. 348 at 6 ("to the extent there is any potential prejudice….that prejudice can be addressed 'by appropriate jury instructions….'") (citing *Univ. Elecs.*, 2014 WL 8096334, at *7).) Moreover, Nikon does not oppose introducing the denial of institution decision for the '167 patent, so their argment is somewhat baffling, as (according to Nikon) the Board's denial of institution for the '792 patent would be too confusing for the jury but the Board's denial of institution for the '167 patent would not be. Second, if the decision is admitted, Nikon would be just as free as Plaintiffs would be to explain to the jury its understanding of the Board's decision.

### B. Allowing the IPR Denial for the '167 But Disallowing the Denial for the '792 Patent Risks Unfair Prejudice to Plaintiffs

Although Nikon challenges the admissibility of the denial of institution for the '791 patent, it does not challenge the admissibility of the denial of institution for the '167 patent. If Nikon gets its way, the denial of institution for the '167 patent would be introduced into evidence, but the denial of institution for the '792 patent would not. Beyond the fact that Nikon's position is inherently contradictory (for example, as to whether IPR denials are too confusing for the jury), this situation would create an untenable risk of prejudice to Plaintiffs because the jury could infer incorrectly that IPR was instituted for the '792 patent. For this reason, such an imbalanced position—having one IPR decision in the record and not the other—would be unfairly prejudicial to Plaintiffs.

### C. Alternatively, a Stipulation Could Be Entered in Lieu of the Entire '792 IPR Proceeding Record

If the Court prefers to not admit the entire '792 patent IPR proceedings, it could permit a stipulation to be read to the jury that simply states that Nikon sought to initiate an IPR on the '792 or instruction patent and their petition was denied. This would provide the jury with the relevant facts, while not requiring either party to expend time explaining the reasons for the denial.

### D. Plaintiff's Filing of a "Plaintiff's Amendment" to the Exhibit List Was Entirely Proper

Defendants also complain that Plaintiffs improperly added the '792 IPR decision to the exhibit list. (Mot. at 1-2.) This argument is baseless. Plaintiffs appropriately notified Nikon of their intent to delete certain exhibits from Plaintiffs' portion of the exhibit list, and to add the two decisions denying institution, which the Board issued after the parties filed the exhibit list. Nikon does not dispute this fact. (Mot. at 1-2.) Plaintiffs then appropriately filed an amendment to the exhibit list which clearly stated that it was a "Plaintiffs' Amendment" to the exhibit list. (*See*

1  Doc. No. 365.) Nikon's argument assumes that Nikon gets to approve what exhibits
2  Plaintiffs add to their portion of the exhibit list. That assumption is incorrect. Nikon
3  may object to the new exhibits if it likes, but it does not have veto authority over
4  Plaintiffs seeking to have them admitted into evidence.

## IV.  CONCLUSION

For the reasons above, Nikon's Motion *in Limine* No. 10 should be denied.

| | | |
|---|---|---|
| 1 | Dated: June 15, 2018 | FISH & RICHARDSON P.C. |
| 2 | | |
| 3 | | By: */s/ Christopher S. Marchese* |
| | | Christopher S. Marchese (SBN 170239) |
| 4 | | marchese@fr.com |
| 5 | | FISH & RICHARDSON P.C. |
| | | 633 West Fifth Street, 26th Floor |
| 6 | | Los Angeles, CA 90071 |
| 7 | | Tel: (213) 533-4240, Fax: (858) 678-5099 |
| 8 | | Frank Scherkenbach (SBN 142549) |
| 9 | | scherkenbach@fr.com |
| 10 | | Kurt L. Glitzenstein (Admitted Pro Hac Vice) |
| | | glitzenstein@fr.com |
| 11 | | FISH & RICHARDSON P.C. |
| 12 | | One Marina Park Drive |
| | | Boston, MA 02210-1878 |
| 13 | | Tel: (617) 542-5070, Fax: (617) 542-8906 |
| 14 | | |
| 15 | | Olga I. May (SBN 232012) |
| | | omay@fr.com |
| 16 | | Markus D. Weyde (SBN 285956) |
| 17 | | weyde@fr.com |
| | | K. Nicole Williams (SBN 291900) |
| 18 | | nwilliams@fr.com |
| 19 | | Jared A. Smith (SBN 306576) |
| | | jasmith@fr.com |
| 20 | | Oliver J. Richards (SBN 310972) |
| 21 | | orichards@fr.com |
| | | FISH & RICHARDSON P.C. |
| 22 | | 12390 El Camino Real |
| 23 | | San Diego, CA 92130 |
| | | Tel: (858) 678-5070, Fax: (858) 678-5099 |
| 24 | | |
| 25 | | |
| 26 | | |
| 27 | | |
| 28 | | |

|   |   |
|---|---|
| 1 | Andrew R. Kopsidas (Admitted Pro Hac Vice) |
| 2 | kopsidas@fr.com |
|   | FISH & RICHARDSON P.C. |
| 3 | 1000 Maine Avenue, S.W., Suite 1000 |
| 4 | Washington, DC 20024 |
|   | Tel: (202) 783-5070, Fax: (202) 783-2331 |
| 5 |   |
| 6 | Attorneys for Plaintiffs, CARL ZEISS AG and ASML NETHERLANDS B.V. |

11

PLAINTIFFS' OPPOSITION TO NIKON DEFS' MOTION *IN LIMINE* NO. 10
CASE 2:17-CV-03221-RGK (MRWx)

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of the above and foregoing document has been served on June 15, 2018, to all counsel of record who are deemed to have consented to electronic service via the Court's CM/ECF system per Civil Local Rule 5.4.  Any other counsel of record will be served by electronic mail, facsimile and/or overnight delivery.

*/s/Christopher S. Marchese*
Christopher S. Marchese
marchese@fr.com