UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:17-cv-03221-RGK-MRW | Date | June 26, 2018 |
|---|---|---|---|
| Title | *Zeiss v. Nikon* | | |

| Present: The Honorable | R. GARY KLAUSNER, UNITED STATES DISTRICT JUDGE | | |
|---|---|---|---|
| Sharon L. Williams | Not Reported | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiffs: | | Attorneys Present for Defendants: |
| Not Present | | Not Present |

**Proceedings:** **(IN CHAMBERS) Order Re: Plaintiffs' Motion for Partial Reconsideration (DE 297); Plaintiffs' Motion to Sever the '017 and '312 Patents and Consolidate Them Into Case No. 2:17-cv-07083-RGK (DE 345)**

## I.   INTRODUCTION

In this patent infringement case, plaintiffs Carl Zeiss A.G. and ASML Netherlands, B.V. (collectively, "Plaintiffs") allege that defendants Nikon Corp. and Nikon, Inc. (collectively, "Defendants") have made and sold digital cameras that infringe upon four of Plaintiffs' patents: (1) Patent No. 6,972,792 (the "'792 Patent"); (2) Patent No. 7,209,167 (the "'167 Patent"); (3) Patent No. 8,149,312 (the "'312 Patent"); and (4) Patent No. 8,625,017 (the "'017 Patent").

On May 17, 2018, the Court issued a ruling on each party's respective motion for summary judgment. Among other conclusions, the Court found that the '312 Patent and the '017 Patent were not infringed as a matter of law. Plaintiffs now request that the Court reconsider its claim construction of the term "unit pixel" within the '312 and '017 Patents and its finding of non-infringement based upon that construction.

For the following reasons, the Court **GRANTS** Plaintiffs' Motion (DE 297). The Court also **GRANTS** Plaintiffs' co-pending motion to sever the '017 and '312 Patents from this case (DE 345).

## II.   JUDICIAL STANDARD

A motion for reconsideration filed within twenty-eight days of entry of judgment is considered under Federal Rule of Civil Procedure 59; a later-filed motion is considered under Rule 60(b). Fed. R. Civ. P. 59(e); *see also United States v. Comprehensive Drug Testing, Inc.*, 513 F.3d 1085, 1098 (9th Cir. 2008).

Under Rule 59(e), it is appropriate to alter or amend a judgment if "(1) the district court is presented with newly discovered evidence, (2) the district court committed clear error or made an initial

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:17-cv-03221-RGK-MRW | Date | June 26, 2018 |
|---|---|---|---|
| Title | *Zeiss v. Nikon* | | |

decision that was manifestly unjust, or (3) there is an intervening change in controlling law." *Zimmerman v. City of Oakland*, 255 F.3d 734, 740 (9th Cir. 2001). "Whether or not to grant reconsideration[,]" however, "is committed to the sound discretion of the court." *Navajo Nation v. Confederated Tribes & Bands of the Yakama Indian Nation*, 331 F.3d 1041, 1046 (9th Cir. 2003) (citing *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 883 (9th Cir. 2000)). Rule 59(e) motion may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment. *Kona Enters., Inc.*, 229 F.3d at 890.

Additionally Local Rule 7-18 states that a motion for reconsideration may be made only on the following grounds:

> (a) a material difference in fact or law from that presented to the Court before such decision that in the exercise of reasonable diligence could not have been known to the party moving for reconsideration at the time of such decision, or (b) the emergence of new material facts or a change of law occurring after the time of such decision, or (c) a manifest showing of a failure to consider material facts presented to the Court before such decision. No motion for reconsideration shall in any manner repeat any oral or written argument made in support of or in opposition to the original motion.  (C.D. Cal. L.R. 7–18.)

### III. DISCUSSION

#### A. Claim Construction

Upon review of its prior decision, the Court concludes that it clearly erred in construing the term "unit pixel" in the '312 and '017 Patents to include only a single photodiode.

