Christopher S. Marchese (SBN 170239), marchese@fr.com
FISH & RICHARDSON P.C.
633 West Fifth Street, 26th Floor
Los Angeles, CA 90071
Tel:  (213) 533-4240, Fax:   (858) 678-5099

Frank Scherkenbach (SBN 142549), scherkenbach@fr.com
Kurt L. Glitzenstein (Admitted Pro Hac Vice), glitzenstein@fr.com
FISH & RICHARDSON P.C.
One Marina Park Drive
Boston, MA 02210-1878
Tel:  (617) 542-5070, Fax:   (617) 542-8906

Olga I. May (SBN 232012), omay@fr.com
Markus D. Weyde (SBN 285956), weyde@fr.com
K. Nicole Williams (SBN 291900), nwilliams@fr.com
Jared A. Smith (SBN 306576), jasmith@fr.com
FISH & RICHARDSON P.C.
12390 El Camino Real
San Diego, CA 92130
Tel:  (858) 678-5070, Fax:   (858) 678-5099

*[Additional Counsel listed on last page.]*

Attorneys for Plaintiffs, CARL ZEISS AG and ASML NETHERLANDS B.V.

## IN THE UNITED STATES DISTRICT COURT
### FOR THE CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| CARL ZEISS AG and ASML NETHERLANDS B.V.,<br><br>          Plaintiffs,<br><br>v.<br><br>NIKON CORPORATION, SENDAI NIKON CORPORATION, and NIKON INC.,<br>          Defendants. | Case No. 2:17-cv-03221-RGK (MRWx)<br><br>**PLAINTIFFS' REPLY IN SUPPORT OF MOTION TO REQUIRE DISCLOSURE OF CLAIMS NIKON PLANS TO RAISE AT TRIAL**<br><br>Hearing Date:  July 23, 2018, 9:00 a.m.<br>Courtroom:  850<br>Judge: Hon. R. Gary Klausner |

Plaintiffs Carl Zeiss AG and ASML Netherlands B.V. ("Plaintiffs") offer this short reply in support of their Motion to Require Disclosure of Claims Nikon Plans to Raise at Trial (Doc. No. 430).

Plaintiffs' motion was simple and straightforward. Local Rule 16-2.8 specifically requires that "[e]ach party shall disclose to every other party which of the party's pleaded claims and defenses the party plans to pursue, together with the party's contentions regarding the applicable facts and law." Local Rule 16-2.8. In their motion, Plaintiffs merely asked that this Court order Nikon to comply with this rule and (1) disclose which prior art references Nikon plans to raise at trial, and (2) disclose the basis for Nikon's purported ownership defense. As explained in the motion, Nikon does not contend that it plans to raise all fifteen prior art references at trial, yet Nikon refuses to disclose which of those references it will use. Nikon additionally refuses to provide any legally-sound basis for challenging Plaintiff's ownership of the asserted patents. Plaintiffs must have a fair opportunity to prepare for trial, and must be allowed to know what claims Nikon actually plans to raise at trial and the basis for those claims.

Nikon's response is directed to casting Plaintiffs' in a bad light. For example, Nikon contends that Plaintiffs' motion is "vexatious" simply because this Court decided not to hear the motion on a non-expedited basis. Nikon also provides its oft-repeated characterization of Plaintiffs' acquisition of the patents-in-suit—***all without citing a single case*** suggesting that anything about how Plaintiffs' acquired the patents was improperly or legally ineffective to transfer title. If anything, these arguments demonstrate ***why*** Plaintiffs brought their motion—it is clear from Nikon's filing that Nikon plans to force Plaintiffs to waste time walking through their acquisition of the patents-in-suit where there is no dispute as to ownership, while at the same time trying to use this ownership challenge as a back-door to circumvent this Court's grant of

1
PLAINTIFFS' REPLY IN SUPPORT OF MOTION TO REQUIRE DISCLOSURE
OF CLAIMS NIKON PLANS TO RAISE AT TRIAL
Case No. 2:17-cv-03221-RGK (MRWx)

1  Plaintiffs' motion in limine to exclude prejudicial evidence concerning Plaintiffs''

2  acquisition of the patents.  (*See* D.I. 274; DI. 430-3, at 4:22-5:1.)

3  Nikon appears to make only one legal argument that is relevant to the basis for

4  Plaintiffs' motion—arguing that "the purpose of [Rule 16-2.8] is to prevent the use of

5  claims or defenses not disclosed."  Resp. at 3.  Nikon is only half right.  Plainly, all of

6  Rule 16.2 is designed to allow the parties to prepare for trial and to winnow down the

7  issues that must be presented to a jury.  For example (and as relevant here), Rule 16-

8  2.2 encourages parties to "make every effort to stipulate to facts upon which the parties

9  know or have reason to know there can be no dispute."  Rule 16.2 also requires

10  disclosure of exhibits, witnesses, etc.  And, as pointed out, Rule 16-2.8 requires parties

11  to disclose **which** of the pleaded contentions the parties actually plan to bring to trial.

12  As this Court has recognized, the very point of the rule is a recognition that cases are

13  narrowed for trial, and that every claim or defense plead or disclosed in the discovery

14  process will not end up making it to trial.  *See Lisker v. City of Los Angeles*, No. CV

15  09-09374 AHM AJWX, 2011 WL 3420665, at *2 (C.D. Cal. Aug. 4, 2011)

16  (recognizing that Rule 16-2.8 is designed to winnow claims plead down for trial).

