Christopher S. Marchese (SBN 170239), marchese@fr.com
FISH & RICHARDSON P.C.
633 West Fifth Street, 26th Floor
Los Angeles, CA 90071
Tel:  (213) 533-4240, Fax:  (858) 678-5099

Frank Scherkenbach (SBN 142549), scherkenbach@fr.com
Kurt L. Glitzenstein (Admitted Pro Hac Vice), glitzenstein@fr.com
FISH & RICHARDSON P.C.
One Marina Park Drive
Boston, MA 02210-1878
Tel:  (617) 542-5070, Fax:  (617) 542-8906

Olga I. May (SBN 232012), omay@fr.com
Markus D. Weyde (SBN 285956), weyde@fr.com
K. Nicole Williams (SBN 291900), nwilliams@fr.com
Jared A. Smith (SBN 306576), jasmith@fr.com
FISH & RICHARDSON P.C.
12390 El Camino Real
San Diego, CA 92130
Tel:  (858) 678-5070, Fax:  (858) 678-5099

*[Additional Counsel listed on last page.]*

Attorneys for Plaintiffs, CARL ZEISS AG and ASML NETHERLANDS B.V.

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| CARL ZEISS AG and ASML NETHERLANDS B.V.,<br><br>Plaintiffs,<br><br>v.<br><br>NIKON CORPORATION and NIKON INC.,<br>Defendants. | Case No. 2:17-cv-03221-RGK (MRWx)<br><br>**PLAINTIFFS' OBJECTIONS TO DEMONSTRATIVE EXHIBITS FOR MS. JULIE DAVIS**<br><br>Trial Date:  July 11, 2018<br>Tim:  9:00 a.m.<br>Courtroom:  850<br>Judge: Hon. R. Gary Klausner |

1    Plaintiffs Carl Zeiss AG and ASML Netherlands B.V. ("Plaintiffs") hereby offer
2 written objections to three demonstrative exhibits that Defendants Nikon Corporation
3 and Nikon, Inc. ("Nikon" or "Defendants") intend to use with their damages expert and
4 to the testimony Plaintiffs anticipate will accompany these demonstratives.
5    Plaintiffs objections are as follows:

**DDX-4.8**



Plaintiffs object to this demonstrative on several grounds.  First, Plaintiffs object to this demonstrative and the testimony that Plaintiffs expect will accompany it as expert opinion that was not previously disclosed.  During negotiations, counsel for Nikon has contended that it plans to argue that Plaintiff's alleged delay in bringing suit relates to the value of the patents.  Ms. Davis's report, though, contains no such opinion, nor has such an opinion ever been disclosed in this litigation up until Thursday evening.  Indeed, the slide contains no citations to anything from Ms. Davis's report (and in fact shows no citations for any of the contentions in the slide).  An expert's report is supposed to provide "a complete statement of all opinions the witness will express and the basis and reasons for them."  Fed. R. Civ. P. 26(a)(2)(B)(1).  Allowing Nikon to present this new expert opinion only disclosed for the first time in the middle of trial will be highly prejudicial to Plaintiffs, and thus this demonstrative and testimony expressing this new theory should be excluded.  *See* Fed. R. Civ. P. 37(c)(1); *see also Yeti by Molly, Ltd. v.*

*Deckers Outdoor Corp.*, 259 F.3d 1101, 1106 (9th Cir. 2001) ("Rule 37(c)(1) gives teeth to [the requirements of Fed. R. Civ. P. 26(a)(2)(C)] by forbidding the use at trial of any information required to be disclosed by Rule 26(a) that is not properly disclosed.")

To the extent that Nikon argues that Ms. Davis's report contains citations to documents showing the transfer of the ownership of the patent, that is not sufficient. Rules 26 requires more than just citation of documents, it requires "**complete**" disclosure of "**all opinions** the witness will express." Fed. R. Civ. P. 26(a)(2). Plainly, citation to documents in various portions of a report does not make an **opinion**, and Nikon cannot be allowed to pick and choose from various data points appearing in different portions of Ms. Davis's report and then construct out of whole cloth a new damages theory in the middle of trial. That a similar slide may have been shown in Nikon's opening demonstratives for an entirely different purpose similarly does not justify using a similar slide to make a new argument constructed for the first time in the middle of trial.

