VINCENT J. BELUSKO (CA SBN 100282)
VBelusko@mofo.com
HECTOR G. GALLEGOS (CA SBN 175137)
HGallegos@mofo.com
JONATHAN M. SMITH (CA SBN 292285)
JonathanSmith@mofo.com
MORRISON & FOERSTER LLP
707 Wilshire Boulevard
Los Angeles, California 90017-3543
Telephone: 213.892.5200
Facsimile: 213.892.5454

JACK W. LONDEN (CA SBN 85776)
JLonden@mofo.com
DIANA B. KRUZE (CA SBN 247605)
DKruze@mofo.com
SHAELYN DAWSON (CA SBN 288278)
Shaelyndawson@mofo.com
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, California 94105-2482
Telephone: 415.268.7000
Facsimile: 415.268.7522

Attorneys for Defendants
NIKON CORPORATION
and NIKON INC.

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### WESTERN DIVISION

| | |
|---|---|
| CARL ZEISS AG and ASML NETHERLANDS, B.V.,<br><br>Plaintiffs,<br><br>v.<br><br>NIKON CORPORATION, SENDAI NIKON CORPORATION, and NIKON INC.,<br><br>Defendants. | Case No. 2:17-cv-03221 RGK (MRWx)<br><br>**DEFENDANTS NIKON CORPORATION AND NIKON INC.'S OBJECTIONS TO DEMONSTRATIVE EXHIBITS FOR DR. JOHN J. P. KELLY**<br><br>Trial Date: July 11, 2018<br>Time: 9:00 a.m.<br>Courtroom: 850, 8th Floor<br><br>Hon. R. Gary Klausner |

Plaintiffs have disclosed several prejudicial and irrelevant demonstrative slides to use with their expert Dr. John Kelly. Many of the subjects and/or opinions disclosed on the slides were **never** disclosed in Dr. Kelly's expert report. Accordingly, Plaintiffs should not be allowed to present the jury with demonstrative exhibits containing references to prejudicial and irrelevant evidence, or references to expert opinions that were never disclosed in any report or at any expert deposition. These slides should therefore be excluded.

### A. PDX 628 – 638[1] Should Be Excluded Because Plaintiffs Failed to Present Evidence on Marking in Their Case-in-Chief and Dr. Kelly Did Not Substantively Opine on Marking in His Expert Report

Plaintiffs bear the affirmative burden of proving compliance with the marking statute, including the burden of proving—at trial—that the unmarked products identified by Nikon during discovery do not practice the asserted patents. *Arctic Cat Inc. v. Bombardier Rec. Prods.*, 876 F.3d 1350, 1367 (Fed. Cir. 2017) ("the burden of proving compliance with marking is and *at all times* remains on the patentee") (emphasis added).[2] Plaintiffs failed to carry that burden because they failed to put on any evidence for marking issues during their case-in-chief. All of their demonstrative exhibits regarding marking (PDX 628-630) should therefore be excluded as improper and irrelevant.

Several of Plaintiffs' marking slides are also improper for a number of additional reasons. PDX 629 and 636 refer to the HP products that practice the

---

[1] All slides referenced in these objections are attached as Exhibit A.

[2] As found by the Court, Nikon has already met the "low bar" of its burden of production. (ECF No. 249 at 17-18.) (In its Order for Partial Summary Judgment, explaining "Defendants additionally identified that HP is licensed to sell products practicing the '792 and '167 Patents via a licensing agreement which Defendants allege does not require HP to mark the patented products. **This is sufficient to meet Defendants' burden of production** because Defendants articulated "specific unmarked products" which they believe practice the patents. *Arctic Cat,* 876 F.3d at 1368 (explaining that the alleged infringer's burden of production is a "low bar.").

'792 and '167 Patents as "discontinued HP cameras [and tablet]." But whether HP discontinued production and sale of its cameras and tablets is irrelevant to the marking analysis. There is no exception in 35 U.S.C. § 287 for products that are no longer being sold. These irrelevant statements will only serve to improperly mislead the jury regarding marking requirements. PDX 629 and 636 should be excluded under FRE 402 and 403.

