1  Christopher S. Marchese (SBN 170239), marchese@fr.com
2  FISH & RICHARDSON P.C.
   633 West Fifth Street, 26th Floor
3  Los Angeles, CA 90071
   Tel:  (213) 533-4240, Fax:   (858) 678-5099
4

5  Frank Scherkenbach (SBN 142549), scherkenbach@fr.com
   Kurt L. Glitzenstein (Admitted Pro Hac Vice), glitzenstein@fr.com
6  FISH & RICHARDSON P.C.
7  One Marina Park Drive
   Boston, MA 02210-1878
8  Tel:  (617) 542-5070, Fax:   (617) 542-8906

9
   Olga I. May (SBN 232012), omay@fr.com
10 Markus D. Weyde (SBN 285956), weyde@fr.com
11 K. Nicole Williams (SBN 291900), nwilliams@fr.com
   Jared A. Smith (SBN 306576), jasmith@fr.com
12 FISH & RICHARDSON P.C.
13 12390 El Camino Real
   San Diego, CA 92130
14 Tel:  (858) 678-5070, Fax:   (858) 678-5099

15
   *[Additional Counsel listed on last page.]*
16
   Attorneys for Plaintiffs, CARL ZEISS AG and ASML NETHERLANDS B.V.
17

18              IN THE UNITED STATES DISTRICT COURT
19    FOR THE CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

20 | CARL ZEISS AG and ASML | Case No. 2:17-cv-03221-RGK (MRWx)
21 | NETHERLANDS B.V., |
22 |            Plaintiffs, | **PLAINTIFFS' RESPONSE TO NIKON'S OBJECTIONS TO**
23 | v. | **PLAINTIFFS' REBUTTAL MARKING EVIDENCE FOR JULY 17,2018**
24 | NIKON CORPORATION and NIKON |
25 | INC., | Trial Date:  July 11, 2018, Time:  9:00 a.m.
26 |            Defendants. | Courtroom:  850
   | | Judge: Hon. R. Gary Klausner
27
28

1    Nikon's objections are based on a gross misreading of the controlling case on

2    this issue, *Arctic Cat Inc. v. Bombardier Recreational Prod. Inc.*, 876 F.3d 1350, 1366

3    (Fed. Cir. 2017).   The *Arctic Cat* case was not about who had ultimate burden of

4    persuasion as to compliance with the requirements of the marking statute—there is

5    and was no dispute about that issue, as Federal Circuit law had long established that

6    "[t]he patentee bears the burden of pleading and proving he complied with § 287(a)'s

7    marking requirement."  *Arctic Cat*, 876 F.3d at 1366 (citing and *Maxwell v. J. Baker,*

8    *Inc.*, 86 F.3d 1098, 1111 (Fed. Cir. 1996) and *Dunlap v. Schofield*, 152 U.S. 244, 248

9    (1894)); *see also Arctic Cat*, 876 F.3d at 1367 (noting that there was "no dispute that

10   the patentee bears the burden of pleading and proving he complied with § 287(a)").

11   Rather, the question in *Arctic Cat* was **when** that burden would fall onto the

12   patent owner.  Before *Arctic Cat*, "there was a split among the district courts regarding

13   which party must initially identify the products which it believes the patentee failed

14   to mark."  *Arctic Cat*, 876 F.3d at 1367.   Some district courts had held that a defendant

15   bears an initial burden of production to identify the products it believes should have

16   been marked, and other district courts had required the patent owner to prove that none

17   of its unmarked products practice the patents in suit.  *See id.* at 1367–68.   The Federal

18   Circuit resolved this split, and stated the holding of the case as follows: "We hold an

19   alleged infringer who challenges the patentee's compliance with § 287 bears an initial

20   burden of production to articulate the products it believes are unmarked 'patented

21   articles' subject to § 287."  *Id.* at 1368.   As the Federal Circuit explained, requiring

22   the patent owner to prove compliance with the marking statute before an alleged

23   infringer had identified which products it believes should have been marked made

24   little sense because the "universe of products for which [a patent owner] would have

25   to establish compliance would be unbounded."  *Id.*   Thus, only "[o]nce the alleged

26   infringer meets its burden of production" does "the patentee bear[] the burden to prove

