Christopher S. Marchese (SBN 170239), marchese@fr.com
FISH & RICHARDSON P.C.
633 West Fifth Street, 26th Floor
Los Angeles, CA 90071
Tel:  (213) 533-4240, Fax:  (858) 678-5099

Frank Scherkenbach (SBN 142549), scherkenbach@fr.com
Kurt L. Glitzenstein (Admitted Pro Hac Vice), glitzenstein@fr.com
FISH & RICHARDSON P.C.
One Marina Park Drive
Boston, MA 02210-1878
Tel:  (617) 542-5070, Fax:  (617) 542-8906

Olga I. May (SBN 232012), omay@fr.com
Markus D. Weyde (SBN 285956), weyde@fr.com
K. Nicole Williams (SBN 291900), nwilliams@fr.com
Jared A. Smith (SBN 306576), jasmith@fr.com
FISH & RICHARDSON P.C.
12390 El Camino Real
San Diego, CA 92130
Tel:  (858) 678-5070, Fax:  (858) 678-5099

*[Additional Counsel listed on last page.]*

Attorneys for Plaintiffs, CARL ZEISS AG and ASML NETHERLANDS B.V.

IN THE UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| CARL ZEISS AG and ASML NETHERLANDS B.V., <br><br> Plaintiffs, <br><br> v. <br><br> NIKON CORPORATION and NIKON INC., <br><br> Defendants. | Case No. 2:17-cv-03221-RGK (MRWx) <br><br> **PLAINTIFFS' OBJECTIONS TO DEFENDANTS' APPLICATION TO TAX COSTS** <br><br> Judge: Hon. R. Gary Klausner <br> Magistrate Judge: Hon. Michael R. Wilner |

# TABLE OF CONTENTS

Page(s)

I. INTRODUCTION ........................................................................................... 1

II. OBJECTIONS ................................................................................................. 1

    A. Reporter's Transcripts ............................................................................ 3

    B. Depositions ............................................................................................. 6

    C. Interpreter's/ Translator's Fees .............................................................. 9

    D. Certification, Exemplification and Reproduction of Documents ......... 9

    E. Other Costs ............................................................................................. 9

III. CONCLUSION .............................................................................................. 12

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Affymetrix, Inc. v. Multilyte Ltd.*,
   No. C 03-03779 WHA, 2005 WL 2072113 (N.D. Cal. Aug. 26, 2005) .................................. 4, 5

*Andresen v. Int'l Paper Co.*,
   No. 2:13-CV-02079, 2015 WL 3648972 (C.D. Cal. June 10, 2015) ..................................... 3, 6

*Atl. Inertial Sys. Inc. v. Condor Pac. Indus. of Cal., Inc.*,
   Case No. 2:08-02947-JHN-FMO, 2012 WL 12878308 (C.D. Cal. Jan. 19, 2012) ........................ 3

*Avila v. Los Angeles Police Dep't*,
   CV 11-01326, 2012 WL 12896199 (C.D. Cal. Sep. 12, 2012) .............................................. 4, 9

*Dowd v. City of Los Angeles*,
   28 F. Supp. 3d 1019 (C.D. Cal. 2014) ................................................................................ 5

*Envosys LLC v. AT&T Mobility LLC*,
   Case No. CV 11-521 SS, 2016 WL 7430618 (C.D. Cal. June 16, 2016) ............................. 10, 12

*Gunchik v. Fed. Ins. Co.*,
   CV 14-1162 .................................................................................................................... 3

*Kalitta Air L.L.C. v. Central Texas Airborne System Inc.*,
   741 F.3d 955 (9th Cir. 2013) .......................................................................................... 10

*Kaneka Corp. v. SKC Kolon PI, Inc.*,
   Case No. EDCV 11-3397 JGB, 2017 WL 6343537 (C.D. Cal. Dec. 8, 2017) ............................ 3

*Manildra Milling Corp. v. Ogilvie Mills, Inc.*,
   76 F.3d 1178 (Fed. Cir. 2006) ...................................................................................... 3, 4

*Maxwell v. Hapag-Lloyd Aktiengesellschaft, Hamburg*,
   862 F.2d 767 (9th Cir. 1988) ........................................................................................ 10

*Romero v. City of Pomona*,
   883 F.2d 1418 (9th Cir. 1989), *overruled in non-pertinent part by Townsend v. Holman Consulting Corp.*, 914 F.2d 1136 (9th Cir. 1990) (en banc) .................................. 10, 12