In *Baldwin Graphics*, the Federal Circuit explained that "an indefinite article 'a' or 'an' in patent parlance carries the meaning of 'one or more' in open-ended claims containing the transitional phrase 'comprising.'" *Baldwin Graphic Sys., Inc. v. Siebert, Inc.*, 512 F.3d 1338, 1342 (Fed. Cir. 2008) (citation omitted). The court also explained that "[t]he exceptions to this rule are extremely limited: a patentee must 'evince[ ] a clear intent' to limit 'a' or 'an' to 'one.'"[1] *Id.* In other words, "[a]n exception to the general rule arises *only* "where the language of the claims themselves, the specification, or the

---

[1] The Court may have erred in failing to identify the *Baldwin* "clear intent" language in its previous order. 512 F.3d at 1342. The Court notes, however, that other Federal Circuit decisions addressing the issue have not used the "clear intent" language. *See, e.g., Harari v. Lee*, 656 F.3d 1331, 1341 (Fed. Cir. 2011); *Motorola Mobility LLC v. Int'l Trade Comm'n*, 553 Fed. Appx. 971, 975–76 (Fed. Cir. 2014). And in any case, the Federal Circuit has stressed that "whether 'a' or 'an' is treated as singular or plural depends heavily on the context of its use." *TiVo, Inc. v. EchoStar Comms. Corp.*, 516 F.3d 1290, 1303 (Fed. Cir. 2008). As such, because the Court still assessed the clear intent of the patentee by examining the context of the claims and the specification, any error in this respect was not outcome-determinative.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:17-cv-03221-RGK-MRW | Date | June 26, 2018 |
|---|---|---|---|
| Title | *Zeiss v. Nikon* | | |

prosecution history necessitate a departure from the rule." *01 Communique Lab., Inc. v. LogMeIn, Inc.*, 687 F.3d 1292, 1297 (Fed. Cir. 2012) (citing *Baldwin*, 512 F.3d at 1342–43).

The pertinent claim limitation recites: "each unit pixel *comprising*: *a* photodiode configured to generate photocharges by absorbing an external light; and *a* sensing node configured to receive the photocharges transferred from the photodiode." As such, under the general rule, the term "a" photodiode would be construed to encompass "one or more" photodiodes.

But in its prior order, the Court concluded that despite the general rule, the article "a" in the claim limitation should be construed as limited to only "one" photodiode. The Court based this conclusion on (1) the context of the claim language, which suggested a single-photodiode structure; (2) the statements of Defendants' expert that a "pixel" generally corresponds to a single photodiode; and (3) statements in the specification evincing a clear intent to limit "a photodiode" to a single photodiode. Although the Court considered all three pieces of evidence, the Court's conclusion rested heavily upon statements in the specification like "each unit pixel . . . of the pixel array is configured with one photodiode and four transistors" and "the photodiode constituting each unit pixel . . . ." The Court also gave much weight to repeated statements in the specification referring to "the" photodiode, as well as two drawings depicting unit pixels with a single photodiode structure.

Upon review of its prior order and the parties' arguments here, however, the Court concludes that it clearly erred in analyzing the specification of the '312 Patent. Specifically, the Court failed to identify that many of these statements refer to the prior art, rather than to the invention itself. And without these statements, the Court cannot conclude that the patent specification evinces a clear intent to limit the claim limitation to a single photodiode.

To be sure, much in the specification still seems to suggest a pixel configuration in which a unit pixel has a single photodiode. The prior art—the conventional CMOS image sensor—seems to have "one photodiode and four transistors" in each unit pixel. ('312 Patent, 1:54–55.) The prior art has a problem: the sensor's sensing node does not have enough capacitance "to receive increased photocharges," which "makes it difficult to obtain a desired photo-sensitivity." (3:5–9.) The invention is directed to fixing this problem by adopting the sensing node sharing scheme; that is, by "sharing the sensing node of an adjacent non-selected pixel while a selected pixel operates." (3:14–17.) In other words, the difference between the prior art and the invention seems to be the sensing node sharing scheme, not the other aspects of the pixel configuration. Indeed, the invention's description suggests that the invention and the prior art have pixel configurations that are otherwise similar: the invention's pixel array is similar to "typical constitutions," and the invention's "line scanning fashion" is also similar to the prior art. (4:6–12.) Further, Figure 4, depicting a preferred embodiment of the invention, portrays a pixel configuration in which a unit pixel has a single photodiode, just like the pixel configuration in the prior art. And while other possible embodiments of the invention are suggested in the specification—for instance, an embodiment in which lines are scanned column-by-column instead of row-by-row—an

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:17-cv-03221-RGK-MRW | Date | June 26, 2018 |
|---|---|---|---|
| Title | *Zeiss v. Nikon* | | |

embodiment with multiple photodiodes in a unit pixel is not hinted at or suggested anywhere in the specification.