17  General, conclusory allegations—such as identifying a broad swath of 15 potential

18  prior art references or vague "hot potato" ownership challenges—are not sufficient.

19  *See Matrix Int'l Textile, Inc. v. Monopoly Textile, Inc.*, No. CV160084FMOAJWX,

20  2017 WL 2929379, at *2 (C.D. Cal. May 12, 2017) (rejecting a general and

21  "conclusory" disclosure under Rule 16-2.8).

22  As to disclosure of prior art references, Nikon does not dispute that it does not

23  plan to bring fifteen prior art references to trial.  Indeed, Nikon explicitly states that it

24  is "working to narrow down its own case further."  Resp., at 3.  All Plaintiffs' motion

25  asks is that Plaintiffs be kept in the loop so that they have a fair opportunity to prepare

26  for trial.  As to the ownership challenge, Nikon continues to fail to provide any legally-

27  viable claim that Plaintiffs' do not own the patents, nor does Nikon even assert in its

28

2

PLAINTIFFS' REPLY IN SUPPORT OF MOTION TO REQUIRE DISCLOSURE
OF CLAIMS NIKON PLANS TO RAISE AT TRIAL
Case No. 2:17-cv-03221-RGK (MRWx)

motion that Nikon disputes that Plaintiffs own them.  Instead, Nikon asserts that there "could have been an error in assignment."  But this does not count as sufficient disclosure, nor is it any basis for disputing the fact that Plaintiffs do, in fact, own the patents-in-suit.

Therefore, Plaintiffs ask that this Court grant the motion, and require disclosure of claims Nikon intends to pursue at trial and the basis for those claims, as required by the local rules.  Given that trial is next week, Plaintiffs' have waived oral argument (D.I. 443) and respectfully request that the Court consider and decide this motion at its earliest convenience.

PLAINTIFFS' REPLY IN SUPPORT OF MOTION TO REQUIRE DISCLOSURE
OF CLAIMS NIKON PLANS TO RAISE AT TRIAL
Case No. 2:17-cv-03221-RGK (MRWx)

1  Dated:  July 3, 2018          FISH & RICHARDSON P.C.

2
                               By: */s/ Oliver J. Richards*
3

4                                   Christopher S. Marchese (SBN 170239)
                                    marchese@fr.com
5                                   FISH & RICHARDSON P.C.
6                                   633 West Fifth Street, 26th Floor
                                    Los Angeles, CA 90071
7                                   Tel:  (213) 533-4240, Fax: (858) 678-5099
8
9                                   Frank Scherkenbach (SBN 142549)
                                    scherkenbach@fr.com
10                                  Kurt L. Glitzenstein (Admitted Pro Hac Vice)
11                                  glitzenstein@fr.com
                                    FISH & RICHARDSON P.C.
12                                  One Marina Park Drive
13                                  Boston, MA 02210-1878
                                    Tel:  (617) 542-5070, Fax: (617) 542-8906
14
15                                  Olga I. May (SBN 232012)
16                                  omay@fr.com
                                    Markus D. Weyde (SBN 285956)
17                                  weyde@fr.com
18                                  K. Nicole Williams (SBN 291900)
                                    nwilliams@fr.com
19                                  Jared A. Smith (SBN 306576)
20                                  jasmith@fr.com
                                    Oliver J. Richards (SBN 310972)
21                                  orichards@fr.com
22                                  FISH & RICHARDSON P.C.
                                    12390 El Camino Real
23                                  San Diego, CA 92130
24                                  Tel:  (858) 678-5070, Fax:   (858) 678-5099

25
26
27
28
                                    4
PLAINTIFFS' REPLY IN SUPPORT OF MOTION TO REQUIRE DISCLOSURE
OF CLAIMS NIKON PLANS TO RAISE AT TRIAL
Case No. 2:17-cv-03221-RGK (MRWx)

Andrew R. Kopsidas (Admitted Pro Hac Vice)
kopsidas@fr.com
FISH & RICHARDSON P.C.
1000 Maine Avenue, S.W., Ste. 1000
Washington, DC 20024
Tel: (202) 783-5070, Fax: (202) 783-2331

Attorneys for Plaintiffs, CARL ZEISS AG and
ASML NETHERLANDS B.V.

PLAINTIFFS' REPLY IN SUPPORT OF MOTION TO REQUIRE DISCLOSURE
OF CLAIMS NIKON PLANS TO RAISE AT TRIAL
Case No. 2:17-cv-03221-RGK (MRWx)

1

## **CERTIFICATE OF SERVICE**

2
3
4
5
6

The undersigned hereby certifies that a true and correct copy of the above and foregoing document has been served on July 3, 2018, to all counsel of record who are deemed to have consented to electronic service via the Court's CM/ECF system per Civil Local Rule 5.4.  Any other counsel of record will be served by electronic mail, facsimile and/or overnight delivery.

7
8
9

*/s/ Oliver J. Richards*
Oliver J. Richards
orichards@fr.com

10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

6
PLAINTIFFS' REPLY IN SUPPORT OF MOTION TO REQUIRE DISCLOSURE
OF CLAIMS NIKON PLANS TO RAISE AT TRIAL
Case No. 2:17-cv-03221-RGK (MRWx)