Second, Plaintiffs object to the use of the word "shell" to describe the corporate entity that purchased the patents-in-suit from HP. As this Court already recognized in granting Plaintiffs' motion *in limine* No. 2, this language is inflammatory and likely to unfairly plaintiffs. (*See* D.I. 274, at 7 (Plaintiffs' motion *in limine* number 2) at 7 (asking that the Court preclude "[a]llegations that, in words or in substance, Tarsium is a 'secret' **or 'shell'** corporation …" (emphasis added)); D.I. 480, at 2 ("Plaintiffs' Motion in Limine 2 [239] is granted.")). Describing Tarsium as a "shell" company is also misleading and inaccurate. Nikon has indicated that it will remove the reference to Tarsium as a "shell" company on this slide, but Plaintiffs have not yet seen an updated version of the slide reflecting this change.

Lastly, to the extent that Nikon withdraws this slide but then attempts to elicit testimony on this same subject, Nikon should be precluded from doing so for the same reasons that make the demonstrative exhibit objectionable.

2           Case No. 2:17-cv-03221-RGK (MRWx)

**DDX-4.35**

Plaintiffs additionally object to DDX-4.35, a slide entitled "Plaintiffs Wanted the HP Agreement to Be Secret."  As the Court has already recognized, "statements or suggestions that Tarsium was formed for any improper purpose, **to keep acquisition secret, and/or that the acquisition negotiations were conducted under confidentiality agreements**" have no place in this trial.  (*See* D.I. 274, at 7 (emphasis added); *see also* D.I. 480, at 2 ("Plaintiffs' Motion in Limine 2 [239] is granted."))

Nikon contends that this Court granted Plaintiffs' motion *in limine* No. 2 subject to an exception for reasonable royalties. (*See, e.g.,* D.I. 483, at 1.)  Plaintiffs note, however, that the Court's minute order from the beginning of trial made no such reservation, despite doing so for orders on other motions *in limine.*  (*See* D.I. 480, at 2.) In any event, whether negotiations were conducted under a confidentiality agreement has no relevance to calculating an appropriate reasonable royalty, and allowing such testimony would be highly prejudicial and misleading because it is in fact common practice for parties to negotiate under confidentiality agreements and all of the parties to the negotiations knew of the identify of Plaintiff ASML and its connection to Tarsium, as pointed out in Plaintiffs' original motion.  (*See* D.I. 274, at 8–9 (referencing testimony of Mr. Pressman, attached as Ex. D to that motion).)  Nikon has indicated it will not use this slide, but Plaintiffs have not yet seen an updated slide deck and, regardless of whether Nikon uses such a demonstrative, Plaintiffs object to any testimony that might be elicited to this effect.

**Other Demonstratives**

Lastly, Plaintiffs note that Nikon's originally served demonstrative exhibits for Ms. Davis included additional inflammatory slides that squarely fall within the scope of Plaintiffs' motion in limine number 2.  In negotiations, Nikon indicated that it would withdraw the offending slides, but Plaintiffs have not yet received an updated set of demonstratives with these materials removed.  To the extent that Nikon publishes slides that it previously indicated it would remove, Plaintiffs object to their inclusion.

| | | |
|---|---|---|
| 1 | Dated: July 15, 2018 | FISH & RICHARDSON P.C. |
| 2 | | By: */s/ Christopher S. Marchese* |
| 3 | | Christopher S. Marchese (SBN 170239) |
| | | marchese@fr.com |
| 4 | | FISH & RICHARDSON P.C. |
| 5 | | 633 West Fifth Street, 26th Floor |
| | | Los Angeles, CA 90071 |

Frank Scherkenbach (SBN 142549)
scherkenbach@fr.com
Kurt L. Glitzenstein (Admitted Pro Hac Vice)
glitzenstein@fr.com
FISH & RICHARDSON P.C.
One Marina Park Drive
Boston, MA 02210-1878

Olga I. May (SBN 232012)
omay@fr.com
Markus D. Weyde (SBN 285956)
weyde@fr.com
K. Nicole Williams (SBN 291900)
nwilliams@fr.com
Jared A. Smith (SBN 306576)
jasmith@fr.com
Oliver J. Richards (SBN 310972)
orichards@fr.com
FISH & RICHARDSON P.C.
12390 El Camino Real
San Diego, CA 92130

Andrew R. Kopsidas (Admitted Pro Hac Vice)
kopsidas@fr.com
FISH & RICHARDSON P.C.
1000 Maine Avenue, S.W., Ste. 1000
Washington, DC 20024

Attorneys for Plaintiffs, CARL ZEISS AG and ASML NETHERLANDS B.V.

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the above and foregoing document has been served on July 15, 2018, to all counsel of record who are deemed to have consented to electronic service via the Court's CM/ECF system per Civil Local Rule 5.4. Any other counsel of record will be served by electronic mail, facsimile and/or overnight delivery.

*/s/ Christopher S. Marchese*
Christopher S. Marchese
marchese@fr.com