PDX 630-632 are improper because they attempt to shift Plaintiffs' burden on marking to Nikon. PDX 630 argues that "Nikon provided analysis only for claims 1 and 28." PDX 631 and 632 assert that there is "no evidence" that certain limitations are present in the HP products. But Nikon need not provide analysis on *any* claims, nor is Nikon required to present any evidence that the HP products practice the asserted patents' claims. "The burden of proving compliance with marking is and at all times remains on the patentee." *Arctic Cat*, 876 F.3d at 1367. Thus, *Plaintiffs*, not Nikon, must adduce sufficient evidence at trial to affirmatively prove that the HP products *do not* practice any of the '792 and '167 Patents' claims. The assertions in PDX 630-632 imply otherwise, and are therefore improper, prejudicial, and contrary to well-established law. The slides should be excluded under FRE 402 and 403.

PDX 630, 633, 634, 638 each contains expert opinions regarding marking that were never properly disclosed during discovery. PDX 630, 633, and 634 include references to claims 23 and 27 of the '792 Patent. But Dr. Kelly failed to disclose any opinions with respect to those claims in his report or at his deposition. PDX 634 asserts that "'There are no printing images' is not user error." Dr. Kelly never disclosed this opinion in his report or at his deposition. PDX 638 argues that the "digital camera" and "sensing activation of viewfinder display" limitations are not found in the HP tablet. But again, Dr. Kelly never properly disclosed these theories in his report or at his deposition. These slides should therefore be excluded under Rules 26 and 37(c)(1); *See Yeti by Molly, Ltd. v. Deckers Outdoor Corp.*, 259

F.3d 1101, 1106 (9th Cir. 2001).

### B. PDX 602 Improperly Instructs the Jury on the Burden of Proof

Plaintiffs' PDX 602 improperly usurps the Court's role of instructing the jury on the applicable law and burden of proof.  PDX 602 references a statute and includes a depiction of the "clear and convincing evidence" burden of proof on scales of justice.  This reference and depiction improperly instruct the jury on the applicable law and are prejudicial to Nikon.

### C. PDX 605 and PDX 608 Improperly Include Expert Opinions Never Disclosed Previously

PDX 605 and PDX 608 improperly reference expert opinions that Dr. Kelly never disclosed in his report or at his deposition.  For example, PDX 608 asserts that "Toyofuku does not describe how the warning regarding zero frames is provided."  An expert's report must provide "a complete statement of all opinions the witness will express and the basis and reasons for them."  Fed. R. Civ. P. 26(a)(2)(B)(1).  Nikon will be highly prejudiced if Plaintiffs are allowed to present at trial these never-disclosed expert opinions.  The slides should therefore be excluded.  Fed. R. Civ. P. 37(c)(1); *Yeti by Molly*, 259 F.3d at 1106.

### D. PDX 625 and 627 Make Irrelevant and Misleading Assertions About Non-Infringing Alternatives

PDX 625 and 627 should be excluded because they make irrelevant assertions about the requirements for non-infringing alternatives.  In PDX 625, Plaintiffs assert that Nikon's proposed design-around is not a true design-around because "flashing and static arrows would still convey an error message."  But "flashing and static arrows" is not accused of infringement in this case, and Dr. Kelly never disclosed any such opinions in his report.  The statement is therefore irrelevant and misleading.  In PDX 627, Plaintiffs assert that the non-infringing alternative "[w]ould remove the benefit of the invention."  This is also irrelevant and misleading because "benefit of invention" is not a legal requirement for a non-

infringing alternative.  Accordingly, PDX 625 and 627 should be excluded under FRE 402 and 403.

## CONCLUSION

For the foregoing reasons, Nikon requests that the above-mentioned demonstrative slides be excluded.

Dated:  July 17, 2018           Respectfully submitted,

JACK LONDEN
VINCENT J. BELUSKO
MORRISON & FOERSTER LLP

By: /s/ *Vincent J. Belusko*
Vincent J. Belusko

Attorneys for Defendants
NIKON CORPORATION;
SENDAI NIKON CORPORATION;
AND NIKON INC.