27   the products identified do not practice the patented invention."  *Id.*

28

PLAINTIFFS' RESPONSE TO NIKON'S OBJECTIONS TO PLAINTIFFS'
REBUTTAL MARKING EVIDENCE FOR JULY 17, 2018
Case No. 2:17-cv-03221-RGK (MRWx)

1    Nikon has this exactly backwards.  Nikon contends that Plaintiffs should have

2  been required to prove compliance with the marking statute ***before*** Nikon identified

3  any products it contends should have been marked at trial.  This is directly contrary to

4  the holding of *Arctic Cat*, which (as quoted above) explains that a patent owner's

5  burden of persuasion to prove compliance with marking only applies to those products

6  for which an alleged infringer has met a burden of production.  *Arctic Cat*, 876 F.3d

7  at 1368.  At the time of plaintiffs' case in chief, Nikon had not yet met its burden of

8  production at trial.  Thus, the burden of persuasion had not yet shifted to Plaintiffs to

9  demonstrate compliance with the statute.  Only when (and if) Nikon does meet this

10 burden, do the Plaintiffs have a burden of persuasion.  Although Nikon has yet to

11 present evidence at trial about marking, Plaintiffs anticipate that Nikon will present

12 some evidence today.  Thus, Plaintiffs plan to address whatever products Nikon

13 identifies in its case, and prove that each of those products do not practice the claimed

14 inventions and thus do not need to be marked in its rebuttal case.  Contrary to Nikon's

15 argument, this is exactly how *Arctic Cat* says this should work.

16    To the extent that Nikon will argue that it met its burden of production before

17 trial by identifying products in the expert report of its technical expert Dr. Goodin,

18 Nikon is mistaken.  Nikon confuses its burden in terms of discovery with their

19 evidentiary burden at trial.  As an initial matter, expert reports are not evidence at trial,

20 and thus opinions offered in an expert report cannot satisfy Nikon's burden to identify

21 products that it believes should have been marked at trial.  *See Commer. Ventures,*

22 *Inc. v. Scottsdale Ins. Co.*, No. CV 15-08359-BRO (PJWx), 2017 U.S. Dist. LEXIS

23 154830, at *6-7 (C.D. Cal. Mar. 23, 2017) ("Generally, expert reports are inadmissible

24 hearsay.").  Moreover, just because this Court found that Nikon had met its burden of

25 production sufficiently to be able to raise this issue with the jury does not discharge

26 their burden of actually presenting the issue to the jury.  Nikon still has to meet its

27 burden of production at trial, regardless of whether it produced information in

28

PLAINTIFFS' RESPONSE TO NIKON'S OBJECTIONS TO PLAINTIFFS'
REBUTTAL MARKING EVIDENCE FOR JULY 17, 2018
Case No. 2:17-cv-03221-RGK (MRWx)

1    discovery, as the burden of production refers to a shifting burden the allocation of

2    which depends on ***where in the process of trial the issue arises***.”  *See, e.g., Tech.*

3    *Licensing Corp. v. Videotek, Inc.*, 545 F.3d 1316, 1327 (Fed. Cir. 2008); *see also*

4    *Dynamic Drinkware, LLC v. Nat'l Graphics, Inc.*, 800 F.3d 1375, 1378–79 (Fed. Cir.

5    2015) (same).  Indeed, in the controlling case on the marking issue, the Federal Circuit

6    didn't focus on documents or things produced during discovery (which may or may

7    not be evidence), it referred to actual evidence “***[a]t trial***.”  *See Arctic Cat*, 876 F.3d

8    at 1368 (noting that “[a]t trial BRP introduced the licensing agreement between Honda

9    and Arctic Cat …”).

10       To the extent that Nikon argues it discharged its burden by mentioning marking

11   during its opening statement, it too is mistaken.  A burden of production is “[a] party's

12   duty to introduce enough evidence on an issue to have the issue decided by the fact-

13   finder, rather than decided against the party in a peremptory ruling such as a summary

14   judgment or a directed verdict.”  *Phigenix, Inc. v. Immunogen, Inc.*, 845 F.3d 1168,

15   1172 n. 3 (Fed. Cir. 2017).  Opening statements are not evidence, and thus whatever

16   is said is in opening cannot satisfy Nikon's burden of production.

17       However, even if this Court has any concerns about this issue, the Court should

18   allow Plaintiffs to put on their marking case and allow marking to go to the jury.