**Statutes**

28 U.S.C. §1920 ..................................................................................................................... 1, 5

**Other Authorities**

Court's "Bill of Costs Handbook." ................................................................................ 1

Federal Rule of Civil Procedure 54(d) ........................................................................ 1

L.R. 54-2 ...................................................................................................................... 1

L.R. 54-3.5(a) ..................................................................................................... 6, 7, 8, 9

Local Rule 54-3(b)(1) .................................................................................................. 4

Local Rule 54-3.4 ......................................................................................................... 3

Local Rule 54-3.12 ............................................................................................. 1, 9, 10

Local Rule 54.3-10 ....................................................................................................... 9

Local Rules 54-3.1 ....................................................................................................... 1

Carl Zeiss AG ("Zeiss") and ASML Netherlands B.V. ("ASML") (collectively "Plaintiffs"), through their counsel, submit the following Objections to Nikon Corporation and Nikon Inc.'s ("Nikon") Application to Tax Costs.

## I. INTRODUCTION

Nikon seeks to recover $191,494.90 in costs from Plaintiffs, which fall into five categories: (1) reporter's transcripts; (2) depositions; (3) interpreter's and translator's fees; (4) certification, exemplification and reproduction of documents; and (5) "other costs." However, each category contains costs that are not allowed by law. In total, Nikon's Application includes $148,202.79 that are not recoverable. Plaintiffs object to these costs and request that the Court deduct that amount from Nikon's Application.

## II. OBJECTIONS

Federal Rule of Civil Procedure 54(d) allows the prevailing party to recover its costs. Those costs are limited by statute (28 U.S.C. §1920) and the local rules of each court. The Civil Local Rules in the Central District of California ("Local Rules") list 13 categories of recoverable costs. *See* Local Rules 54-3.1 to 54-3.13. These Local Rules are further supplemented by this Court's "Bill of Costs Handbook." L.R. 54-2. Any costs outside those categories cannot be recovered. Furthermore, the Local Rules require a court order to allow certain costs. *See* Local Rule 54-3.12. Nikon has not identified any applicable court order, so any such costs must be denied.

Here, Nikon requests thousands of dollars in costs that do not fall within 28 U.S.C. § 1920, the Local Rules, or the Bill of Costs Handbook. The following table summarizes those costs and Plaintiffs' objections. The sections below the table explain Plaintiffs' objections in detail and why the objected-to costs are not recoverable by Nikon.

1

PLAINTIFFS' OBJECTIONS TO DEFENDANTS' APPLICATION TO TAX COSTS
Case No. 2:17-cv-03221-RGK (MRWx)

| Category | Requested Amount | Contested Cost | Contested Amount |
|---|---|---|---|
| Reporter's transcripts | $6,205.50 | **Transcripts and Daily Service** Nikon includes costs for hearing and trial transcripts and daily service, but these are not allowed unless requested by the Court or prepared pursuant to stipulation. Neither applies here. | $6,205.50 |
| Depositions | $59,863.47 | **Rough Draft Transcripts** Nikon includes costs for rough draft transcripts, but such costs are not recoverable. **Expedited Transcripts** For certain witnesses, Nikon does not provide receipts showing the actual costs for non-expedited transcripts. Instead, Nikon attached costs for expedited transcripts and only estimated what non-expedited transcripts would cost, without provide any basis for the estimates. | $25,053.29 |
| Interpreter's and translator's fees | $6,000.00 | **Translator's Fees** Nikon included costs for three days of translation fees, but its interpreter only appeared for half of one day of trial testimony. | $4,000.00 |
| Certification, exemplification and reproduction of documents | $23,725.93 | **E-discovery Costs** Nikon includes e-discovery costs related to the production of documents in certain formats.  The Local Rules do not allow taxation for these costs. | $17,244.00 |

| Category | Requested Amount | Contested Cost | Contested Amount |
|---|---|---|---|
| Other costs | $95,700.00 | **Visual Aids** Nikon includes costs for visual aids used at trial. The Local Rules do not allow taxation of these costs without court order. Nikon also improperly includes costs related to intellectual effort involved in the creation of the substantive content of the visual aids. Such costs are not recoverable. | $95,700.00 |
| **Total** | **$191,494.90** |  | **$148,202.79** |