But the Federal Circuit's standard is strict: exceptions to the *Baldwin* "one or more" rule are "extremely limited," and the specification and claim language must "*necessitate*" departure from the rule. *Baldwin*, 512 F.3d at 1342–43 (emphasis added). The unit pixels in the invention appear to share the same photodiode structure as the prior art, but the specification does not expressly adopt the same structure or necessarily foreclose other possible structures. Without the statements describing the prior art, the Court is left with the preferred embodiment, which depicts a unit pixel with a single photodiode, and the claim language itself. While there is "sometimes a fine line between reading a claim in light of the specification, and reading a limitation into the claim from the specification," the Court may not read limitations from preferred embodiments into the claims. *See Comark Comm's, Inc. v. Harris Corp.*, 156 F.3d 1182, 1186–87 (Fed. Cir. 1998); *see also KCJ Corp. v. Kinetic Concepts, Inc.*, 223 F.3d 1351, 1356 (Fed. Cir. 2000) ("[S]tanding alone, a disclosure of a preferred or exemplary embodiment encompassing a singular element does not disclaim a plural embodiment."). And although the claim language draws a strong contrast between plural and singular claim terms, this does not, without more, compel a departure from the general rule. *See Convolve, Inc. v. Compaq Computer Corp.*, 812 F.3d 1313, 1321 (Fed. Cir. 2016). Consequently, standing alone, the claim language and the preferred embodiment do not "necessitate" departing from the general rule that "a" means "one or more".

Accordingly, the specification and the claim language are not sufficient to overcome the general rule that "a" means "one or more". The Court therefore revises its previous claim construction and construes the terms "unit pixel" and "sensing pixel" within the '312 and '017 Patents to encompass one or more photodiodes.

### B.     Effect on Proceedings

In its prior order, the Court held that the '312 and '017 Patents were not infringed as a matter of law on the basis of the Court's construction of the term "unit pixel" to include only a single photodiode. As a result of this construction, the Court also declined to address other arguments raised by the parties.

In light of this Motion for Reconsideration, the Court vacates its prior judgment of non-infringement as to the '312 and '017 Patents. But given that trial in this case is fast approaching, it would be impractical to reintroduce the '312 and '017 Patents into this case.

The Court therefore grants Plaintiffs' co-pending motion to sever the '312 and '017 Patents from this case and consolidate them into case number 2:17-cv-07083-RGK-MRW (the "7083 Action"). Under Rule 21, the Court may "at any time" "sever any claim against a party." Fed. R. Civ. P. 21. Additionally, under Rule 42, the Court may consolidate "actions involving a common question of law or fact" that are pending before the Court. Fed. R. Civ. P. 42. The 7083 Action is substantially related to this action, and

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:17-cv-03221-RGK-MRW | Date | June 26, 2018 |
|---|---|---|---|
| Title | *Zeiss v. Nikon* | | |

is set for jury trial in November 2018. The Court therefore finds it appropriate to sever the '312 and '017 Patents from this action and consolidate them into the 7083 Action. Remaining unresolved claim construction issues pertaining to the '312 and '017 Patents will be addressed in that action.

**IV.     CONCLUSION**

For the foregoing reasons, the Court **GRANTS** Plaintiffs' Motion for Partial Reconsideration (DE 297), and **GRANTS** Plaintiffs' Motion to Sever the '312 and '017 Patents and Consolidate Them Into Case Number 2:17-cv-07083-RGK-MRW (DE 345).

**IT IS SO ORDERED.**

:

Initials of Preparer