19   Doing so doing so would be in the best interests of judicial efficiency.  The issue

20   Nikon raises is purely legal, and the Court can always resolve it on post-trial motions

21   or even following an appeal.  To do as Nikon suggests, that is to prevent Plaintiffs

22   from putting forward evidence of compliance with the marking statute while we have

23   the jury here, would be a decision that cannot be undone later without a new trial.

24   Moreover, allowing Plaintiffs to put on their marking case would be in the best

25   interests of justice.  As noted above, Nikon is making an argument that is certainly not

26   explicitly provided for in *Arctic Cat*, and thus Plaintiffs should not be prevented from

27

28

PLAINTIFFS' RESPONSE TO NIKON'S OBJECTIONS TO PLAINTIFFS'
REBUTTAL MARKING EVIDENCE FOR JULY 17, 2018
Case No. 2:17-cv-03221-RGK (MRWx)

1 presenting evidence on an important issue in this case based on a novel and unproven

2 theory. "District courts have broad discretion in deciding the order in which evidence

3 may be presented at trial." *United States v. Koon*, 34 F.3d 1416, 1429 (9th Cir. 1994),

4 *aff'd in part, rev'd in part*, 518 U.S. 81, 116 S. Ct. 2035, 135 L. Ed. 2d 392 (1996).

5 Thus, even if this Court agrees with Nikon, it should nonetheless exercise its discretion

6 and allow Plaintiffs to present their marking case.

7     For the reasons stated above, Nikon's objections should be overruled, and the

8 Court should allow Plaintiffs to present their case on marking.

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Dated:  July 17, 2018             FISH & RICHARDSON P.C.

By:  */s/ Christopher S. Marchese*

Christopher S. Marchese (SBN 170239)
marchese@fr.com
FISH & RICHARDSON P.C.
633 West Fifth Street, 26th Floor
Los Angeles, CA 90071
Tel:  (213) 533-4240, Fax: (858) 678-5099

Frank Scherkenbach (SBN 142549)
scherkenbach@fr.com
Kurt L. Glitzenstein (Admitted Pro Hac Vice)
glitzenstein@fr.com
FISH & RICHARDSON P.C.
One Marina Park Drive
Boston, MA 02210-1878
Tel:  (617) 542-5070, Fax: (617) 542-8906

Olga I. May (SBN 232012)
omay@fr.com
Markus D. Weyde (SBN 285956)
weyde@fr.com
K. Nicole Williams (SBN 291900)
nwilliams@fr.com
Jared A. Smith (SBN 306576)
jasmith@fr.com
Oliver J. Richards (SBN 310972)
orichards@fr.com
FISH & RICHARDSON P.C.
12390 El Camino Real
San Diego, CA 92130
Tel:  (858) 678-5070, Fax:  (858) 678-5099

PLAINTIFFS' RESPONSE TO NIKON'S OBJECTIONS TO PLAINTIFFS'
REBUTTAL MARKING EVIDENCE FOR JULY 17, 2018
Case No. 2:17-cv-03221-RGK (MRWx)

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Andrew R. Kopsidas (Admitted Pro Hac Vice)
kopsidas@fr.com
FISH & RICHARDSON P.C.
1000 Maine Avenue, S.W., Ste. 1000
Washington, DC 20024
Tel:  (202) 783-5070, Fax: (202) 783-2331

Attorneys for Plaintiffs, CARL ZEISS AG and
ASML NETHERLANDS B.V.

6

PLAINTIFFS' RESPONSE TO NIKON'S OBJECTIONS TO PLAINTIFFS'
REBUTTAL MARKING EVIDENCE FOR JULY 17, 2018
Case No. 2:17-cv-03221-RGK (MRWx)

1

## **CERTIFICATE OF SERVICE**

2    The undersigned hereby certifies that a true and correct copy of the above and

3  foregoing document has been served on July 17, 2018, to all counsel of record who

4  are deemed to have consented to electronic service via the Court's CM/ECF system

5  per Civil Local Rule 5.4.  Any other counsel of record will be served by electronic

6  mail, facsimile and/or overnight delivery.

7

8                                    */s/Christopher S. Marchese*
                                    Christopher S. Marchese
9                                    marchese@fr.com

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

PLAINTIFFS' RESPONSE TO NIKON'S OBJECTIONS TO PLAINTIFFS'
REBUTTAL MARKING EVIDENCE FOR JULY 17, 2018
Case No. 2:17-cv-03221-RGK (MRWx)