### A.     Reporter's Transcripts

The Court should deny Nikon's request to tax costs for hearing and trial transcripts and daily service because those transcripts were not requested by the Court or provided pursuant to stipulation. Civil Local Rule 54-3.4 provides that such costs may only be taxed "if requested by the Court or prepared pursuant to stipulation." *See Andresen v. Int'l Paper Co.*, No. 2:13-CV-02079, 2015 WL 3648972, at *6-*7 (C.D. Cal. June 10, 2015) ("Generally, daily trial transcript costs should not be awarded absent court approval prior to trial."); *Kaneka Corp. v. SKC Kolon PI, Inc.*, Case No. EDCV 11-3397 JGB (RZx), 2017 WL 6343537, at *16 (C.D. Cal. Dec. 8, 2017) (denying costs for transcripts where "the Court did not request a transcript, nor were the transcripts prepared pursuant to stipulation"); *Gunchik v. Fed. Ins. Co.*, CV 14-1162 RSWL (PJWx), 2015 WL 4451041, at *2 (C.D. Cal. July 17, 2015) (denying costs for transcripts where not stipulated to or requested by the Court); *Atl. Inertial Sys. Inc. v. Condor Pac. Indus. of Cal., Inc.*, Case No. 2:08-02947-JHN-FMO, 2012 WL 12878308, at *2 (C.D. Cal. Jan. 19, 2012) (denying costs for transcripts where the Court did not order them and where they were purchased for "convenience"); *see also Manildra Milling Corp. v. Ogilvie Mills, Inc.*, 76 F.3d 1178, 1184 (Fed. Cir. 2006)

("Generally, daily trial transcript costs should not be awarded absent court approval prior to the trial.").

Nothing in the Local Rules or the costs statute allows Nikon to recover daily transcript costs. The Court did not request transcripts or daily service, and the parties did not enter into a stipulation regarding transcript costs. Although the parties agreed via email to split costs for transcripts, the parties ***did not agree or stipulate*** that the prevailing party would be entitled to recover its part of those split costs. This Court's decision in *Imaginal Systematic, LLC v. Leggett & Platt, Inc.* is dispositive. Case No. CV 10-07416-RGK (SSx), 2012 WL 12884905, at *1-*2 (C.D. Cal. July 27, 2012). There (as here) the parties had agreed to split costs via email. The Court found the email agreement insufficient for an award of transcript costs because the email was neither a stipulation ("stipulations are recognized as binding only when made in open court, on the record at a deposition, or when filed in the proceeding") nor "an arrangement [] considered [to be] an agreement to share in the costs." *Id.* (citing L.R. 7-1). Thus, any assertion by Nikon that it is entitled to costs for trial transcripts—regardless of the parties' agreement to split them—should be rejected.

The cases Nikon cites do not change the outcome. *Affymetrix* is from the Northern District of California, and is thus inapposite. As this Court has repeatedly explained, "how other courts outside of this District handle their allocation of costs is irrelevant." *See Avila v. Los Angeles Police Dep't*, CV 11-01326, 2012 WL 12896199, at *3 (C.D. Cal. Sep. 12, 2012) (denying request for costs for transcripts where "Plaintiff fail[ed] to contend either that the Court requested such transcripts, or that they were prepared pursuant to a stipulation"). In any event, the Northern District Local Rules are different from the rules here, permitting taxation for "the cost of transcripts necessarily obtained for an appeal," whereas this District's Local Rules contain no such provision. Northern District of California Local Rule 54-3(b)(1). The district court in *Affymetrix* relied on this distinction, and awarded costs for transcripts

4
PLAINTIFFS' OBJECTIONS TO DEFENDANTS' APPLICATION TO TAX COSTS
Case No. 2:17-cv-03221-RGK (MRWx)

where the case was "contentiously litigated," and transcripts were required because "both parties found it necessary to obtain the transcripts for appeal." *Affymetrix, Inc. v. Multilyte Ltd.*, No. C 03-03779 WHA, 2005 WL 2072113, at *2 (N.D. Cal. Aug. 26, 2005).  Here, the Local Rules do not provide any basis for receiving costs for transcripts necessarily obtained for appeal, and they should thus be excluded from Nikon's Application.

The *Dowd* case cited by Nikon is also readily distinguishable.  In *Dowd*, this Court noted the general rule discussed above ("Generally, daily trial transcript costs should not be awarded absent court approval prior to the trial") but "overlooked" the failure to seek prior approval because of the complexity of the case and because "transcripts proved invaluable to both the counsel and the court." *Dowd v. City of Los Angeles*, 28 F. Supp. 3d 1019, 1049 (C.D. Cal. 2014).  Notably, the Court cited a specific reason why the transcripts were necessary, namely, because it had "required the parties in this case to cite to specific pieces of testimony when making evidentiary objections and arguing the proposed jury instructions." *See id.*  Thus, the Court required the parties to use the daily transcripts in order to resolve objections and to conform the jury instructions with the evidence presented. *See id.*  Here, Nikon makes no such assertion other than its conclusory statement that the parties benefitted from the use of transcripts.  That is insufficient.  The rules are not predicated on whether the parties find transcripts helpful—rather, costs (in the absence of a stipulation or Court order) are allowable only where "necessarily obtained for use in the case," as the Court found in *Dowd*.  28 U.S.C. § 1920; *see also Dowd*, 28 F. Supp. 3d at 1049 (noting that the transcripts "proved critical to the court's management of the litigation" (internal quotation marks omitted)).  To hold otherwise would allow the exception to swallow the rule.

1  In short, Nikon's request for costs related to transcripts should be denied. Plaintiffs object to Nikon's inclusion of $6,205.50 for transcripts and request that this amount be deducted from Nikon's Application.

### B.  Depositions

Plaintiffs object to two categories of deposition costs that are improperly included in Nikon's Application: (1) costs for rough transcript copies ($13,605.04); and (2) estimated deposition transcript costs that may include fees related to expedited copies ($11,448.25). Neither of these categories of costs is taxable, and Plaintiffs therefore request deduction of $25,053.29 from Nikon's Application.

First, Plaintiffs object to Nikon's inclusion of rough draft transcripts. The Local Rules allow taxation only for "the original and one copy of the transcription," and thus exclude costs for additional rough draft copies that a party may selectively purchase as a form of expedited copy. L.R. 54-3.5(a); *Andresen v. Int'l Paper Co.*, No. 2:13-cv-02079-CAS(AJWx), 2015 WL 3648972, at *8 (C.D. Cal. June 10, 2015) (denying costs for rough draft deposition transcripts).

Plaintiffs thus object to the following costs that Nikon paid to acquire rough draft deposition transcripts:

| Witness | Rough Transcript Cost |
|---|---|
| Mark Butterworth | $262.50 |
| Julie Davis | $570.00 |
| Jerry Drube | $95.00 |
| Irfan Essa | $546.25 |
| Richard Goodin | $501.25 |
| Maki Hashimoto | $533.33 |
| Lorin Hitt | $452.50 |
| Michael Kaschke | $363.00 |
| Nobuyuki Kato | $533.33 |
| Akihiko Kawai | $533.33 |
| John Kelly (1) | $240.00 |
| John Kelly (2) | $159.00 |
| Naoki Kitaoka | $533.33 |

6
PLAINTIFFS' OBJECTIONS TO DEFENDANTS' APPLICATION TO TAX COSTS
Case No. 2:17-cv-03221-RGK (MRWx)

| | |
|---|---|
| Stuart Kleinfelder | $348.75 |
| Yukio Kubota | $533.33 |
| David Lee | $156.25 |
| Gregory McBride | $262.50 |
| DeForest McDuff | $403.00 |
| Nobuyuki Muraishi | $533.33 |
| Dermot Murphy | $255.00 |
| Akio Nishizama | $533.33 |
| Kazunari Orii | $533.33 |
| Robert Pressman (1) | $360.00 |
| Robert Pressman (2) | $343.00 |
| Toru Shima (1) | $533.33 |
| Toru Shima (2) | $533.33 |
| Gaku Shimura | $533.33 |
| Wolfgang Singer (1) | $276.00 |
| Wolfgang Singer (2) | $404.00 |
| Vivek Subramanian (1) | $167.00 |
| Vivek Subramanian (2) | $153.00 |
| Nobuki Takahashi | $533.33 |
| Bryan Vannatter | $323.75 |
| Katsutoshi Watanabe | $533.33 |
| **Total** | **$13,605.04** |

*See* Nikon's Schedule B at 15-17. It was improper to include these costs (totaling $13,605.04), and thus they should not be awarded to Nikon.

Second, Nikon's requests for deposition transcript costs are improper for some witnesses because the submitted receipts only show costs for expedited transcripts, and Nikon admittedly can provide only an estimate of what the cost should be for non-expedited copies. *See* Schedule B at 17. Consequently, the costs estimated by Nikon for non-expedited transcripts may include inappropriate costs for expedited transcripts. The Local Rules only allow costs, however, for "non-expedited transcripts." L.R. 54-3.5(a). Moreover, Nikon bears the burden to prove its costs, and its estimates do not meet that burden. *See* Central District Bill of Costs Handbook at 1: "Documentation of the ***actual expenses***—such as copies of receipts, returned

checks, bills, and court orders—must be attached as exhibits to the application." *Id.* Thus, Nikon's attempt to reduce the transcript costs by some *pro-rata* estimation for expedited and corrected transcripts is improper because it does not prove the actual expenses required by the Court's Bill of Costs Handbook.

Nikon's Declaration submitted in support of the Bill of Costs does not provide any justification or explanation for the estimates provided. Without more detail, the Court cannot tax costs because the costs claimed are not definite. Plaintiffs thus object to the deposition transcript costs of the following witnesses:

| Witness | Expedited Transcript Cost | Estimated and Claimed Cost | Objectionable Amount |
|---|---|---|---|
| Julie Davis | $2,280.00 | $1,413.60 | $1,413.60 |
| Jerry Drube | $722.67 | $166.21 | $166.21 |
| Irfan Essa | $2,185.00 | $1,354.70 | $1,354.70 |
| Richard Goodin | $2,245.60 | $1,243.10 | $1,243.10 |
| Michael Kaschke | $2,649.90 | $609.48 | $609.48 |
| John Kelly Vol. 1 | $1,800.00 | $414.00 | $414.00 |
| John Kelly Vol. 2 | $1,192.50 | $274.25 | $274.25 |
| Stuart Kleinfelder | $1,395.00 | $864.90 | $864.90 |
| DeForest McDuff | $2,659.80 | $632.40 | $632.40 |
| Dermot Murphy | $1,142.40 | $632.40 | $632.40 |
| Robert Pressman (1) | $2,678.52 | $616.06 | $616.06 |
| Robert Pressman (2) | $2,579.07 | $593.19 | $593.19 |
| Wolfgang Singer (1) | $2,088.45 | $480.35 | $480.35 |
| Wolfgang Singer (2) | $3,016.20 | $693.73 | $693.73 |
| Vivek Subramanian (1) | $1,419.50 | $326.48 | $326.48 |
| Vivek Subramanian (2) | $1,300.50 | $299.50 | $299.50 |
| Bryan Vannatter | $1,554.00 | $833.90 | $833.90 |
| **Total** | | **$11,448.25** | **$11,448.25** |

*See* Nikon's Schedule B at 15-17. These costs of $11,448.25 should be deducted from the amount requested in Nikon's Application.

8
PLAINTIFFS' OBJECTIONS TO DEFENDANTS' APPLICATION TO TAX COSTS
Case No. 2:17-cv-03221-RGK (MRWx)

### C.  Interpreter's/ Translator's Fees

Plaintiffs object in part to Nikon's request for $6,000 for interpreter's fees. Nikon's receipt indicates that translator fees were incurred for three days of interpretation at trial, but Nikon's witnesses that required an interpreter all testified on the same day, so there is no reason that Nikon should be entitled to costs for three days of interpreter fees.  *See* Nikon's Schedule C at 74.  The receipt also indicates that the interpreter charged for "standby time."  *Id.*  Plaintiffs should not have to pay for interpreter "standby time," because those expenses were squarely within Nikon's control to avoid, and Nikon should bear that cost.  As such, Plaintiffs object to two days of interpreter fees included in Nikon's Application, and request a deduction of $4,000 from the Application ($2,000/day for two days).

### D.  Certification, Exemplification and Reproduction of Documents

Plaintiffs object to Nikon's request for $17,244.00 of alleged costs related to e-discovery and the costs associated with making virtual copies for production.  Local Rule 54.3-10—under which Nikon makes its request—provides no basis for awarding costs related to the expenses of conducting e-discovery.  Thus, these costs should be excluded from Nikon's Application.

### E.  Other Costs

Plaintiffs object to the entirety of Nikon's request for "other costs" of $95,700.00 for visual aids (demonstratives and graphics) used at trial.  As Nikon admits, *see* Dawson Decl., ¶ 23, these costs may not be awarded except "upon court order."  L.R. 54-3.12; *see also* Central District of California Bill of Costs Handbook at 2.  There is no court order providing costs for visual aids used at trial, so this request should be denied, and the entire $95,700.00 should be deducted from Nikon's Application.

Nikon's reliance on cases from other districts in which courts have allowed such costs is misplaced.  *See Avila*, 2012 WL 12896199, at *3 (stating that "how other

9
PLAINTIFFS' OBJECTIONS TO DEFENDANTS' APPLICATION TO TAX COSTS
Case No. 2:17-cv-03221-RGK (MRWx)

1  courts outside of this District handle their allocation of costs is irrelevant to the present
2  matter"). Moreover, the Ninth Circuit cases that Nikon cites originated in other
3  districts. *See Maxwell v. Hapag-Lloyd Aktiengesellschaft, Hamburg*, 862 F.2d 767
4  (9th Cir. 1988) (originating in the District of Oregon); *Kalitta Air L.L.C. v. Central
5  Texas Airborne System Inc.*, 741 F.3d 955 (9th Cir. 2013) (originating in the Northern
6  District of California). Nikon's cases provide no authority for this Court to depart
7  from the plain text of the Local Rules requiring a court order to approve costs for
8  visual aids. L.R. 54-3.12; Bill of Costs Handbook at 2.

9        In addition to being improper under the Local Rules, Nikon's request includes
10 non-taxable costs for intellectual effort in developing the visual aids. *See Romero v.
11 City of Pomona*, 883 F.2d 1418, 1428 (9th Cir. 1989) (originating from the Central
12 District of California), *overruled in non-pertinent part by Townsend v. Holman
13 Consulting Corp.*, 914 F.2d 1136, 1141 (9th Cir. 1990) (en banc). Taxation of costs
14 for visual aids may be permitted only upon court order, and only for "the physical
15 preparation and duplication of documents, not the intellectual effort involved in their
16 preparation." *Id.* The *Envosys* case Nikon cites similarly limits recovery to "work
17 on production" of visual aids while excluding costs for "creation of the visual aids'
18 substantive content." *Envosys LLC v. AT&T Mobility LLC¸* Case No. CV 11-521 SS,
19 2016 WL 7430618, at *8 (C.D. Cal. June 16, 2016).

20       Here, Nikon requested costs for **both** "Development" and "Production" of
21 visual aids. *See* Nikon's Schedule F at 121. Nikon's receipts confirm that it requested
22 costs for both the "physical preparation of documents," as well as the "intellectual
23 effort" involved with "development" of such visual aids. *See Romero*, 883 F.2d at
24 1428. As seen in Nikon's receipts, Nikon has included nearly every instance of such
25 "graphic development and production" in its Application, which is improper. *See*
26 Nikon's Schedule F at 122-131. Some of that time necessarily includes intellectual
27 effort involved with the creation of visual aids.

28

10
PLAINTIFFS' OBJECTIONS TO DEFENDANTS' APPLICATION TO TAX COSTS
Case No. 2:17-cv-03221-RGK (MRWx)

This point is further underscored by the costs that Nikon removed from these invoices. In the June invoice (Schedule F at 123-26) Nikon has only excluded $7,480 from the invoice, leaving $65,175 of costs purportedly "specifically attributable to the production of diagrams." *See* Dawson Decl., ¶ 24. The invoice includes hundreds of third party hours spent over the course of a month, and does not exclude any significant amount of time when intellectual efforts would have been expended. It is not credible that nearly every hour of this vendor's hundreds of hours billed over the course of the month leading up to trial was strictly dedicated to the production of visual aids, and did not involve intellectual efforts or collaboration to generate the substantive content created therein. It cannot be the case that Nikon's third-party vendor could have expended hundreds of hours and resources simply "producing" visual aids without any collaboration with counsel or "intellectual effort." Thus, Nikon has failed to differentiate intellectual efforts from production of visual aids for the June invoice, and these total costs for this month necessarily and improperly include costs that the Ninth Circuit has specifically excluded.

Nikon's July invoice (Schedule F at 127-131) fares no better. Although it excludes substantially more costs, the costs excluded are unrelated to development and production of visual aids. Nikon excludes on-site support, flights to and from trial, trial preparation, project management, meals, and hotel costs. *See* Nikon's Schedule F at pp. 127-131. After the exclusions, Nikon still charged for the development and production of visual aids, thus including intellectual effort that went into substantive material for the visual aids.

Nikon contends that it expended over $190,000 in trial graphics consulting charges, but that is misleading. *See* Dawson Decl., ¶ 24. As discussed above, much of the costs included costs for travel, lodging, meals, and on-site support (which is essentially trial attendance). Thus, of the costs actually related to developing and generating demonstratives, Nikon has essentially sought to capture all of them. In

11
PLAINTIFFS' OBJECTIONS TO DEFENDANTS' APPLICATION TO TAX COSTS
Case No. 2:17-cv-03221-RGK (MRWx)

*Romero*, the Ninth Circuit excluded costs for third parties "who assembled, analyzed and distilled the data incorporated into [the] trial exhibits." *Romero*, 883 F.2d at 1427. It cannot genuinely be disputed that a large part of the time Nikon seeks to capture was spent analyzing and distilling the data incorporated into the visual aids used at trial, and should similarly be excluded. *Id.*

Nikon has failed to show that any of the costs requested were solely for graphics generation, or that the time spent did not include intellectual efforts to generate substantive content. *See Romero*, 883 F.2d at 1428; *Envosys*, 2016 WL 7430618, at *8. Nikon's failure to differentiate development from production costs fatally infects all the costs for visual aids that Nikon asks the Court to tax. Accordingly, Plaintiffs object to the entirety of Nikon's request to tax costs for visual aids and request deduction of the full $95,700.00 from Nikon's Application.

## III. CONCLUSION

Overall, Nikon includes $148,202.79 in costs that are not recoverable. The Court should deny Nikon those costs and deduct that amount from Nikon's Application.

| | | |
|---|---|---|
| 1 | Dated:  August 10, 2018 | FISH & RICHARDSON P.C. |
| 2 | | |
| 3 | | By: */s/Christopher S. Marchese* |
| 4 | | Christopher S. Marchese (SBN 170239) |
| 5 | | marchese@fr.com |
|   | | FISH & RICHARDSON P.C. |
| 6 | | 633 West Fifth Street, 26th Floor |
| 7 | | Los Angeles, CA 90071 |
|   | | Tel:  (213) 533-4240, Fax: (858) 678-5099 |
| 8 | | |
| 9 | | Frank Scherkenbach (SBN 142549) |
|   | | scherkenbach@fr.com |
| 10 | | Kurt L. Glitzenstein (Admitted Pro Hac Vice) |
| 11 | | glitzenstein@fr.com |
|    | | FISH & RICHARDSON P.C. |
| 12 | | One Marina Park Drive |
| 13 | | Boston, MA 02210-1878 |
|    | | Tel:  (617) 542-5070, Fax: (617) 542-8906 |
| 14 | | |
| 15 | | Olga I. May (SBN 232012) |
| 16 | | omay@fr.com |
|    | | Markus D. Weyde (SBN 285956) |
| 17 | | weyde@fr.com |
| 18 | | K. Nicole Williams (SBN 291900) |
|    | | nwilliams@fr.com |
| 19 | | Jared A. Smith (SBN 306576) |
| 20 | | jasmith@fr.com |
|    | | Oliver J. Richards (SBN 310972) |
| 21 | | orichards@fr.com |
| 22 | | FISH & RICHARDSON P.C. |
|    | | 12390 El Camino Real |
| 23 | | San Diego, CA 92130 |
| 24 | | Tel:  (858) 678-5070, Fax:   (858) 678-5099 |

13

PLAINTIFFS' OBJECTIONS TO DEFENDANTS' APPLICATION TO TAX COSTS
Case No. 2:17-cv-03221-RGK (MRWx)

Andrew R. Kopsidas (Admitted Pro Hac Vice)
kopsidas@fr.com
FISH & RICHARDSON P.C.
1000 Maine Avenue, S.W., Ste. 1000
Washington, DC 20024
Tel: (202) 783-5070, Fax: (202) 783-2331

Attorneys for Plaintiffs, CARL ZEISS AG and ASML NETHERLANDS B.V.

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of the above and foregoing document has been served on August 10, 2018, to all counsel of record who are deemed to have consented to electronic service via the Court's CM/ECF system per Civil Local Rule 5.4. Any other counsel of record will be served by electronic mail, facsimile and/or overnight delivery.

*/s/Christopher S. Marchese*
Christopher S. Marchese
marchese@fr.com

15
PLAINTIFFS' OBJECTIONS TO DEFENDANTS' APPLICATION TO TAX COSTS
Case No. 2:17-cv-03221-RGK (MRWx)